IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES GIBSON, | ) | |
| | ) | Case No. 19 CV 4152 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Ellis |
| v. | ) | |
| | ) | Magistrate Judge Weisman |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MOSER'S AND CITY OF CHICAGO'S
PARTIAL MOTION TO DISMISS**

Defendant William Moser, through his attorneys Hale & Monico LLC, respectfully moves to partially dismiss Plaintiff James Gibson's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant City of Chicago, though its attorneys Reiter Burns LLP, respectfully joins Defendant Moser's motion to dismiss. In support, Defendant Moser and Defendant City state:

**INTRODUCTION**

In December 1989, Plaintiff was arrested for a double homicide and subsequently convicted in October 1991. In 2019, the conviction was reversed and charges dismissed. Plaintiff now brings this lawsuit against any police officer involved in the initial investigation, regardless of their role and whether they are actually accused of fabricating evidence that was used against him in the criminal prosecution. All of Plaintiff's claims are directed against all of the defendants, whether or not there are factual allegations or legal theories to support such accusations. To that end, Defendant Moser moves to

1

dismiss the claims against him that have no sound legal basis, including counts based on misconduct that Defendant Moser is not alleged to have been a participant.[1]

## FACTS AS ALLEGED IN COMPLAINT

In order to avoid redundancy and to promote judicial economy, Defendant Moser adopts and incorporates the Facts as Alleged in the Complaint[2] recited in <u>Defendant Leja's Motion to Dismiss</u> as though fully stated forth in this motion.

## LEGAL STANDARD

To overcome a Rule 12(b)(6) motion, "a complaint must state a claim to relief that is plausible on its face." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014); *also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). While courts accept the complaint's factual allegations as true and draws all permissible inferences in the plaintiff's favor, *id.*, the plaintiff "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under [Rule] 8." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). Legal conclusions and conclusory allegations are not entitled to this presumption of truth and the remaining factual allegations "must be enough to raise a right to relief above the speculative level." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

---

[1] Defendant Moser moves to dismiss Counts IV, V, VI, VII, VIII, IX, XII, and XIII in their entirety and Counts I, II, III, and XI in part. Defendant City moves to dismiss Counts X (*Monell*), XIV (*Respondeat Superior*), and XV (Indemnification) to the extent these counts are dependent on any underlying claim against Defendant Moser that is dismissed.
[2] For purposes of this Rule 12(b)(6) Motion only, Defendant Moser relies on Plaintiff's well-pleaded allegations as the facts of the case.

**ARGUMENT**

**I. Defendant Moser cannot face liability for Plaintiff's "Coerced Confession" claim (Count I) to the extent the claim is premised on the physical abuse.**

In Count I, Plaintiff attempts to bring a "Coerced Confession" claim under 42 U.S.C. § 1983, claiming violations of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. *Complaint* at ¶¶ 113-123. Defendant Moser acknowledges that Plaintiff has pled sufficient factual allegations to state a claim against Defendant Moser based on the Fifth and Fourteenth Amendments for allegedly having "fed" Plaintiff an untrue story to repeat to the Assistant State's Attorney.[3] *Complaint* at ¶ 39. However, no other theory of liability against Defendant Moser is legally sufficient and should be dismissed with prejudice.

    *1. <u>There is no First, Fourth, Sixth, or Eighth Amendment protection against a "coerced confession."</u>*

As an initial matter, "coerced confession" claims are only valid under the Fifth and Fourteenth Amendments – not the First, Fourth, Sixth, or Eighth – as the Fifth is the only Amendment that prohibits a person from being compelled to testify against himself, *i.e.* a coerced statement. U.S. Const. amend. V; *Napolitano v. Ward*, 457 F.2d 279, 282-83 (7th Cir. 1972). In addition, a plaintiff may bring a Fourteenth Amendment substantive due process claim based on police misconduct that results in a confession. *Chavez v. Martinez*, 538 U.S. 760, 773 (2003) (plurality opinion). To the extent Plaintiff makes a "coerced confession" claim under any Amendments other than the Fifth and Fourteenth, the claims should be dismissed with prejudice.

---

[3] Defendant Moser adamantly denies the allegations but recognizes that, for the purposes of a Rule 12(b)(6) motion to dismiss, the Court must accept the accusations as true, no matter how false.

