IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES GIBSON, | ) | |
| | ) | Case No. 19 CV 4152 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Ellis |
| v. | ) | |
| | ) | Magistrate Judge Weisman |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS RUSNAK'S, BRESKA'S, AND CITY OF CHICAGO'S
MOTION TO DISMISS**

Defendants Jerome Rusnak and Victor Breska, through their attorneys Hale & Monico LLC, respectfully move to dismiss Plaintiff James Gibson's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant City of Chicago, through its attorneys Reiter Burns LLP, respectfully joins Defendants Rusnak and Breska's motion to dismiss. In support, Defendants Rusnak, Breska, and City of Chicago state:

**INTRODUCTION**

In December 1989, Plaintiff was arrested for a double homicide and subsequently convicted in October 1991. In 2019, the conviction was reversed and charges dismissed. Plaintiff now brings this lawsuit against any police officer involved in the initial investigation, regardless of their role and whether they are actually accused of fabricating evidence that was used against him in the criminal prosecution. Defendants Rusnak and Breska are not alleged to have been personally involved in the creation of any fabricated witness statements. And while Plaintiff does accuse Defendants Rusnak and Breska of physically abusing a witness – an accusation they adamantly deny – this alleged misconduct does not give rise to a civil claim that Plaintiff can bring. In the end, because Defendants Rusnak and Breska had no personal involvement in the misconduct

Plaintiff claims wrongfully send him to prison, neither can be held personally liable and their motion to dismiss should be granted.[1]

## FACTS AS ALLEGED IN COMPLAINT

In order to avoid redundancy and to promote judicial economy, Defendants Rusnak and Breska adopt and incorporate the Facts as Alleged in the Complaint[2] recited in <u>Defendant Leja's Motion to Dismiss</u> as though fully stated forth in this motion.

## LEGAL STANDARD

To overcome a Rule 12(b)(6) motion, "a complaint must state a claim to relief that is plausible on its face." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014); *also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). While courts accept the complaint's factual allegations as true and draws all permissible inferences in the plaintiff's favor, *id.*, the plaintiff "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under [Rule] 8." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). Legal conclusions and conclusory allegations are not entitled to this presumption of truth and the remaining factual allegations "must be enough to raise a right to relief above the speculative level." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

---

[1] Defendants Rusnak and Breska move to dismiss Counts I, II, III, IV, V, VI, VII, VIII, IX, XI, XII, and XIII. Defendant City moves to dismiss Counts X (*Monell*), XIV (*Respondeat Superior*), and XV (Indemnification) to the extent these counts are dependent on any underlying claim against Defendant Rusnak or Breska that is dismissed.
[2] For purposes of this Rule 12(b)(6) Motion only, Defendants Rusnak and Breska rely on Plaintiff's well-pleaded allegations as the facts of the case.

**ARGUMENT**

I.  **Plaintiff's "Coerced Confession" claim (Count I) should be dismissed with prejudice as Plaintiff failed to allege Defendants Rusnak and Breska had any personal involvement in obtaining Plaintiff's statement.**

In Count I, Plaintiff purports to bring a "coerced confession" claim under § 1983 and asserts violations of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. *Complaint* at ¶¶ 113-123. This claim should be dismissed, with prejudice, against Defendants Rusnak and Breska in its entirety.

  A. <u>There is no First, Fourth, Sixth, or Eighth Amendment protection against a "coerced confession."</u>

As an initial matter, "coerced confession" claims are only valid under the Fifth and Fourteenth Amendments – not the First, Fourth, Sixth, or Eighth – as the Fifth is the only Amendment that prohibits a person from being compelled to testify against himself, *i.e.* a coerced statement. U.S. Const. amend. V; *Napolitano v. Ward*, 457 F.2d 279, 282-83 (7th Cir. 1972). In addition, a plaintiff may bring a Fourteenth Amendment substantive due process claim based on police misconduct that results in a confession. *Chavez v. Martinez*, 538 U.S. 760, 773 (2003) (plurality opinion). To the extent Plaintiff makes a "coerced confession" claim under any Amendments other than the Fifth and Fourteenth, the claims should be dismissed with prejudice.

  B. <u>Defendants Rusnak and Breska had no personal involvement in "fabricating" Plaintiff's statement so the claim should be dismissed with prejudice.</u>

As discussed, a plaintiff must show not only that a statement was coerced but that it was subsequently used against them in a criminal proceeding in order to have a viable Fifth Amendment claim. *Chavez*, 538 U.S. at 773. By comparison, the Fourteenth Amendment prohibits "certain interrogation techniques, either in isolation or as applied to the unique characteristics of a particular suspect, [that] are so offensive to a civilized system of justice that they must be

3

condemned," *Colorado v. Connelly*, 479 U.S. 157, 163 (1986), such as those tactics which "shock[] the conscience." *Fox v. Hayes*, 600 F.3d 819, 841 (7th Cir. 2010). No matter the theory, a § 1983 plaintiff must allege that each named defendant was personally involved in the constitutional violation in order to hold them responsible for the misconduct. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010). Simply put, "[a]n individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *also Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

