**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES GIBSON, | ) | |
| | ) | Case No. 19 CV 4152 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Ellis |
| v. | ) | |
| | ) | Magistrate Judge Weisman |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT ESTATE OF JON BURGE'S AND
## CITY OF CHICAGO'S MOTION TO DISMISS

Defendants Estate of Jon Burge ("Defendant Burge") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint[1] and states:

### INTRODUCTION

In 1991, Plaintiff James Gibson was convicted after a bench trial and sentenced to life in prison for the 1989 murders of Lloyd Benjamin and Hunter Wash. In 2019, Plaintiff's conviction was reversed, and charges dismissed. The Complaint indiscriminately charges Defendant Burge, a former Chicago Police Officer, together with the City of Chicago, thirteen other former Chicago Police Officers with an array of federal and state claims relating to his arrest, prosecution, conviction and detention.

### LEGAL STANDARDS

To overcome a Rule 12(b)(6) motion, "a complaint must state a claim to relief that is plausible on its face." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014); *see also Bell Atl. Corp. v.*

---

[1] This motion is directed to Counts I, II, III, IV, V, VI, VII, VIII, IX, XI, XII, and XIII. Counts X (*Monell*), XIV (*Respondeat Superior*), and XV (*Indemnification*) are directly solely at the City of Chicago and thus are not the subject of this motion.

*Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). While courts accept the complaint's factual allegations as true and draws all permissible inferences in the plaintiff's favor, *id.*, the plaintiff "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under [Rule] 8." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). Legal conclusions and conclusory allegations are not entitled to this presumption of truth and the remaining factual allegations "must be enough to raise a right to relief above the speculative level." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

**FACTS AS ALLEGED IN COMPLAINT**

To promote judicial economy, the section titled *Facts as Alleged in the Complaint* in Defendant Leja's Motion to Dismiss (ECF 49 at p.2) are incorporated herein by reference.

**ARGUMENT**

I.   **All claims should be dismissed against Defendant Burge for lack of personal responsibility.**

The Complaint charges Defendant Burge with liability on the auspices of a supervisory responsibility over the other defendant officers, who are alleged to have engaged in misconduct. As the Complaint fails to allege Defendant Burge's personal involvement in or knowledge of the purported misconduct, the claims against him fail to state a cause of action and should be dismissed.

A.   <u>Defendant Burge cannot be held liable for any of Plaintiff's claims due to a complete absence of direct responsibility in the alleged misconduct (Counts I, III, IV, V, VI, IX, XI, and XIII).</u>

Section 1983 claims against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim. *See J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003) (requiring facts showing direct, personal involvement or at his direction, knowledge or

2

consent); *Pepper v. Village of Oak P*ark, 430 F.3d 809, 810 (7th Cir. 2005). To establish a claim against a supervisory official under the doctrine of *respondeat superior*, "there must be a showing that the official knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or failure to act." *Rascon v. Hardiman,* 803 F.2d 269, 274 (7th Cir. 1986). In § 1983 claims, blanket supervisory liability does not exist. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Correspondingly, the Tort Immunity Act holds that "a public employee, as such and acting within the scope of his employment is not liable for any injury caused by the act or omission of another person." 745 ILCS 10/2-204. Or, in other words, the public employee – such as a police officer – must have personally caused the harm to face civil liability under Illinois law.

Plaintiff's epic 54-page Complaint conspicuously omits any allegation that Defendant Burge had personal involvement in Plaintiff's arrest, his alleged coerced confession, the physical abuse he complains of, or his subsequent prosecution, conviction and detention. Nor does the Plaintiff allege Defendant Burge knew of, approved, or consented to the misconduct alleged in his Complaint. Instead, Plaintiff solely seeks to charge Defendant Burge with liability based on his broad supervisory role over the other Defendant officers, *e.g.,* "Defendant Chicago Police Officers working under the command of Jon Burge at Area 3 Violent Crimes." *Complaint* at ¶ 2, *see also Complaint* at ¶¶ 4, 7, 10, and because he was merely present at the Area 3 (in the building) during the same period Plaintiff alleges constitutional deprivations by the other defendant officers. *Complaint* at ¶ 96. Even under the low threshold of federal liberal pleading standards, this is not enough, and Defendant Burge should be dismissed with prejudice from Counts I, III, IV, V, VI, IX, XI, and XIII. *See Lemon v. Joyce*, No. 10 CV 4840, 2010 U.S. Dist. LEXIS 80837, at *7 (N.D. Ill. Aug. 5, 2010) (St. Eve, J.) (dismissing supervisory Defendant for failing to state facts indicating personal involvement or awareness of alleged circumstances giving rise to the complaint).