2. *Plaintiff's "coerced confession" claim cannot be premised on the alleged physical abuse.*

To bring a Fifth Amendment claim, a plaintiff must plead not only that a statement was coerced but that it was subsequently used against them in a criminal proceeding. *Chavez*, 538 U.S. at 773. This claim is distinct from a claim of physical abuse. A claim of excessive force or – in Plaintiff's allegations – "torture" is only actionable under the Fourth Amendment, and such a claim accrues the instant that unreasonable force is used. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010). In Illinois, there is a two-year statute of limitation for § 1983 claims of excessive force, even when the allegation is police torture. *Wallace v. Kato*, 549 U.S. 384 (2007); *Wrice v. Burge*, 187 F.Supp.3d 939, 953 (N.D.Ill. 2015) (claim of "torture and physical abuse" under Fourth Amendment subject to dismissal as untimely when filed outside of two-year statute of limitations) *see also Chavez*, 538 U.S. at 773 n.5 ("police torture or other abuse" do not run afoul of the Fifth Amendment and such claims are instead analyzed under the Fourth or Fourteenth Amendments). In his Complaint, Plaintiff claims that officers O'Mara, Collins, Maslanka, Paladino, Ptak, and Byrne were physically abusive, including burning Plaintiff with a clothes iron; these allegations are completely devoid of any accusation that Defendant Moser was personally involved in the misconduct. *Complaint* at ¶¶ 30, 33, and 34. Putting aside the lack of any personal involvement by Defendant Moser, these allegations are legally insufficient to state a Fifth Amendment claim and, to the extent Plaintiff makes a claim under the Fourth or Fourteenth Amendment, such a claim is untimely. *Wrice*, 187 F.Supp.3d at 953. In other words, Plaintiff has no viable § 1983 claim based on the physical abuse occurring in

4

December 1989 and any claim should be dismissed with prejudice regardless of the legal theory.

## II. Defendant Moser cannot face liability for Plaintiff's "Due Process" claim (Count III) on the basis of the alleged use of physical force against Johnson.

In Count III of his Complaint, Plaintiff asserts a claim under the "Due Process Clause" of the Fourteenth Amendment, claiming that Defendant Officers "deliberately withheld exculpatory evidence, as well as fabricated false reports and other evidence[.]" *Complaint* at ¶¶ 131-138. Plaintiff fails to identify in this claim what evidence that Officer Moser, or any of the other Defendant Officers, is accused of withholding or fabricating. Plaintiff also fails to explain under which Due Process theory any of these alleged instances of misconduct fall. Putting that aside, to the extent that Plaintiff alleges there was "withheld exculpatory evidence," the claim falls under *Brady v Maryland*, 373 U.S. 83 (1963), which requires the disclosure of all exculpatory evidence to a criminal defendant. By contrast, fabricated evidence is a violation of due process when it "is later used to deprive the [criminal] defendant of [their] liberty in some way." *Bianchi v. McQueen*, 818 F.3d 309, 319 (7th Cir. 2016).

The fabrication of evidence or withholding of exculpatory evidence that Plaintiff alleges in the Complaint falls into only three possible categories: (1) the circumstances surrounding alleged abuse of Plaintiff and his statement; (2) Johnson's allegedly false statement and physical abuse; and (3) the statements by Webb, Carla Smith, and Janice Johnson. Defendant Moser acknowledges that Plaintiff has pled sufficient factual allegations for this claim as to the allegedly fabricated statements of Johnson, Webb, Smith, and Janice Johnson; however, Defendant Moser cannot face liability for alleged physical abuse of Plaintiff or Johnson, or Plaintiff's allegedly coerced statement.

5

A. <u>The alleged physical abuse of Plaintiff and his false statement cannot form the basis of a "Due Process" violation.</u>

Count III is vague and broad enough to potentially include an allegation that Defendant Moser could be liable for concealing or withholding the circumstances surrounding Plaintiff's physical abuse and false statement. To the extent Plaintiff brings a "Due Process" claim on that theory of liability, it fails as a matter of law and should be dismissed with prejudice.