Defendants Rusnak and Breska lack any personal involvement that would subject them to civil liability when it comes to "fabricating" Plaintiff's statement or forcing him to repeat a false story. Plaintiff asserts that <u>only</u> officers Caesar, McCann, and Moser "fed" him the "untrue story" about observing "Bodine" being given a firearm by Johnson and then shooting Lloyd Benjamin that became "crucial to Gibson's eventual conviction." *Complaint* at ¶ 39. Neither Defendant Rusnak nor Breska are accused of being part of this misconduct and, as a consequence, cannot be held liable because they lack any personal involvement in the wrongdoing. *Minix*, 597 F.3d at 833.

C.  <u>Plaintiff's "coerced confession" claim cannot be premised on the alleged physical abuse.</u>

There is a significant difference between Plaintiff's claim of a "coerced" confession and that of his claim for the alleged physical abuse. While the Fifth Amendment prohibits the use of a compelled statement, this claim is distinct from a claim of physical abuse. A claim of excessive force or – in Plaintiff's allegations – "torture" is only actionable under the Fourth Amendment, and such a claim accrues the instant that unreasonable force is used. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010). In Illinois, there is a two-year statute of limitation for § 1983 claims of excessive force, even when the allegation is police torture. *Wallace v. Kato*, 549 U.S. 384 (2007); *Wrice v. Burge*, 187 F.Supp.3d 939, 953 (N.D.Ill.

4

2015) (claim of "torture and physical abuse" under Fourth Amendment subject to dismissal as untimely when filed outside of two-year statute of limitations) *see also Chavez*, 538 U.S. at 773 n.5 ("police torture or other abuse" do not run afoul of the Fifth Amendment and such claims are instead analyzed under the Fourth or Fourteenth Amendments).

In his Complaint, Plaintiff claims that officers O'Mara, Collins, Maslanka, Paladino, Ptak, and Byrne were physically abusive, including burning Plaintiff with a clothes iron; these allegations are completely devoid of any accusation that Defendant Rusnak or Breska were personally involved in the misconduct. *Complaint* at ¶¶ 30, 33, and 34. Putting aside the lack of any personal involvement, these allegations are legally insufficient to state a Fifth Amendment claim and, to the extent Plaintiff makes a claim under the Fourth or Fourteenth Amendment, such a claim is untimely. *Wrice*, 187 F.Supp.3d at 953. In other words, Plaintiff has no viable § 1983 claim based on the physical abuse occurring in December 1989 and any purported claim should be dismissed with prejudice regardless of the legal theory.

## II. Plaintiff's Due Process claim (Count III) should be dismissed as Defendants Rusnak and Breska had no personal involvement in fabricating any evidence used to deprive Plaintiff of liberty.

In Count III of his Complaint, Plaintiff asserts a claim under the "Due Process Clause" of the Fourteenth Amendment, claiming that Defendant Officers "deliberately withheld exculpatory evidence, as well as fabricated false reports and other evidence[.]" *Complaint* at ¶¶ 131-138. Plaintiff fails to identify in this claim what evidence that Defendants Rusnak and Breska, or any other Defendant Officers, are accused of withholding or fabricating or even under which Due Process theory the claim is made. Putting that aside, to the extent that Plaintiff alleges there was "withheld exculpatory evidence," the claim falls under *Brady v Maryland*, 373 U.S. 83 (1963), which requires the disclosure of all exculpatory evidence to a criminal defendant. By contrast,

fabricated evidence is a violation of due process when it "is later used to deprive the [criminal] defendant of [their] liberty in some way." *Bianchi v. McQueen*, 818 F.3d 309, 319 (7th Cir. 2016).

The fabrication of evidence or withholding of exculpatory evidence that Plaintiff alleges in the Complaint falls into only three possible categories: (1) the circumstances surrounding the alleged abuse of Plaintiff" and his statement; (2) Johnson's allegedly false statement and physical abuse; and (3) the statements by Webb, Carla Smith, and Janice Johnson. Neither Defendant Rusnak nor Breska can be liable under any of those theories.

> A. Plaintiff's "torture" and statement cannot form the basis of a "Due Process" violation regardless of Defendant Rusnak's and Breska's personal involvement.