B. Defendant Burge cannot be held liable for failure to intervene theory (Count II).

For similar reasons, Plaintiff cannot establish that Defendant Burge failed to intervene or failed to prevent the alleged misconduct because he was nether present during nor had knowledge of the alleged occurrences. *See Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 477-8 (7th Cir. 1997) (supervisory official may be liable for failure to intervene only if he is present and has a realistic opportunity to prevent the harm from occurring); *see also Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). In Count II, Plaintiff claims that all defendants knew of the physical violence inflicted upon him and failed to prevent it. This conclusory statement is not supported by any factual allegation; indeed, it is flatly contradicted by Plaintiff's pleading in which he specifically excludes Defendant Burge from being physically present during any occurrence of alleged misconduct. By not being present or having contemporaneous knowledge of the misconduct, Plaintiff cannot establish Defendant Burge had a realistic opportunity to prevent it and this claim should be dismissed. Moreover, Plaintiff cannot bring a failure to intervene claim if the underlying constitutional violation is not viable. *See Fillmore v. Page*, 358 F.3d 496, 505-06 (7th Cir. 2004). Accordingly, if the Court dismisses any of Plaintiff's § 1983 claims, any corresponding failure to intervene claim should also be dismissed.

C. Plaintiff fails to allege Defendant Burge conspired to deprive Plaintiff of his constitutional and other rights (Counts VII, VIII, and XII).

Counts VII, VIII, and XII allege Defendants Maslanka, Moser, Byrne, Caesar, Paladino, Leja, Rusnak, Breska, McCann, McCarthy, Collins and O'Mara conspired to deprive Plaintiff of his constitutional and other rights. *Complaint* at ¶ 29. Absent from Plaintiff's sweeping list of purported conspirators is Defendant Burge. *Complaint* at ¶ 29. There are also no factual allegations that Defendant Burge participated in or of his role in this purported conspiracy. To allege a conspiracy claim under federal law, a plaintiff must set forth the parties to the conspiracy. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). Likewise, "a plaintiff must plead that each Government-official defendant,

4

through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). These deficiencies are fatal to Plaintiff's conspiracy claims against Defendant Burge, and Counts VII, VIII, and XII should be dismissed with prejudice.

## II. Many of Plaintiff's claims are subject to dismissal for alternative reasons

In addition to the foregoing reasons for dismissal of Defendant Burge from the Complaint, many of Plaintiff's claims against Defendant Burge fail and should be dismissed with prejudice for alternative reasons.

### A. Defendant Burge cannot face liability for Plaintiff's "Coerced Confession" claim (Count I) to the extent the claim is premised on the physical abuse.

Count I attempts to bring a "Coerced Confession" claim under 42 U.S.C. § 1983, and asserts violations of Plaintiff's First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Complaint at ¶¶ 113-123. The claim is legally deficient.

#### 1. *There is no First, Fourth, Sixth, or Eighth Amendment protection against a "coerced confession."*

"Coerced confession" claims are only valid under the Fifth and Fourteenth Amendments – not the First, Fourth, Sixth, or Eighth – as the Fifth is the only Amendment that prohibits a person from being compelled to testify against himself, *i.e.*, a coerced statement. U.S. Const. amend. V; *Napolitano v. Ward*, 457 F.2d 279, 282-83 (7th Cir. 1972). A plaintiff may also bring a Fourteenth Amendment substantive due process claim based on police misconduct that results in a confession. *Chavez v. Martinez*, 538 U.S. 760, 773 (2003) (plurality opinion). To the extent Plaintiff makes a "coerced confession" claim under any Amendments other than the Fifth and Fourteenth, the claims should be dismissed with prejudice.