*Brady* requires the production of all exculpatory evidence that us *unknown* to the criminal defendant. 373 U.S. 83(1963); *Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007); *Walden v. City of Chicago*, 755 F.Supp.2d 942 (N.D.Ill. 2010). Plaintiff was present for his alleged torture and false statement. It is well-settled that "the police were under no *Brady* obligation to tell [Plaintiff] again that they coerced [him] into confessing." *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1029; *Walden*, 755 F.Supp.2d at 950-51. Indeed, a coerced confession alone can never constitute a *Brady* claim because a plaintiff is aware of his own confessional and that knowledge cannot be "suppressed." *Wallace v. City of Chicago*, 440 F.3d 421, 429-30 (7th Cir. 2006). In addition, Defendant Moser is not accused of having been part of the group that used improper physical force against Plaintiff. As such, no "Due Process" claim based on Plaintiff's own physical abuse or false statement can survive this motion to dismiss.

B. <u>Plaintiff cannot bring a "Due Process" claim premised on the physical abuse of Johnson.</u>

To the extent Plaintiff attempts to assert a "Due Process" violation based on the physical force used against Johnson, such a claim not legally sound. Constitutional rights belong to the individual whose rights have been violated and Plaintiff lacks standing to assert an unreasonable use of force claim on behalf of Johnson. *E.g. Powers v. Ohio*, 499

6

U.S. 400, 410 (1991) ("[A] litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.").[4] In other words, Plaintiff cannot base a claim of his constitutional rights on a theory that Johnson was physically abused. Additionally, Plaintiff fails to establish that Defendant Moser was personally involved in the physical abuse. *Complaint* at ¶¶ 48-51. As a consequence, Defendant Moser cannot face civil liability for the alleged physical force used against Johnson in December 1989.

In addition, Plaintiff fails to provide sufficient factual allegations that Johnson's statement was used to deprive him of a liberty interest: he does not claim that it was used at a pre-trial judicial hearing or during his trial. The only allegation on this issue is a conclusory one, *complaint* at ¶ 74, which is not entitled to a presumption of truth and is not enough to meet Plaintiff's burden. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (legal conclusions and conclusory allegations not entitled to presumption of truth and should be excised). To that end, Plaintiff failed to provide sufficient factual allegations to show that Johnson's "fabricated" statement was used to deprive Plaintiff of a recognized liberty interest and, as a result, Plaintiff's "Due Process" claim should be dismissed with prejudice.

### III. Plaintiff's "False Imprisonment" claim (Count VI) is untimely and should be dismissed with prejudice.

Plaintiff's Count IV purports to be a "false imprisonment" claim under Section 1983 for "false imprisonment for thirty (30) years" in violation of his constitutional rights. *Complaint* at ¶¶139-144. This claim is untimely.

---

[4] Although there is a limited exception, Plaintiff has not made any factual allegations to support a showing that he meets all three required prongs: that he suffered an "injury in fact;" there is a close relationship to the third party; and the third party's ability to protect their interest is hindered. *Powers*, 499 U.S. at 410-11. Moreover, any claim based on the use of force against Johnson is untimely. *Wrice*, 187 F.Supp.3d at 953.

The Fourth Amendment prohibits all pre-trial detention based on fabricated evidence. *Manuel v. City of Joliet*, 137 S.Ct. 911 (2017) ("*Manuel I*"). The Seventh Circuit determined that a Fourth Amendment pre-trial unreasonable detention claim accrues when the individual is released from pre-trial custody. *Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018) ("*Manuel II*"). In so holding, the Seventh Circuit squarely rejected the notion that such a claim accrues when the criminal charges were dismissed or the criminal defendant was found not guilty. *Id.* at 669. This was adamantly clarified in *Mitchell v. City of Elgin* as "a Fourth Amendment claim for unlawful pretrial detention accrues when the detention ends, not when the prosecution ends." 912 F.3d 1012, 1015 (7th Cir. 2019) (describing *Manuel II*'s holding). That is because "there is no such thing as a constitutional right not to be prosecuted without probable cause." *Manuel II*, 903 F.3d at 670. These cases have firmly established the constitutional principles that the Fourth Amendment prohibits unreasonable pre-trial detention based on false evidence while the Fourteenth Amendment prohibits a conviction based on fabricated evidence. *Knox v. Curtis*, 771 Fed.Appx. 656 (7th Cir. 2019). In other words, an individual's Fourth Amendment claim premised on fabricated evidence accrues when the person is released from custody or **when he was convicted**. *Id.* at *658. And, under this standard, Plaintiff's Fourth Amendment claim should be dismissed as untimely.