Count III is vague and broad enough to potentially include an allegation that Defendant Moser could be liable for concealing or withholding the circumstances surrounding Plaintiff's physical abuse and false statement. To the extent Plaintiff brings a "Due Process" claim on that theory of liability, it fails as a matter of law and should be dismissed with prejudice. *Brady* requires the production of all exculpatory evidence that is unknown to the criminal defendant. 373 U.S. 83 (1963); *Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007); *Walden v. City of Chicago*, 755 F.Supp.2d 942 (N.D.Ill. 2010). Plaintiff was present for his alleged torture and false statement. It is well-settled that "the police were under no *Brady* obligation to tell [Plaintiff] again that they coerced [him] into confessing." *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1029; *Walden*, 755 F.Supp.2d at 950-51. Indeed, a coerced confession alone can never constitute a *Brady* claim because a plaintiff is aware of his own confessional and that knowledge cannot be "suppressed." *Wallace v. City of Chicago*, 440 F.3d 421, 429-30 (7th Cir. 2006). In addition, neither Defendant Rusnak nor Defendant Breska are accused of (1) being personally involved in extracting or (2) having any knowledge of Plaintiff's "torture" and coerced statement. To that end, they cannot be

fabricated evidence is a violation of due process when it "is later used to deprive the [criminal] defendant of [their] liberty in some way." *Bianchi v. McQueen*, 818 F.3d 309, 319 (7th Cir. 2016).

The fabrication of evidence or withholding of exculpatory evidence that Plaintiff alleges in the Complaint falls into only three possible categories: (1) the circumstances surrounding the alleged abuse of Plaintiff" and his statement; (2) Johnson's allegedly false statement and physical abuse; and (3) the statements by Webb, Carla Smith, and Janice Johnson. Neither Defendant Rusnak nor Breska can be liable under any of those theories.

> A. <u>Plaintiff's "torture" and statement cannot form the basis of a "Due Process" violation regardless of Defendant Rusnak's and Breska's personal involvement.</u>

Count III is vague and broad enough to potentially include an allegation that Defendant Moser could be liable for concealing or withholding the circumstances surrounding Plaintiff's physical abuse and false statement. To the extent Plaintiff brings a "Due Process" claim on that theory of liability, it fails as a matter of law and should be dismissed with prejudice. *Brady* requires the production of all exculpatory evidence that is unknown to the criminal defendant. 373 U.S. 83 (1963); *Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007); *Walden v. City of Chicago*, 755 F.Supp.2d 942 (N.D.Ill. 2010). Plaintiff was present for his alleged torture and false statement. It is well-settled that "the police were under no *Brady* obligation to tell [Plaintiff] again that they coerced [him] into confessing." *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1029; *Walden*, 755 F.Supp.2d at 950-51. Indeed, a coerced confession alone can never constitute a *Brady* claim because a plaintiff is aware of his own confessional and that knowledge cannot be "suppressed." *Wallace v. City of Chicago*, 440 F.3d 421, 429-30 (7th Cir. 2006). In addition, neither Defendant Rusnak nor Defendant Breska are accused of (1) being personally involved in extracting or (2) having any knowledge of Plaintiff's "torture" and coerced statement. To that end, they cannot be

fabricated evidence is a violation of due process when it "is later used to deprive the [criminal] defendant of [their] liberty in some way." *Bianchi v. McQueen*, 818 F.3d 309, 319 (7th Cir. 2016).

The fabrication of evidence or withholding of exculpatory evidence that Plaintiff alleges in the Complaint falls into only three possible categories: (1) the circumstances surrounding the alleged abuse of Plaintiff" and his statement; (2) Johnson's allegedly false statement and physical abuse; and (3) the statements by Webb, Carla Smith, and Janice Johnson. Neither Defendant Rusnak nor Breska can be liable under any of those theories.

> A. <u>Plaintiff's "torture" and statement cannot form the basis of a "Due Process" violation regardless of Defendant Rusnak's and Breska's personal involvement.</u>

Count III is vague and broad enough to potentially include an allegation that Defendant Moser could be liable for concealing or withholding the circumstances surrounding Plaintiff's physical abuse and false statement. To the extent Plaintiff brings a "Due Process" claim on that theory of liability, it fails as a matter of law and should be dismissed with prejudice. *Brady* requires the production of all exculpatory evidence that is unknown to the criminal defendant. 373 U.S. 83 (1963); *Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007); *Walden v. City of Chicago*, 755 F.Supp.2d 942 (N.D.Ill. 2010). Plaintiff was present for his alleged torture and false statement. It is well-settled that "the police were under no *Brady* obligation to tell [Plaintiff] again that they coerced [him] into confessing." *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1029; *Walden*, 755 F.Supp.2d at 950-51. Indeed, a coerced confession alone can never constitute a *Brady* claim because a plaintiff is aware of his own confessional and that knowledge cannot be "suppressed." *Wallace v. City of Chicago*, 440 F.3d 421, 429-30 (7th Cir. 2006). In addition, neither Defendant Rusnak nor Defendant Breska are accused of (1) being personally involved in extracting or (2) having any knowledge of Plaintiff's "torture" and coerced statement. To that end, they cannot be

held civilly liable for failing to disclose information that they are not alleged to have possessed. And, as such, any *Brady* claim against them should be dismissed with prejudice.

> B. Johnson's physical abuse and fabricated statement cannot form the basis of a "Due Process" violation against Defendants Rusnak and Breska.