#### 2. *Plaintiff's "coerced confession" claim cannot be premised on the alleged physical abuse.*

To bring a Fifth Amendment claim, a plaintiff must plead not only that a statement was coerced but that it was subsequently used against them in a criminal proceeding. *Chavez*, 538 U.S. 760

at 773. This claim is distinct from a claim of physical abuse. A claim of excessive force is only actionable under the Fourth Amendment, and such a claim accrues the instant that unreasonable force is used. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010). In Illinois, there is a two-year statute of limitation for § 1983 claims of excessive force, even when the allegation is police torture. *Wallace v. Kato*, 549 U.S. 384 (2007); *Wrice v. Burge*, 187 F.Supp.3d 939, 953 (N.D.Ill. 2015) (claim of "torture and physical abuse" under Fourth Amendment subject to dismissal as untimely when filed outside of two-year statute of limitations); *see also Chavez*, 538 U.S. 760 at 773 n.5 ("police torture or other abuse" do not run afoul of the Fifth Amendment and such claims are instead analyzed under the Fourth or Fourteenth Amendments). In his Complaint, Plaintiff claims that officers O'Mara, Collins, Maslanka, Paladino, Ptak, and Byrne were physically abusive, including burning Plaintiff with a clothes iron. *Complaint* at ¶¶ 30, 33, and 34. Putting aside the lack of any personal involvement by Defendant Burge, these allegations are legally insufficient to state a Fifth Amendment claim and, to the extent Plaintiff makes a claim under the Fourth or Fourteenth Amendment, such a claim is untimely. *Wrice*, 187 F.Supp.3d at 953. Plaintiff has no viable § 1983 claim based on the physical abuse occurring in December 1989 and any purported claim should be dismissed with prejudice regardless of the legal theory.

B. **Plaintiff's "Due Process" claim (Count III) should be partially dismissed with prejudice.**

In Count III, Plaintiff asserts a claim under the "Due Process Clause" of the Fourteenth Amendment, asserting all defendants "deliberately withheld exculpatory evidence, as well as fabricated false reports and other evidence[.]" *Complaint* ¶¶ 131-138. Plaintiff fails to distinguish the evidence each of the defendants is accused of withholding or fabricating or even under which Due Process theory the claim is made. Putting this aside, it is reasonably apparent that Plaintiff's "withheld exculpatory evidence" claim is one under *Brady v Maryland*, 373 U.S. 83 (1963), which requires the disclosure of all exculpatory evidence to a criminal defendant. By contrast, fabricated evidence is a

violation of due process when it "is later used to deprive the [criminal] defendant of [their] liberty in some way." *Bianchi v. McQueen*, 818 F.3d 309, 319 (7th Cir. 2016). The fabrication of evidence or withholding of exculpatory evidence that Plaintiff alleges in the Complaint falls into only three possible categories: (1) the circumstances surrounding the alleged abuse of Plaintiff and his statement; (2) Johnson's allegedly false statement and physical abuse; and (3) the statements by Webb, Carla Smith, and Janice Johnson. Defendant Burge cannot be liable under any of those theories. Notwithstanding Defendant Burge's lack of any personal involvement in any of the alleged misconduct forming the basis of Plaintiff's "Due Process" claim, some of these allegations are legally insufficient and should be dismissed with prejudice

1. *Plaintiff's "torture" and statement cannot form the basis of a "Due Process" violation.*

Count III is vague and broad enough to potentially include an allegation that Defendant Burge could be liable for concealing or withholding the circumstances surrounding Plaintiff's physical abuse and false statement. To the extent Plaintiff brings a "Due Process" claim on that theory of liability, it fails as a matter of law and should be dismissed with prejudice. *Brady* requires the production of all exculpatory evidence that is unknown to the criminal defendant. 373 U.S. 83 (1963); *Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007); *Walden v. City of Chicago*, 755 F.Supp.2d 942 (N.D.Ill. 2010). Plaintiff was present for his alleged torture and false statement. It is well-settled that "the police were under no *Brady* obligation to tell [Plaintiff] again that they coerced [him] into confessing." *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1029; *Walden*, 755 F.Supp.2d at 950-51. Indeed, a coerced confession alone can never constitute a *Brady* claim because a plaintiff is aware of his own confessional and that knowledge cannot be "suppressed." *Wallace v. City of Chicago*, 440 F.3d 421, 429-30 (7th Cir. 2006). Accordingly, any *Brady* claim against Defendant Burge should be dismissed with prejudice.