It cannot be reasonably argued that Plaintiff can bring a claim for his detention from December 27 through 30, 1989. Any Fourth Amendment claim accrued when he was released from custody on December 30, 1989 and any lawsuit must have been initiated within two years. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). Likewise, under *Manuel II*, as explained by *Knox*, any Fourth Amendment claim Plaintiff may have had from the date of his arrest (December 31, 1989) until his conviction (October 8, 1991) accrued on

8

the date he was convicted. *Knox*, 771 Fed.Appx. at 658. To that end, he had until October 8, 1993 to initiate a lawsuit based on that pre-trial detention. *Id.*; *see also Mayo v. LaSalle County*, No. 18 CV 1342, 2019 WL 3202809 (N.D.Ill. July 15, 2019) (Tharp, J.). Since Plaintiff did not initiate this present litigation until 2019, his Fourth Amendment claims are untimely.

### IV. Plaintiff's "Equal Protection" claim (Count V) should be dismissed for failing to be supported by sufficient factual allegations.

The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It "most typically reaches state action that treats a person poorly because of the persons' race or other suspect classification, such as sex, national origin, religion, political affiliation, among others, or because the person has exercised a 'fundamental right.'" *Abcarian v. McDonald*, 617 F.3d 931, 938 (7th Cir. 2010). To establish a prima facie case of discrimination under the Equal Protection Clause, the plaintiff must show that "he is a member of a protected class, and that he was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). He must also allege that the defendant was "motivated by a discriminatory purpose." *Chavez v. Ill. State Police*, 251 F.3d 612, 635-36 (7th Cir. 2001). While courts must take factual allegations as true when weighing a motion to dismiss, that presumption of truth does not extend to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* Here, Plaintiff does nothing more than simply recite the elements of an Equal Protection claim

without provided any factual allegations to support it. *Complaint* at ¶¶ 146-147. As such, the Equal Protection claim should be dismissed.

**V. Plaintiff's "Right to Counsel" claim (Count VI) should be dismissed with prejudice.**

In Count XI, Plaintiff asserts that his "right to counsel" was violated. *Complaint* at ¶¶ 153-158. It is black letter law that the Sixth Amendment's right to counsel does not attach until "at or after the initiation of adversary criminal proceedings – whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *United States v. Stadfeld*, 689 F.3d 705, 711 (7th Cir. 2012) (citation and quotation marks omitted); *see also Rothgery v. Gillespie Cnty., Rex.*, 554 U.S. 191, 213 (2008). This extends to pre-indictment interviews with law enforcement, *United States v. Thomas*, 39 F.Supp.3d 1015, 1021-22 (N.D.Ill. 2014), and pre-indictment lineups. *United States v. Larkin*, 978 F.2d 964, 969 (7th Cir. 1992); *US ex rel Wilson v. Peters*, 60 F.Supp.2d 777 (N.D.Ill. 1999); *Jerricks v. Bresnahan*, 880 F.Supp. 521 (N.D.Ill. 1995). There are no allegations of misconduct occurring subsequent to Plaintiff's arrest, other than allegedly perjured testimony (which cannot form the basis of civil liability). *E.g. Rehberg v. Paulk*, 556 U.S. 356, 369 (2012); *Briscoe v. LaHue*, 460 U.S. 325, 341-45 (1983); *Curtis v. Membenek*, 48 F.3d 281, 285 (7th Cir. 1995); *also Jurgensen v. Haslinger*, 295 Ill.App.3d 139 (1998) (absolute immunity against civil liability under Illinois law). Or, in other words, the misconduct occurred prior to the initiation of Plaintiff's criminal proceedings. To that end, Plaintiff's "right to counsel" claim lacks any factual or legal merit and should be dismissed with prejudice.