The Seventh Circuit has "consistently held that a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of [his] liberty in some way." *Whitlock v. Brueggeman*, 682 F.3d 567, 580 (7th Cir. 2012). Critical to such a claim is that the false evidence was actually used to deprive a person of liberty; the Seventh Circuit has ruled "that an accused has no claim against an officer who fabricates evidence and puts the evidence in a drawer, never to be used." *Armstrong v. Daily*, 786 F.3d 529, 553 (7th Cir. 2015); *see also Bianchi*, 818 F.3d at 319; *Whitlock*, 682 F.3d at 582. Based on the factual allegations in the Complaint, Plaintiff appears to assert a Due Process violation based on (1) the physical abuse inflicted upon Johnson and (2) Johnson's false statement implicating Plaintiff in the Benjamin/Wash homicide. Against Defendants Rusnak and Breska, each claim fails as a matter of law.

Physical abuse and torture of detainees is not only a constitutional violation but a sadistic display of violence by someone in a position of authority and Defendants Rusnak and Breska adamantly deny the accusations that are directed against them in Paragraph 48 of Plaintiff's Complaint. That said, even if the allegations are true, the physical abuse inflicted upon <u>Johnson</u> does not amount to a Due Process violation against <u>Plaintiff</u>. Constitutional rights belong to the individual whose rights have been violated and Plaintiff lacks standing to assert an unreasonable use of force claim on behalf of Johnson. *E.g. Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("[A]

litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.").[3]

Plaintiff also fails to establish that Defendants Rusnak and Breska were involved in Johnson's allegedly fabricated statement. While Plaintiff does assert Johnson was forced to make a false statement, he is adamant that it was officers McCann and Caesar who fed the untrue story to Johnson to repeat to the state's attorney. *Complaint* at ¶ 50. Not only were Defendants Rusnak and Breska not present when the statement was fed to Plaintiff but they are not accused of having any role in crafting the statement or even having knowledge that it existed. In other words, the only officers who can face liability for fabricating Johnson's statements are the officers who are alleged of having made Johnson fabricate the statement – McCann, Caesar, and Byrne, not Rusnak and Breska. *Complaint* at ¶¶ 50, 51. Given the absence of any personal involvement in fabricating Johnson's statement, the "Due Process" claim should be dismissed. *Minix*, 597 F.3d at 833.

In addition, Plaintiff fails to provide sufficient <u>factual</u> allegations that Johnson's statement was used to deprive him of a liberty interest: he does not claim that it was used at a pre-trial judicial hearing or during his trial. The only allegation on this issue is a conclusory one, *complaint* at ¶ 74, which is not entitled to a presumption of truth and is not enough to meet Plaintiff's burden. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (legal conclusions and conclusory allegations not entitled to presumption of truth and should be excised). To that end, Plaintiff failed to provide sufficient factual allegations to show that Johnson's "fabricated" statement was used to deprive Plaintiff of a recognized liberty interest and, as a result, Plaintiff's "Due Process" claim should be dismissed with prejudice.

---

[3] Although there is a limited exception, Plaintiff has not made any factual allegations to support a showing that he meets all three required prongs: that he suffered an "injury in fact;" there is a close relationship to the third party; and the third party's ability to protect their interest is hindered. *Powers*, 499 U.S. at 410-11. Moreover, any claim based on the use of force against Johnson is untimely. *Wrice*, 187 F.Supp.3d at 953.

C. <u>Defendant Rusnak and Breska were not involved in fabricating Webb's, Smith's, or Janice Johnson's statements and cannot be held liable.</u>

Similarly, Defendants Rusnak and Breska were not involved in compelling Carla Smith, Janice Johnson, or Fernando Webb into making false statements that implicated Plaintiff in the homicides. *Complaint* at ¶¶ 59-62. To that end, as with Johnson's allegedly false statement, Defendants Rusnak and Breska cannot be held liable for fabricated evidence of which they had no part in creating or any knowledge that it existed and Plaintiff's Due Process claims should be dismissed with prejudice.

### III. Plaintiff's False Imprisonment Claim (Count IV) should be dismissed as untimely.

Plaintiff's Count IV purports to be a "false imprisonment" claim under Section 1983 for "false imprisonment for thirty (30) years" in violation of his constitutional rights. *Complaint* at ¶¶139-144. This claim is untimely.