2. *Johnson's physical abuse and fabricated statement cannot form the basis of a "Due Process" violation.*

The Seventh Circuit has "consistently held that a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of [his] liberty in some way." *Whitlock v. Brueggeman*, 682 F.3d 567, 580 (7th Cir. 2012). The use of this false evidence to deprive a person of liberty is mandatory; the Seventh Circuit has ruled "that an accused has no claim against an officer who fabricates evidence and puts the evidence in a drawer, never to be used." *Armstrong v. Daily*, 786 F.3d 529, 553 (7th Cir. 2015); *see also Bianchi*, 818 F.3d at 319; *Whitlock*, 682 F.3d at 582. Based on the factual allegations in the Complaint, Plaintiff appears to assert a Due Process violation based on (1) the physical abuse inflicted upon Johnson and (2) Johnson's false statement implicating Plaintiff in the Benjamin/Wash homicide. Against Defendant Burge, each claim fails as a matter of law. Any due process claim is limited to that statement alone and not the physical abuse inflicted upon Johnson. Physical abuse allegedly inflicted upon Johnson does not amount to a Due Process violation against Plaintiff. Constitutional rights belong to the individual whose rights have been violated and Plaintiff lacks standing to assert an unreasonable use of force claim on behalf of *Johnson. See Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("[A] litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.").[2]

In addition, Plaintiff fails to provide sufficient factual allegations that Johnson's statement was used to deprive him of a liberty interest: he does not claim that it was used at a pre-trial judicial hearing or during his trial. The only allegation on this issue is a conclusory one, *Complaint* at ¶ 74, which is not entitled to a presumption of truth and is not enough to meet Plaintiff's burden. *See McCauley v. City of*

---

[2] Although there is a limited exception, Plaintiff has not made any factual allegations to support a showing that he meets all three required prongs: that he suffered an "injury in fact;" there is a close relationship to the third party; and the third party's ability to protect their interest is hindered. *Powers*, 499 U.S. 400 at 410-11. Moreover, any claim based on the use of force against Johnson is untimely. *Wrice*, 187 F.Supp.3d 939 at 953.

*Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (legal conclusions and conclusory allegations not entitled to presumption of truth and should be excised). To that end, Plaintiff failed to provide sufficient factual allegations to show that Johnson's "fabricated" statement was used to deprive Plaintiff of a recognized liberty interest and, as a result, Plaintiff's "Due Process" claim should be dismissed with prejudice.

C.  <u>Plaintiff's "False Imprisonment" claim (Count IV) should be dismissed as untimely.</u>

Plaintiff's Count IV purports to be a "false imprisonment" claim under Section 1983 for "false imprisonment for thirty (30) years" in violation of his constitutional rights. *Complaint* at ¶¶139-144. This claim is untimely. The Fourth Amendment prohibits all pre-trial detention based on fabricated evidence. *Manuel v. City of Joliet*, 137 S.Ct. 911 (2017) ("*Manuel I*"). The Seventh Circuit determined that a Fourth Amendment pre-trial unreasonable detention claim accrues when the individual is released from pre-trial custody. *Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018) ("*Manuel II*"). In so holding, the Seventh Circuit squarely rejected the notion that such a claim accrues when the criminal charges were dismissed, or the criminal defendant was found not guilty. *Id.* at 669. This was further clarified in *Mitchell v. City of Elgin* as "a Fourth Amendment claim for unlawful pretrial detention accrues when the detention ends, not when the prosecution ends." 912 F.3d 1012, 1015 (7th Cir. 2019) (describing *Manuel II*'s holding). This is because "there is no such thing as a constitutional right not to be prosecuted without probable cause." *Manuel II*, 903 F.3d 667 at 670. These cases have firmly established the constitutional principles that the Fourth Amendment prohibits unreasonable pre-trial detention based on false evidence while the Fourteenth Amendment prohibits a conviction based on fabricated evidence. *Knox v. Curtis*, 771 Fed. App'x 656 (7th Cir. 2019). In other words, an individual's Fourth Amendment claim premised on fabricated evidence accrues when the person is released from custody or **when he was convicted**. *Id.* at *658. Under this standard, Plaintiff's Fourth Amendment claim should be dismissed as untimely.