**VI. Plaintiff's "Denial of Access to the Courts" claim (Count IX) should be dismissed.**

The First and Fourteenth Amendments provide an individual with a right to pursue legal redress for claims which have a reasonable basis in law and fact. *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995). To prove a violation of this right, a plaintiff must show (1) that a state action frustrated his efforts to pursue a non-frivolous claim and (2) he suffered an actual, concrete injury as a result. *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). A denial of access to the courts arises only where an alleged cover-up is to some extent successful. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000) ("[A]n attempt to cover up police wrongdoing which succeeded only briefly in hiding the facts from the plaintiffs, and which ultimately neither prevented the plaintiffs from pursing relief nor reduced the value of their claim, was not actionable under Section 1983."). Here, Plaintiff merely asserts the conclusory statement that he has been deprived of "certain constitutional claims against certain potential defendants" but fails to identify which claims and which Defendants. *Complaint* at ¶ 178. A similar situation occurred in *Hobbs v. Cappelluti*, 899 F.Supp.2d 738 (N.D.Ill. 2012). In *Hobbs*, an exonerated prisoner failed to identify how his ability to bring the present lawsuit was deprived or diminished by officers involved in the investigation that led to his conviction. *Id.* at 775. As a consequence, the plaintiff's denial of access to the courts claim was dismissed. *Id.* So too here does Plaintiff fail to identify the concrete injury with any specificity. More than that, other than the conclusory Paragraph 178 – which is not entitled to the presumption of truth – Plaintiff did not assert that any of the defendants were involved in any denial of access to the courts. Accordingly, the Court should dismiss this claim with prejudice.

### VII. Plaintiff's "Failure to Intervene" claim (Count II) should be partially dismissed as to Defendant Moser.

Although Section 1983 has a personal involvement requirement, an individual can be held liable for a failure to act to prevent misconduct. *E.g. Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). However, this exception is limited and requires a plaintiff show that the defendant (1) had knowledge of the misconduct and (2) had a realistic opportunity to prevent the misconduct. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). In Count II, Plaintiff claims that all defendants knew of the physical violence inflicted upon him and failed to prevent it. This conclusory statement is not supported by any factual allegations. Additionally, such a claim is subject to the same two-year statute of limitations as the excessive force claim and it untimely. *Wallace*, 549 U.S. at 387-88.

Even if not time-barred, there are no allegations sufficient to establish that Defendant Moser knew of the physical force being used against Plaintiff and that he was in a position to have a realistic opportunity to prevent it. On the contrary, the only officers alleged to have been present during Plaintiff's physical abuse were Collins, O'Mara, Maslanka, Paladino, Caesar, McCann, Ptak, and Byrne. *Complaint* at ¶¶ 33, 34. Thus, Plaintiff cannot maintain a failure to intervene claim against an officer, such as Moser, who wasn't present and the claim should be dismissed with prejudice.

Plaintiff also cannot pursue a failure to intervene claim against Defendant Moser based on accusations of misconduct that Defendant Moser is alleged to have personally committed. *E.g. Yang*, 37 F.3d at 285 (failure to intervene theory viable only if defendants fails to prevent *another* officer from committing misconduct). Given that Plaintiff asserts Defendant Moser was personally involved in the fabrication statements, Plaintiff cannot

12

bring a failure to intervene claim against Defendant Moser for the alleged false statements of Plaintiff, Johnson, Carla Smith, Janice Johnson, or Webb.

Similarly, Plaintiff cannot bring a failure to intervene claim if the underlying constitutional violation is not viable. *See Fillmore v. Page*, 358 F.3d 496, 505-06 (7th Cir. 2004); *Harper v. Albert*, 400 F.3d 1052, 1066 n.18 (7th Cir. 2005). Accordingly, should the Court dismiss any of Plaintiff's § 1983 claims, any corresponding failure to intervene claim so likewise be dismissed.

### VIII. Plaintiff's "Intentional Infliction of Emotional Distress" (IIED) claim (Count XIII) should be dismissed with prejudice.