The Fourth Amendment prohibits all pre-trial detention based on fabricated evidence. *Manuel v. City of Joliet*, 137 S.Ct. 911 (2017) ("*Manuel I*"). The Seventh Circuit determined that a Fourth Amendment pre-trial unreasonable detention claim accrues when the individual is released from pre-trial custody. *Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018) ("*Manuel II*"). In so holding, the Seventh Circuit squarely rejected the notion that such a claim accrues when the criminal charges were dismissed or the criminal defendant was found not guilty. *Id.* at 669. This was adamantly clarified in *Mitchell v. City of Elgin* as "a Fourth Amendment claim for unlawful pretrial detention accrues when the detention ends, not when the prosecution ends." 912 F.3d 1012, 1015 (7th Cir. 2019) (describing *Manuel II*'s holding). That is because "there is no such thing as a constitutional right not to be prosecuted without probable cause." *Manuel II*, 903 F.3d at 670. These cases have firmly established the constitutional principles that the Fourth Amendment prohibits unreasonable pre-trial detention based on false evidence while the Fourteenth

9

Amendment prohibits a conviction based on fabricated evidence. *Knox v. Curtis*, 771 Fed.Appx. 656 (7th Cir. 2019). In other words, an individual's Fourth Amendment claim premised on fabricated evidence accrues when the person is released from custody or **when he was convicted**. *Id.* at *658. And, under this standard, Plaintiff's Fourth Amendment claim should be dismissed as untimely.

It cannot be reasonably argued that Plaintiff can bring a claim for his detention from December 27 through 30, 1989. Any Fourth Amendment claim accrued when he was released from custody on December 30, 1989 and any lawsuit must have been initiated within two years. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). Likewise, under *Manuel II*, as explained by *Knox*, any Fourth Amendment claim Plaintiff may have had from the date of his arrest (December 31, 1989) until his conviction (October 8, 1991) accrued on the date he was convicted. *Knox*, 771 Fed.Appx. at 658. To that end, he had until October 8, 1993 to initiate a lawsuit based on that pre-trial detention. *Id.*; *see also Mayo v. LaSalle County*, No. 18 CV 1342, 2019 WL 3202809 (N.D.Ill. July 15, 2019) (Tharp, J.). Since Plaintiff did not initiate this present litigation until 2019, his Fourth Amendment claims are untimely.

**IV.     Plaintiff's Equal Protection Claim (Count V) should be dismissed.**

The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It "most typically reaches state action that treats a person poorly because of the persons' race or other suspect classification, such as sex, national origin, religion, political affiliation, among others, or because the person has exercised a 'fundamental right.'" *Abcarian v. McDonald*, 617 F.3d 931, 938 (7th Cir. 2010). To establish a prima facie case of discrimination under the Equal Protection Clause, the plaintiff must show that "he is a member of a protected class, and that

he was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). He must also allege that the defendant was "motivated by a discriminatory purpose." *Chavez v. Ill. State Police*, 251 F.3d 612, 635-36 (7th Cir. 2001). While courts must take factual allegations as true when weighing a motion to dismiss, that presumption of truth does not extend to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* Here, Plaintiff does nothing more than simply recite the elements of an Equal Protection claim without provided any factual allegations to support it. *Complaint* at ¶¶ 146-147. As such, the Equal Protection claim should be dismissed.

**V.     Plaintiff's "Right to Counsel" claim (Count VI) should be dismissed with prejudice.**

In Count XI, Plaintiff asserts that his "right to counsel" was violated. *Complaint* at ¶¶ 153-158. It is black letter law that the Sixth Amendment's right to counsel does not attach until "at or after the initiation of adversary criminal proceedings – whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *United States v. Stadfeld*, 689 F.3d 705, 711 (7th Cir. 2012) (citation and quotation marks omitted); *see also Rothgery v. Gillespie Cnty., Rex.*, 554 U.S. 191, 213 (2008). This extends to pre-indictment interviews with law enforcement, *United States v. Thomas*, 39 F.Supp.3d 1015, 1021-22 (N.D.Ill. 2014), and pre-indictment lineups. *United States v. Larkin*, 978 F.2d 964, 969 (7th Cir. 1992); *US ex rel Wilson v. Peters*, 60 F.Supp.2d 777 (N.D.Ill. 1999); *Jerricks v. Bresnahan*, 880 F.Supp. 521 (N.D.Ill. 1995). The only alleged misconduct directed at Defendants Rusnak and Breska occurred prior to Plaintiff's arrest (and did not involve Plaintiff. *Id.* at ¶¶ 53-55. Or, quite simply, prior to the initiation of Plaintiff's criminal proceedings. To that end, Plaintiff's "right to counsel" claim lacks any factual or legal merit and should be dismissed with prejudice.

he was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). He must also allege that the defendant was "motivated by a discriminatory purpose." *Chavez v. Ill. State Police*, 251 F.3d 612, 635-36 (7th Cir. 2001). While courts must take factual allegations as true when weighing a motion to dismiss, that presumption of truth does not extend to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* Here, Plaintiff does nothing more than simply recite the elements of an Equal Protection claim without provided any factual allegations to support it. *Complaint* at ¶¶ 146-147. As such, the Equal Protection claim should be dismissed.