It cannot be reasonably argued that Plaintiff can bring a claim for his detention from December 27 through 30, 1989. Any Fourth Amendment claim accrued when he was released from custody on December 30, 1989 and any lawsuit must have been initiated within two years. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). Likewise, under *Manuel II*, as explained by *Knox*, any Fourth Amendment claim Plaintiff may have had from the date of his arrest (December 31, 1989) until his conviction (October 8, 1991) accrued on the date he was convicted. *Knox*, 771 Fed. App'x 656 at 658. To that end, he had until October 8, 1993 to initiate a lawsuit based on that pre-trial detention. *Id.*; *see also Mayo v. LaSalle County*, No. 18 CV 1342, 2019 WL 3202809 (N.D. Ill. July 15, 2019) (Tharp, J.). Since Plaintiff did not initiate this present litigation until 2019, his Fourth Amendment claims are untimely.

D. <u>Plaintiff's "Equal Protection" claim (Count V) should be dismissed for failing to plead sufficient factual allegations to support the claim.</u>

The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It "most typically reaches state action that treats a person poorly because of the persons' race or other suspect classification, such as sex, national origin, religion, political affiliation, among others, or because the person has exercised a 'fundamental right.'" *Abcarian v. McDonald*, 617 F.3d 931, 938 (7th Cir. 2010). To establish a prima facie case of discrimination under the Equal Protection Clause, the plaintiff must show that "he is a member of a protected class, and that he was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). He must also allege that the defendant was "motivated by a discriminatory purpose." *Chavez v. Ill. State Police*, 251 F.3d 612, 635-36 (7th Cir. 2001). While courts must take factual allegations as true when weighing a motion to dismiss, this presumption of truth does not extend to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* Here, Plaintiff does nothing more

10

than simply recite the elements of an Equal Protection claim without any supporting factual allegations. *Complaint* at ¶¶ 146-147. As such, the Equal Protection claim should be dismissed.

E.    Plaintiff's "Right to Counsel" claim (Count VI) should be dismissed with prejudice.

In Count XI, Plaintiff asserts his "right to counsel" was violated. *Complaint* at ¶¶ 153-158. It is black letter law that the Sixth Amendment's right to counsel does not attach until "at or after the initiation of adversary criminal proceedings – whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *United States v. Stadfeld*, 689 F.3d 705, 711 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rothgery v. Gillespie Cnty., Rex.*, 554 U.S. 191, 213 (2008). This extends to pre-indictment interviews with law enforcement, *United States v. Thomas*, 39 F.Supp.3d 1015, 1021-22 (N.D.Ill. 2014), and pre-indictment lineups. *United States v. Larkin*, 978 F.2d 964, 969 (7th Cir. 1992); *US ex rel Wilson v. Peters*, 60 F.Supp.2d 777 (N.D.Ill. 1999); *Jerricks v. Bresnahan*, 880 F.Supp. 521 (N.D.Ill. 1995). The only alleged misconduct occurred prior to Plaintiff's arrest (and did not involve Plaintiff). *Id.* at ¶¶ 53-55. Or, quite simply, prior to the initiation of Plaintiff's criminal proceedings. Thus, Plaintiff's "right to counsel" claim lacks any factual or legal merit and should be dismissed with prejudice.