Illinois law mandates that any claims brought against public employees must be initiated within one year of the date the claim accrued. 745 ILCS 10/8-101(a); *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006); *Wrice*, 187 F.Supp.3d at 957; *Taylor v. City of Chicago*, 80 F.Supp.3d 817, 828 (N.D.Ill. 2015). It is firmly established that "a claim of intentional infliction of emotional distress in the course of arrest and prosecution accrues on the date of the arrest." *Bridewell v. Eberle*, 730 F.3d 672, 678 (7th Cie. 2013); *Evans*, 434 F.3d at 934; *Grayson v. City of Aurora*, 157 F.Supp.3d 725, 747 (N.D.Ill. 2016). Any notion that IIED is a "continuing tort" that "accrues anew every day" of an allegedly wrongful imprisonment, even if the conviction is eventually overturned, has been flatly rejected. *Bridewell*, 730 F.3d at 678; *Wrice*, 187 F.Supp.3d at 957; *Taylor*, 80 F.Supp.3d at 828.

Any allegations based upon Defendant Moser's actions from December 27, 1989 through December 31, 1989 are untimely as the claim must have been brought within one year. § 10/8-101. Plaintiff did not bring his claim until 2019, far beyond this period. In addition, Plaintiff cannot base any claim on Defendant Moser's testimony during the

13

criminal trial or the TIRC hearing, as absolute immunity covers all witnesses who testify during a court proceeding. *E.g. Rehberg v. Paulk*, 556 U.S. 356, 369 (2012); *Briscoe v. LaHue*, 460 U.S. 325, 341-45 (1983); *Curtis v. Membenek*, 48 F.3d 281, 285 (7th Cir. 1995); *also Jurgensen v. Haslinger*, 295 Ill.App.3d 139 (1998) (absolute immunity against civil liability under Illinois law). As such, the claim is untimely and should be dismissed with prejudice.

### IX. Plaintiff's "Conspiracy" claims (Counts VII, VIII, and XII) are solely based on conclusory statements that do not rise the claims above the speculative level and each claim should be dismissed.

Federal Rule of Civil Procedure 8 requires that a plaintiff give "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to meet this standard, the plaintiff must have well-pleaded, nonconclusory factual allegations that "give rise to a plausible suggestion of conspiracy." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). However, even before *Twombly* and *Iqbal*, "conspiracy allegations were often held to a higher standard than other allegations; mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her was not enough." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

Here, Plaintiff makes assertions that all of the defendants entered into a conspiracy to torture him and that they took actions in furtherance of the conspiracy. *Complaint* at ¶¶ 29, 160-76. These statements are nothing more than a formulaic recitation of the elements of a conspiracy claim, which are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681. Removing the conclusory statements leaves the complaint absent of any factual support that would raise the conspiracy accusations above a "speculative level." *Twombly*,

14

550 U.S. at 555. In other words, Plaintiff merely relies on a suspicion that everyone adverse to him was part of a wide-ranging conspiracy to frame him – a speculation devoid of realistic support. *Cooney*, 583 F.3d at 971. For that reason, all three of Plaintiff's conspiracy claims fail as all three lack sufficient factual support and all three (Counts VII, VIII, and XII) should be dismissed.

### X. Plaintiff cannot bring a § 1983 claim based on a failure to investigate theory of liability.

Throughout his Complaint, Plaintiff includes assertions that attack the investigation conducted by the defendant officers, specifically that the investigation into Fernando Webb was inadequate. *See, e.g. Complaint* at ¶ 63. To the extent Plaintiff seeks to assert a § 1983 claim premised on the investigation, such a claim would be without merit as civilians do not have a constitutional right to have police investigate their case, much less to any particular level of satisfaction. *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189 (1989); *Rossi v. City of Chicago*, 790 F.3d 729 (7th Cir. 2015).

### XI. Defendant Moser has absolute immunity for any court testimony.

As discussed above, Plaintiff cannot maintain any § 1983 claim or a claim under Illinois that is based on Defendant Moser's testimony in the criminal prosecution or during the TIRC evidentiary hearing. *E.g. Rehberg*, 556 U.S. at 369; *Briscoe*, 460 U.S. at 341-45; *Curtis*, 48 F.3d at 285; *also Jurgensen*, 295 Ill.App.3d 139 (absolute immunity against civil liability under Illinois law).