**V.     Plaintiff's "Right to Counsel" claim (Count VI) should be dismissed with prejudice.**

In Count XI, Plaintiff asserts that his "right to counsel" was violated. *Complaint* at ¶¶ 153-158. It is black letter law that the Sixth Amendment's right to counsel does not attach until "at or after the initiation of adversary criminal proceedings – whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *United States v. Stadfeld*, 689 F.3d 705, 711 (7th Cir. 2012) (citation and quotation marks omitted); *see also Rothgery v. Gillespie Cnty., Rex.*, 554 U.S. 191, 213 (2008). This extends to pre-indictment interviews with law enforcement, *United States v. Thomas*, 39 F.Supp.3d 1015, 1021-22 (N.D.Ill. 2014), and pre-indictment lineups. *United States v. Larkin*, 978 F.2d 964, 969 (7th Cir. 1992); *US ex rel Wilson v. Peters*, 60 F.Supp.2d 777 (N.D.Ill. 1999); *Jerricks v. Bresnahan*, 880 F.Supp. 521 (N.D.Ill. 1995). The only alleged misconduct directed at Defendants Rusnak and Breska occurred prior to Plaintiff's arrest (and did not involve Plaintiff. *Id.* at ¶¶ 53-55. Or, quite simply, prior to the initiation of Plaintiff's criminal proceedings. To that end, Plaintiff's "right to counsel" claim lacks any factual or legal merit and should be dismissed with prejudice.

### VI. Plaintiff's "Denial of Access to the Courts" claim (Count IX) should be dismissed for failing to plead sufficient factual allegations to support the claim.

The First and Fourteenth Amendments provide an individual with a right to pursue legal redress for claims which have a reasonable basis in law and fact. *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995). To prove a violation of this right, a plaintiff must show (1) that a state action frustrated his efforts to pursue a non-frivolous claim and (2) he suffered an actual, concrete injury as a result. *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). A denial of access to the courts arises only where an alleged cover-up is to some extent successful. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000) ("[A]n attempt to cover up police wrongdoing which succeeded only briefly in hiding the facts from the plaintiffs, and which ultimately neither prevented the plaintiffs from pursing relief nor reduced the value of their claim, was not actionable under Section 1983."). Here, Plaintiff merely asserts the conclusory statement that he has been deprived of "certain constitutional claims against certain potential defendants" but fails to identify which claims and which defendants. *Complaint* at ¶ 178. A similar situation occurred in *Hobbs v. Cappelluti*, 899 F.Supp.2d 738 (N.D.Ill. 2012). In *Hobbs*, an exonerated prisoner failed to identify how his ability to bring the present lawsuit was deprived or diminished by officers involved in the investigation that led to his conviction. *Id.* at 775. As a consequence, the plaintiff's denial of access to the courts claim was dismissed. *Id.* So too here does Plaintiff fail to identify the concrete injury with any specificity. More than that, other than the conclusory Paragraph 178 – which is not entitled to the presumption of truth – Plaintiff did not assert that any of the Defendants were involved in any denial of access to the courts. Accordingly, the Court should dismiss this claim.

### VII. Plaintiff's "Failure to Intervene" claim (Count II) should be dismissed.

Although Section 1983 has a personal involvement requirement, an individual can be held liable for a failure to act to prevent misconduct. *E.g. Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir.

12

1994). However, this exception is limited and requires a plaintiff show that the defendant (1) had knowledge of the misconduct and (2) had a realistic opportunity to prevent the misconduct. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). In Count II, Plaintiff claims that all defendants knew of the physical violence inflicted upon him and failed to prevent it. This conclusory statement is not supported by any factual allegations. Plaintiff fails to allege that Defendants Rusnak and Breska had any knowledge of Plaintiff's own physical abuse nor are either officer alleged to have been present when the misconduct occurred. *See Complaint* at ¶¶ 30 (Collins, O'Mara, Maslanka, Paladino, and Ptak), 33 and 34 (Collins, O'Mara, Paladino, Maslanka, Caesar, McCann, and Byrne). On that basis, Plaintiff's failure to intervene claim fails to meet either requirement when it is directed towards Defendant Rusnak or Breska.

To the extent Plaintiff may later claim that Count II covers all the purported misconduct, such a broadening of the claim would still be insufficient as directed against Defendants Rusnak and Breska. Although Plaintiff claims that Defendants Rusnak and Breska were part of the group that physically abused Johnson, he does not claim either officer was present when Johnson was coerced into making a false statement. *Complaint* at ¶ 50. Since Plaintiff's due process claim can only be based on the false statement and not Johnson's physical abuse – *see above* – Plaintiff fails to establish that Defendants Rusnak and Breska failed to prevent that constitutional deprivation. Similar deficiencies doom any failure to intervene against the statements of Carla Smith, Janice Johnson, or Fernando Webb.

In sum, Plaintiff did not meet his burden in establishing that Defendants Rusnak and Breska knew that wrongdoing was occurring and had a realistic opportunity to prevent it. As a consequence, his failure to intervene claims should be dismissed with prejudice.