F.    Plaintiff fails to plead sufficient facts to support his "Denial of Access to the Courts" claim (Count IX).

The First and Fourteenth Amendments provide an individual a right to pursue legal redress for claims which have a reasonable basis in law and fact. *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995). To prove a violation of this right, a plaintiff must show (1) a state action frustrated his efforts to pursue a non-frivolous claim, and (2) he suffered an actual, concrete injury as a result. *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). A denial of access to the courts arises only where an alleged cover-up is to some extent successful. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000) ("[A]n attempt to cover up police wrongdoing which succeeded only briefly in hiding the facts from the plaintiffs, and which ultimately neither prevented the plaintiffs from pursing relief nor

reduced the value of their claim, was not actionable under Section 1983."). Here, Plaintiff merely asserts the conclusory statement that he has been deprived of "certain constitutional claims against certain potential defendants" but fails to identify which claims and which defendants. *Complaint* at ¶ 178. A similar situation occurred in *Hobbs v. Cappelluti*, 899 F.Supp.2d 738 (N.D.Ill. 2012). In *Hobbs*, an exonerated prisoner failed to identify how his ability to bring the present lawsuit was deprived or diminished by officers involved in the investigation that led to his conviction. *Id.* at 775. As a result, the plaintiff's denial of access to the courts claim was dismissed. *Id.* So too here does Plaintiff fail to identify the concrete injury with any specificity. More than that, other than the conclusory Paragraph 178 – which is not entitled to the presumption of truth – Plaintiff did not assert that any of the Defendants were involved in any denial of access to the courts. Accordingly, the Court should dismiss this claim with prejudice.

G.  Plaintiff's malicious prosecution claim (Count XI) should be dismissed.

To plead a malicious prosecution claim, a plaintiff must allege (1) a defendant commenced or continued a criminal prosecution against them; (2) the proceedings terminated in plaintiff's favor; (3) there was no probable cause to support the prosecution; (4) the defendant acted with malice; and (5) plaintiff suffered damages. *Swick v. Liautaud*, 169 Ill.2d 504, 512 (1996). The Illinois Supreme Court recently analyzed the "commence or continue" aspect and held that, in order the meet this element, the plaintiff must show that "the defendant's conduct is both the cause in fact and a proximate cause of the commencement or continuation of the ongoing criminal proceedings." *Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 46 (Illinois Supreme Court 2019). This is done by examining whether the defendant "played a significant role in the plaintiff's prosecution." *Id.* Plaintiff's Complaint is devoid of any allegation that Defendant Burge was involved in the criminal proceeding in any way, let alone that he played a significant role in the prosecution. Absent any showing of commencing or continuing the prosecution, Plaintiff's malicious prosecution claim against Defendant Burge fails as a matter of law.

H. Plaintiff's "Intentional Infliction of Emotional Distress" (IIED) claim (Count XIII) should be dismissed as untimely.

Illinois law mandates that any claims brought against public employees must be initiated within one year of the date the claim accrued. 745 ILCS 10/8-101(a); *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006); *Wrice*, 187 F.Supp.3d at 957; *Taylor v. City of Chicago*, 80 F.Supp.3d 817, 828 (N.D.Ill. 2015). It is firmly established that "a claim of intentional infliction of emotional distress in the course of arrest and prosecution accrues on the date of the arrest." *Bridewell v. Eberle*, 730 F.3d 672, 678 (7th Cie. 2013); *Evans*, 434 F.3d at 934; *Grayson v. City of Aurora*, 157 F.Supp.3d 725, 747 (N.D.Ill. 2016). Any notion that IIED is a "continuing tort" that "accrues anew every day" of an allegedly wrongful imprisonment, even if the conviction is eventually overturned, has been flatly rejected. *Bridewell*, 730 F.3d at 678; *Wrice*, 187 F.Supp.3d at 957; *Taylor*, 80 F.Supp.3d at 828. Plaintiff did not bring his claim until 2019, far beyond the dates of his arrest and prosecution. As such, the claim is untimely and should be dismissed with prejudice.