### XII. Certain Claims Against The City Should Be Dismissed.

Plaintiff asserts a *Monell* claim against the City in Count X, in which Plaintiff realleges paragraphs 1 through 112 of the complaint as part of Count X. Paragraphs 1 through 12 similarly form the basis for plaintiff's federal claims in Counts I through IX. (Complaint,

¶182). Count X therefore is dependent on the federal law claims asserted in Counts I through IX. To the extent Counts I through IX, or portions thereof, are subject to dismissal, plaintiff's *Monell* claim against the City in Count X, to the extent based on those insufficient claims, should be dismissed as well.

To prevail on a §1983 claim against the City, a plaintiff must show: 1) a violation of his constitutional rights; 2) an injury; and 3) that the injury and violation of rights was directly caused by the City's own action or inaction that carried the requisite degree of fault. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 117 S.Ct. 1382 (1997). The United States Supreme Court recognized that §1983 liability cannot attach to a municipality in the absence of an actionable constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571 (1986) (If there is no violation of the plaintiff's constitutional rights by a police officer, "it is inconceivable" the municipality could be liable pursuant to a *Monell* claim). Municipal liability for a constitutional injury under *Monell* "requires a finding that the individual officer is liable on the underlying substantive claim." *Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000), *quoting Tesch v. County of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998). Where a plaintiff cannot establish a constitutional injury, he has no *Monell* claim against the municipality. *Durkin v. City of Chicago*, 341 F.3d 606, 615 (7th Cir. 2003). Without allegations sufficiently setting forth actionable constitutional violations in the §1983 counts, plaintiff's *Monell* claims based on those counts fail as a matter of law. To the extent Counts I through IX of the complaint, or portions thereof, are dismissed as insufficient, plaintiff's *Monell* claim in Count X, to the extent based on those insufficient claims, should likewise be dismissed.

Plaintiff's complaint also asserts vicarious theories of recovery against the City in Count XIV *(respondeat superior)* and Count XV (indemnity statute). To the extent plaintiff's federal and/or state law claims are dismissed pursuant to this motion, there is no remaining basis to impose vicarious liability against the City through the dismissed counts. Section 2-109 of the Tort Immunity Act provides that a "local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable." (745 ILCS 10/2-109). Where a municipal employee is not liable by virtue of a common law defense or statutory immunity, the local unit of government for which that employee works enjoys similar protection by virtue of Section 2-109 of the Act. *See, e.g.*, *Sank v. Poole*, 231 Ill. App. 3d 780, 596 N.E.2d 1198, 1203 (4th Dist. 1992). As set forth above by the individual defendants, multiple claims of plaintiff's complaint are untimely or otherwise improper and should be dismissed. To the extent those counts are dismissed against the individual defendants, there is no remaining basis to impose vicarious liability on the City pursuant to plaintiff's derivative *respondeat superior* and indemnification claims. The portions of Count XIV and Count XV seeking vicarious relief against the City pursuant to claims that are dismissed likewise should be dismissed.

## CONCLUSION

For the reasons discussed above, Defendant Moser respectfully requests the Court to grant his motion and to dismiss Counts IV, V, VI, VII, VIII, IX, XII, and XIII in their entirety and Counts I, II, III, and XI in part. In addition, Defendant City of Chicago respectfully requests that, to the extent any federal or state claims against Defendant Moser are dismissed, that the Court likewise dismiss any *Monell* claim premised on the

dismissed federal claim and dismiss any vicarious liability theory premised on the dismissed state claim.

                                                    Respectfully submitted,

                                                    For Defendant Moser:
*/s/ Shawn W. Barnett*
Attorney No. 6312312

                                                    For Defendant City of Chicago:
*/s/Paul A. Michalik*
Attorney No. 6198674

HALE & MONICO LLC
Andrew Hale
Barrett Boudreaux
Shawn W. Barnett
53 West Jackson, Suite 337
Chicago, IL 60604
(312) 870-6905

REITER BURNS LLP
Daniel Noland
Paul Michalik
Elizabeth Ekl
Katherine Morrison
Daniel Burns
311 South Wacker, Suite 5200
Chicago, IL 60606
(312) 982-0090

## **Certificate of Service**

I, the undersigned attorney, certify that I caused this motion to be filed with the Clerk of the Northern District of Illinois using the Court's electronic filing system. As a result, copies of the filed document were electronically served upon all counsel of record. A paper courtesy copy of the filed motion may have been provided to the Court depending upon the Court's standing order.

*/s/ Shawn W. Barnett*