Similarly, Plaintiff cannot bring a failure to intervene claim is the underlying constitutional violation is not viable. *See Fillmore v. Page*, 358 F.3d 496, 505-06 (7th Cir. 2004); *Harper v. Albert*, 400 F.3d 1052, 1066 n.18 (7th Cir. 2005). Accordingly, should the Court dismiss any of Plaintiff's § 1983 claims, any corresponding failure to intervene claim so likewise be dismissed.

### VIII. Plaintiff's malicious prosecution claim (Count XI) should be dismissed.

In order to plead a malicious prosecution claim, a plaintiff must allege (1) a defendant commenced or continued a criminal prosecution against them; (2) the proceedings terminated in plaintiff's favor; (3) there was no probable cause to support the prosecution; (4) the defendant acted with malice; and (5) plaintiff suffered damages. *Swick v. Liautaud*, 169 Ill.2d 504, 512 (1996). The Illinois Supreme Court recently analyzed the "commence or continue" aspect and held that, in order the meet this element, the plaintiff must show that "the defendant's conduct is both the cause in fact and a proximate cause of the commencement or continuation of the ongoing criminal proceedings." *Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 46 (Illinois Supreme Court 2019). This is done by examining whether the defendant "played a significant role in the plaintiff's prosecution." *Id.* Additionally, Illinois law – specifically the Tort Immunity Act – mandates that a public employee, such as a law enforcement officer, can only face civil liability for their misconduct and cannot be held responsible for the acts or omissions of another. 745 ILCS 10/2-204. In other words, they must have been personally involved in the misconduct.

Plaintiff's complaint is devoid of any allegation that Defendants Rusnak and Breska were involved in the criminal proceeding in any way, let alone that they played a significant role in his prosecution. Indeed, the only officer alleged to have had any involvement in Plaintiff's criminal prosecution is William Moser. *Complaint* at ¶74. Absent any showing of commencing or

14

continuing the prosecution, Plaintiff's malicious prosecution claim against Defendants Rusnak and Breska fails as a matter of law.

### IX. Plaintiff's intentional infliction of emotional distress (IIED) claim (Count XIII) should be dismissed.

Illinois law mandates that any claims brought against public employees must be initiated within one year of the date the claim accrued. 745 ILCS 10/8-101(a); *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006); *Wrice*, 187 F.Supp.3d at 957; *Taylor v. City of Chicago*, 80 F.Supp.3d 817, 828 (N.D.Ill. 2015). It is firmly established that "a claim of intentional infliction of emotional distress in the course of arrest and prosecution accrues on the date of the arrest." *Bridewell v. Eberle*, 730 F.3d 672, 678 (7th Cie. 2013); *Evans*, 434 F.3d at 934; *Grayson v. City of Aurora*, 157 F.Supp.3d 725, 747 (N.D.Ill. 2016). Any notion that IIED is a "continuing tort" that "accrues anew every day" of an allegedly wrongful imprisonment, even if the conviction is eventually overturned, has been flatly rejected. *Bridewell*, 730 F.3d at 678; *Wrice*, 187 F.Supp.3d at 957; *Taylor*, 80 F.Supp.3d at 828.

The only allegations against Defendants Rusnak and Breska are contained within a timeframe of December 27 through 31, 1989. As such, Plaintiff had one year – until December 1990 – to initiate a civil action for that conduct. § 8-101. Plaintiff did not bring his claim until 2019, far beyond this period. As such, the claim is untimely and should be dismissed with prejudice.

In addition, Plaintiff cannot base any claim on any testimony during the criminal trial or the TIRC hearing, as absolute immunity covers all witnesses who testify during a court proceeding. *E.g. Rehberg v. Paulk*, 556 U.S. 356, 369 (2012); *Briscoe v. LaHue*, 460 U.S. 325, 341-45 (1983); *Curtis v. Membenek*, 48 F.3d 281, 285 (7th Cir. 1995); *also Jurgensen v. Haslinger*, 295 Ill.App.3d 139 (1998) (absolute immunity against civil liability under Illinois law).

## X. Plaintiff's conspiracy claims (Counts VII, VIII, and XII) should be dismissed as they are supported by nothing more than conclusory allegations.

Federal Rule of Civil Procedure 8 requires that a plaintiff give "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to meet this standard, the plaintiff must have well-pleaded, nonconclusory factual allegations that "give rise to a plausible suggestion of conspiracy." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). However, even before *Twombly* and *Iqbal*, "conspiracy allegations were often held to a higher standard than other allegations; mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her was not enough." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

Here, Plaintiff makes assertions that all of the defendants entered into a conspiracy to torture him and that they took actions in furtherance of the conspiracy. *Complaint* at ¶¶ 29, 160-76. These statements are nothing more than a formulaic recitation of the elements of a conspiracy claim, which are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681. Removing the conclusory statements leaves the complaint absent of any factual support that would raise the conspiracy accusations above a "speculative level." *Twombly*, 550 U.S. at 555. In other words, Plaintiff merely relies on a suspicion that everyone adverse to him was part of a wide-ranging conspiracy to frame him – a speculation devoid of realistic support. *Cooney*, 583 F.3d at 971. For that reason, all three of Plaintiff's conspiracy claims fail as all three lack sufficient factual support and all three (Counts VII, VIII, and XII) should be dismissed.