III. **Certain Claims Against The City Should Be Dismissed.**

Plaintiff asserts a *Monell* claim against the City in Count X, in which Plaintiff realleges paragraphs 1 through 112 of the Complaint as part of Count X. Paragraphs 1 through 12 similarly form the basis for plaintiff's federal claims in Counts I through IX. (Complaint, ¶182). Count X therefore is dependent on the federal law claims asserted in Counts I through IX. To the extent Counts I through IX, or portions thereof, are subject to dismissal, plaintiff's *Monell* claim against the City in Count X, to the extent based on those insufficient claims, should be dismissed as well.

To prevail on a §1983 claim against the City, a plaintiff must show: 1) a violation of his constitutional rights; 2) an injury; and 3) that the injury and violation of rights was directly caused by the City's own action or inaction that carried the requisite degree of fault. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 117 S.Ct. 1382 (1997). The United States Supreme Court recognized that §1983 liability cannot attach to a municipality in the absence of an actionable

13

constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571 (1986) (If there is no violation of the plaintiff's constitutional rights by a police officer, "it is inconceivable" the municipality could be liable pursuant to a *Monell* claim). Municipal liability for a constitutional injury under *Monell* "requires a finding that the individual officer is liable on the underlying substantive claim." *Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000), *quoting Tesch v. County of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998). Where a plaintiff cannot establish a constitutional injury, he has no *Monell* claim against the municipality. *Durkin v. City of Chicago*, 341 F.3d 606, 615 (7th Cir. 2003). Without allegations sufficiently setting forth actionable constitutional violations in the §1983 counts, plaintiff's *Monell* claims based on those counts fail as a matter of law. To the extent Counts I through IX of the Complaint, or portions thereof, are dismissed as insufficient, plaintiff's *Monell* claim in Count X, to the extent based on those insufficient claims, should likewise be dismissed.

The Complaint also asserts vicarious theories of recovery against the City in Count XIV *(respondeat superior)* and Count XV (indemnity statute). To the extent plaintiff's federal and/or state law claims are dismissed pursuant to this motion, there is no remaining basis to impose vicarious liability against the City through the dismissed counts. Section 2-109 of the Tort Immunity Act provides that a "local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable." (745 ILCS 10/2-109). Where a municipal employee is not liable by virtue of a common law defense or statutory immunity, the local unit of government for which that employee works enjoys similar protection by virtue of Section 2-109 of the Act. *See, e.g., Sank v. Poole*, 231 Ill. App. 3d 780, 596 N.E.2d 1198, 1203 (4th Dist. 1992). As set forth above by the individual defendants, multiple claims of the Complaint are untimely or otherwise improper and should be dismissed. To the extent those counts are dismissed against the individual defendants, there is no remaining basis to impose vicarious liability on the City pursuant to plaintiff's derivative *respondeat*

*superior* and indemnification claims. The portions of Count XIV and Count XV seeking vicarious relief against the City pursuant to claims that are dismissed likewise should be dismissed.

## CONCLUSION

For the reasons discussed above, the Court should dismiss all claims against Defendant Estate of Jon Burge. Defendant City of Chicago respectfully requests that, to the extent any federal or state claims against Defendant Burge are dismissed, that the Court likewise dismiss any *Monell* claim premised on the dismissed federal claim and dismiss any vicarious liability theory premised on the dismissed state claims.

Dated: October 14, 2019

Respectfully submitted,

/s/ James V. Daffada
James V. Daffada
*One of the Attorneys for Defendant Estate of Burge*

/s/ Paul Michalik
Paul Michalik
*One of the Attorneys for Defendant City of Chicago*

James V. Daffada
Thomas M. Leinenweber
Michael J. Schalka
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 663-3003
thomas@ilesq.com
jim@ilesq.com

REITER BURNS LLP
Daniel Noland
Paul Michalik
Elizabeth Ekl
Katherine Morrison
311 South Wacker, Suite 5200
Chicago, IL 60606
(312) 982-0090

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 14, 2019, I electronically filed the foregoing **Defendant Jon Burge's Motion to Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ James V. Daffada
James V. Daffada
*One of the Attorneys for Defendant Estate of Jon Burge*