## XI. Certain Claims Against The City Should Be Dismissed.

Plaintiff asserts a *Monell* claim against the City in Count X, in which Plaintiff realleges paragraphs 1 through 112 of the complaint as part of Count X. Paragraphs 1 through 12 similarly

form the basis for plaintiff's federal claims in Counts I through IX. (Complaint, ¶182). Count X therefore is dependent on the federal law claims asserted in Counts I through IX. To the extent Counts I through IX, or portions thereof, are subject to dismissal, plaintiff's *Monell* claim against the City in Count X, to the extent based on those insufficient claims, should be dismissed as well.

To prevail on a §1983 claim against the City, a plaintiff must show: 1) a violation of his constitutional rights; 2) an injury; and 3) that the injury and violation of rights was directly caused by the City's own action or inaction that carried the requisite degree of fault. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 117 S.Ct. 1382 (1997). The United States Supreme Court recognized that §1983 liability cannot attach to a municipality in the absence of an actionable constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571 (1986) (If there is no violation of the plaintiff's constitutional rights by a police officer, "it is inconceivable" the municipality could be liable pursuant to a *Monell* claim). Municipal liability for a constitutional injury under *Monell* "requires a finding that the individual officer is liable on the underlying substantive claim." *Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000), *quoting Tesch v. County of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998). Where a plaintiff cannot establish a constitutional injury, he has no *Monell* claim against the municipality. *Durkin v. City of Chicago*, 341 F.3d 606, 615 (7th Cir. 2003). Without allegations sufficiently setting forth actionable constitutional violations in the §1983 counts, plaintiff's *Monell* claims based on those counts fail as a matter of law. To the extent Counts I through IX of the complaint, or portions thereof, are dismissed as insufficient, plaintiff's *Monell* claim in Count X, to the extent based on those insufficient claims, should likewise be dismissed.

Plaintiff's complaint also asserts vicarious theories of recovery against the City in Count XIV (*respondeat superior*) and Count XV (indemnity statute). To the extent plaintiff's federal and/or

state law claims are dismissed pursuant to this motion, there is no remaining basis to impose vicarious liability against the City through the dismissed counts. Section 2-109 of the Tort Immunity Act provides that a "local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable." (745 ILCS 10/2-109). Where a municipal employee is not liable by virtue of a common law defense or statutory immunity, the local unit of government for which that employee works enjoys similar protection by virtue of Section 2-109 of the Act. *See, e.g.*, *Sank v. Poole*, 231 Ill. App. 3d 780, 596 N.E.2d 1198, 1203 (4th Dist. 1992). As set forth above by the individual defendants, multiple claims of plaintiff's complaint are untimely or otherwise improper and should be dismissed. To the extent those counts are dismissed against the individual defendants, there is no remaining basis to impose vicarious liability on the City pursuant to plaintiff's derivative *respondeat superior* and indemnification claims. The portions of Count XIV and Count XV seeking vicarious relief against the City pursuant to claims that are dismissed likewise should be dismissed.

## CONCLUSION

For the reasons discussed above, the Court should dismiss all claims against Defendants Rusnak and Breska for lack of personal involvement other than conclusory statements not given the presumption of truth. . Moreover, many of Plaintiff's claims are untimely or supported by nothing more than conclusory or speculative assertions and should be dismissed on that ground. In addition, Defendant City of Chicago respectfully requests that, to the extent any federal or state claims against Defendant Rusnak or Breska are dismissed, that the Court likewise dismiss any *Monell* claim premised on the dismissed federal claim and dismiss any vicarious liability theory premised on the dismissed state claim.

Respectfully submitted,

For Defendant Moser:
/s/ Shawn W. Barnett
Attorney No. 6312312

For Defendant City of Chicago:
/s/Paul A. Michalik
Attorney No. 6198674

HALE & MONICO LLC
Andrew Hale
Barrett Boudreaux
Shawn W. Barnett
53 West Jackson, Suite 337
Chicago, IL 60604
(312) 870-6905

REITER BURNS LLP
Daniel Noland
Paul Michalik
Elizabeth Ekl
Katherine Morrison
Daniel Burns
311 South Wacker, Suite 5200
Chicago, IL 60606
(312) 982-0090

**<u>Certificate of Service</u>**

I, the undersigned attorney, certify that I caused this motion to be filed with the Clerk of the Northern District of Illinois using the Court's electronic filing system. As a result, copies of the filed document were electronically served upon all counsel of record. A paper courtesy copy of the filed motion may have been provided to the Court depending upon the Court's standing order.

<em><u>/s/ Shawn W. Barnett</u></em>