**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES GIBSON, | ) | |
| | ) | Case No. 19 CV 4152 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Ellis |
| v. | ) | |
| | ) | Magistrate Judge Weisman |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MOSER'S AND CITY OF CHICAGO'S
REPLY IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS**

Defendant William Moser, through his attorneys Hale & Monico LLC, respectfully submits this reply memorandum in support of his partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant City of Chicago ("City"), though its attorneys Reiter Burns LLP, respectfully joins Defendant Moser's reply. In support, Defendant Moser and Defendant City state:

**INTRODUCTION**

Defendant Moser moved to partially dismiss several of the claims brought against him by Plaintiff James Gibson, specifically to dismiss Counts IV, V, VI, VII, VIII, IX, XII, and XIII in their entirety and Counts I, II, III, and XI in part. *Docket No. 47*. The City joined the motion to the extent Plaintiff's *Monell* and derivative state law claims were premised on claims that the Court dismissed. Plaintiff fails to address the substance of Defendant Moser's motion and, to the extent he does respond, he relies on easily distinguishable case law or merely makes perfunctory arguments in opposition. *Docket No. 64*. The Court should not be persuaded by Plaintiff's argument and should grant Defendant Moser's motion in full.

1

**ARGUMENT**

**I.      Count I should be partially dismissed with prejudice.**

Defendant Moser moved to partially dismiss Count I on several basis: (1) that the claim may only be premised on either the Fifth or Fourteenth Amendments and (2) that the claim cannot be based on the use of physical force in December 1989.

The Fifth and Fourteenth Amendments prohibit the use of an individual's compelled statement against them during a criminal proceeding. *Chavez v. Martinez*, 538 U.S. 760, 765, 773 (2003) (plurality opinion) (Fifth and Fourteenth Amendments prohibit compelled statements from being used against the individual in a criminal proceeding). By contrast, the First, Fourth, Sixth, and Eighth Amendments provide no such constitutional limitation. *Id.* Accordingly, Defendant Moser moved to dismiss any "coerced confession" claim premised on those four latter amendments. *Docket No. 47* at 3. Plaintiff makes no argument suggesting he can maintain such a claim – and doing so would have been without merit – thus waiving any opposition to Defendant Moser's motion. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 n.1, 721 (7th Cir. 2011) (forfeiture occurs where the "litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss"); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010); *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2006) (failure to offer any opposition to argument constituted a waiver); *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action."). To that end, the Court should dismiss any aspect of Count I based on the First, Fourth, Sixth, or Eighth Amendments.

Similarly, the Court should dismiss Count I to the extent it includes a claim of excessive or unreasonable force. Plaintiff explains in detail the alleged "torture" that was inflicted upon him throughout his Complaint. It is undisputed that the claimed physical abuse occurred in December

1989. A claim of an excessive use of physical force by a police officer is governed by the "reasonableness standard" of the Fourth Amendment and a legal claim accrues upon the use of force against a civilian. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Evans*, 603 F.3d at 363. In Illinois, all § 1983 claims are subject to a two-year statute of limitations and claims first initiated outside of that period are untimely. *Wallace v. Kato*, 549 U.S. 384 (2007); *Wrice v. Burge*, 187 F.Supp.3d 939, 953 (N.D.Ill. 2015 (claim of physical torture and abuse subject to two-year statute of limitations). Here, Plaintiff pleads that the physical force was used against him in December 1989. *Complaint* at ¶¶ 30, 33, 34. Any claim premised on that use of force accrued immediately and, under the law, Plaintiff had until December 1991 to initiate any lawsuit premised on the use of force. Since he did not bring this lawsuit until 2019, Plaintiff's claim is untimely and subject to dismissal.

Plaintiff's Response appears to conflate a *Fifth* Amendment claim of a compelled statement and a *Fourth* Amendment claim of excessive force. *See Docket No. 64* at 7-8. The two theories are very different. *Chavez*, 538 U.S. at 773 ("police torture or other abuse" does not run afoul of the Fifth Amendment and such claims must be analyzed under the Fourth or Fourteenth Amendments); *Wrice*, 187 F.Supp.3d at 953. Defendant Moser did not argue that Plaintiff cannot maintain a Fifth Amendment claim on the statement itself but, rather, that Plaintiff cannot include a claim based on the physical force used against him in December 1989. *Docket No. 47* at 4-5. Given that Plaintiff did not respond directly to this argument, he has waived any opposition. *Bonte*, 624 F.3d at 466. To the extent his argument is responsive, it is not persuasive as it is firmly established that Fourth Amendment claims must be filed within two years of the use of force. *Wrice*, 187 F.Supp.3d at 953. For that reason, the Court should grant Defendant Moser's motion to dismiss Count I to the extent it is premised on the use of force in December 1989.

## II. Count III should be partially dismissed with prejudice.

Defendant Moser moved to partially dismiss Count III, Plaintiff's Due Process claim. *Docket No. 47* at 5-7. In his Response, Plaintiff assets that his "Due Process" claim is only based on three things: (1) the alleged line-ups in which Plaintiff was a participant; (2) the "threats and coercion" used to get the statements of Janice Johnson, Carla Smith, and Fernando Webb, and (3) not disclosing a "pattern and practice of police abuse" by officers in Areas 2 and 3 that Plaintiff could have used to impeach the credibility of Janice Johnson, Carla Smith, and Fernando Webb. *Docket No. 64* at 8-9.

As an initial matter, Plaintiff's failure to address Defendants' motion to dismiss on any issue save for the three theories outlined above constitutes an abandoning of the claims on any other legal theory. *Alioto*, 651 F.3d at 721 ("Long-standing under our case law is the rule that a person waives an argument by failing to make it before the district court."). As such, Plaintiff has waived any argument that his "Due Process" claim is premised on either (1) Plaintiff's own "torture" or (2) any of the misconduct allegedly committed against Eric Johnson/Eric Smith AKA "KD". *Docket No. 49* at 6-7.

As to Plaintiff's three remaining theories of liability, Defendant Moser is still entitled to a partial dismissal of the claims. In regards to his line-up claim, Plaintiff does not assert that Defendant Moser was personally involved in completing the line-ups in which Plaintiff participates or even that Defendant Moser has knowledge that the line-ups occurred; rather, Plaintiff asserts that the line-ups were conducted by Officers O'Mara, Collins, Maslanka, Paladino, and McCann. *Docket No. 1-1* ("Complaint") at ¶ 29. In order to face liability for a claim brought pursuant to 42 U.S.C. § 1983, an individual is required to have personally caused or participated in the alleged constitutional violation. *Minix v Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010). Given

the lack of any personal involvement, Defendant Moser cannot face liability over the failure to disclose Plaintiff's participation in any line-ups during the criminal proceeding.

Putting that aside, Plaintiff's participation in the line-ups, even if withheld by police officers from the prosecuting attorneys, would not be a Due Process Violation. *Brady v. Maryland* requires the disclosure of exculpatory and impeaching evidence to the criminal defendant. 373 U.S. 83 (1963); *see also United States v. Bagley*, 473 U.S. 667, 676 (1985). In order to prevail on a civil *Brady*-based due process claim against a police officer, a plaintiff must demonstrate that the evidence in question was favorable to him, the police "suppressed" the favorable evidence, and prejudice ensued because the suppressed evidence was material. *Anderson v. City of Rockford*, 932 F.3d 494, 504 (7th Cir. 2019). "Evidence is suppressed for *Brady* purposes if the 'prosecution failed to disclose evidence that it or law enforcement was aware of before it was too late for the defendant to make use of the evidence' and 'the evidence was not otherwise available to the defendant through the exercise of reasonable diligence.'" *Id.* at 504-05 (citing *Boss v. Pierce*, 263 F.3d 734, 740 (7th Cir. 2001)). Even if law enforcement withheld the fact that Plaintiff was in a line-up, it was neither material nor unknown to the Plaintiff. Evidence is "material" is there is a 'reasonable probability' that the result would have been different had the suppressed evidence been put before the jury. *Id.*; *Goudy v. Cummings*, 922 F.3d 834, 842 (7th Cir. 2019). Plaintiff does not allege – nor is it even a reasonable inference to be made – as to who viewed the line-ups or even if the line-up was connected to the Benjamin/Wash homicide investigation or if Plaintiff merely acted as a filler for another crime. Given the lack of details, it cannot be said that the line-ups were "material" for *Brady* purposes. Further, Plaintiff *knew* he participated in the line-ups. *Brady* only mandates disclosure of information "*not otherwise available to the defendant through the exercise of reasonable diligence.*" *Anderson*, 932 F.3d at 504-05 (emphasis added). In other words, Plaintiff

already possessed the information and the failure to disclose it was not prejudicial given his pre-existing knowledge. *See, e.g. Harris v. Kuba*, 486 F.3d 1010, 1015 (7th Cir. 2007) (government not required to disclose information the criminal defendant already knew). To that end, Plaintiff is not able to maintain a *Brady* claim based on the line-ups and it should be dismissed with prejudice.

In addition, Plaintiff's claim that the alleged non-disclosure of a "pattern and practice of abuse" of witnesses violated *Brady* should not persuade the Court that Plaintiff can maintain a claim in this litigation. *Brady* mandates the disclosure of exculpatory evidence – including impeaching evidence – to a criminal defendant prior to trial to be used by the criminal defendant in his case. *Bagley*, 473 U.S. at 676. "Exculpatory evidence" is "evidence tending to establish a criminal defendant's innocence" while "impeachment evidence" is "evidence used to undermine a witness's credibility." *Garcia v. Hudak*, 156 F.Supp.3d 907, 915 (N.D.Ill. 2016). Plaintiff asserts that he knew the testimony of Janice Johnson, Carla Smith, and Fernando Webb was false because Plaintiff never had the conversations those witnesses claimed to have overheard and he could not have been observed shooting Benjamin and Wash because he did not shoot them; as such, Plaintiff was able to attack their credibility and their motivation for their testimony. How officers treated witnesses other than Janice, Carla, and Fernando in criminal investigations for crimes other than the Benjamin/Wash homicides is simply not relevant to Plaintiff's own criminal proceeding and would not have undermined those witnesses' credibility. So, while Plaintiff may bring a "Due Process" claim based on the alleged fabrication of those witness's statements, the Court should not expand *Brady* to include non-relevant conduct in different criminal investigations and find that Defendant Moser can face civil liability in this matter.

### III. Plaintiff's "False Imprisonment" claim (Count VI) is untimely.

In this matter, Plaintiff purports to bring a § 1983 "False Imprisonment" claim. It should be dismissed as untimely. The Seventh Circuit has firmly established that a Fourth Amendment unreasonable pre-trial detention claim accrues when the individual is released from pre-trial custody, either due to having the charges dismissed or being convicted. *Know v. Curtis*, 771 Fed.Appx. 656, 658 (7th Cir. 2019). That is because "a Fourth Amendment claim for unlawful pretrial detention accrues when the detention ends, not when the prosecution ends." *Mitchell v. City of Elgin*, 912 F.3d 1012, 1015 (7th Cir. 2019) (describing the holding of *Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018) ("*Manuel II*")).

The Honorable Chief Judge Pallmeyer was recently confronted with a nearly identical question in *Brown v. City of Chicago*, No. 18 CV 7064, 2019 WL 4958214 (N.D.Ill. Oct. 8, 2019) (Pallmeyer, CJ). In *Brown*, the plaintiff was convicted for arson in 1990 and again in 2008 after a new trial was granted. Criminal charges eventually were dropped in 2017 after the 2008 conviction was vacated. *Id.* at *1. In 2018, the plaintiff then brought a "federal malicious prosecution" claim based in part on the time he spent in custody prior to his convictions, *id.*, and the defendants moved to dismiss. Judge Pallmeyer rejected the plaintiff's attempt to recast his claim as one for unlawful pretrial detention under *Manuel*. The court agreed with the defendants that such a claim would be untimely, reasoning that "[w]hile the Seventh Circuit in *Manuel II* held that a claim for pretrial detention without probable cause begins to accrue when the pretrial detention ends, *Knox* clarified that pretrial detention can be considered as ending upon conviction." *Id.* (citations omitted). The court further explained "any unlawful pretrial detention claim that Plaintiff might have asserted would be time-barred under Seventh Circuit precedent holding that such a claim is not subject to the delayed accrual rule from *Heck*." *Id.* at *3 (citing *Knox*, 771 Fed. Appx. 658-59). Finally, the court rejected the notion that *McDonough v. Smith*, 139 S.Ct. 2149 (2019), rescued the claim as

7

*McDonough* was grounded in concern for "avoiding collateral attacks on criminal judgments through civil litigation" while a Fourth Amendment claim is no such attack. *Id.*

In his Response, Plaintiff's woefully insufficient argument relies solely on *Manuel II* in arguing that his false imprisonment claim accrued when he was released from custody after having his conviction vacated. *Docket No. 64* at 11-12. This argument ignores *Michell* and *Knox*, both of which are Seventh Circuit cases construing *Manuel II* and confirming its holding that an unreasonable pretrial detention claim accrues when the person is convicted. In other words, Plaintiff's argument on the accrual of his claim has been heard and rejected by the Seventh Circuit and other courts.

Following *Michell*, *Knox*, and *Brown*, Plaintiff's Fourth Amendment unreasonable pretrial detention claim is time-barred, and Count IV should be dismissed with prejudice.

### IV. Count V should be dismissed as insufficiently pled.

Plaintiff's Equal Protection claim is nothing more than "[t]hreadbare recitals of the elements of a cause of action [and] supported by mere conclusory statements[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). As such, his allegations are insufficient to state a claim. *Id.*

Plaintiff's Response should do nothing to persuade the Court that he had stated a sufficiently pled claim. He merely points to the use of one facial slur by Defendant Paladino and his conclusory statement that all Defendants tortured other minority suspects. *Docket No. 64* at 12-13 (referencing *Complaint* ¶¶ 30, 147). One fact that another defendant used a racial slur and a conclusory statement is not sufficient to plead a claim against Defendant Moser. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (plaintiff must show he was a member of a protected class and treated differently from unprotected class); *Chavez v. Ill. State Police*, 251 F.3d 612, 635-36 (7th Cir.

8

2001) (plaintiff must allege defendant "motivated by a discriminatory purpose."). For that reason, the Court should dismiss this claim with prejudice.

### V. Plaintiff's "Right to Counsel" claim (Count VI) should be dismissed with prejudice.

Defendant Moser moved to dismiss Plaintiff's "Right to Counsel" claim on the basis that no such right was violated. *Docket No. 49* at 11. In his Response, Plaintiff abandons any Sixth Amendment counsel claim – which was the basis of Defendants' motion – and clarifies his claim that Count VI is actually a Fifth Amendment right to counsel claim, although he fails to explain whether his claim is based on a failure to receive *Miranda* warnings or not having an attorney present during questioning. *Docket No. 64* at 13. Plaintiff's claim should still be dismissed with prejudice.

To proceed on a constitutional claim pursuant to § 1983, a plaintiff must allege that he was deprived of a constitutional right. Failure to issue *Miranda* warnings concerns the Fifth Amendment right against self-incrimination. *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1024 (7th Cir. 2006). A failure to issue *Miranda* warnings implicates only the right against self-incrimination, and does not create a constitutional right to receive the warnings themselves. *Id*. Likewise, the right to counsel created by *Edwards v. Arizona*[1] is not the source of a stand-alone constitutional claim, because the right to counsel is "derived from the holding of *Miranda*." *Uhde v. Adams Cnty., Wisc. Sheriff's Off.*, 2003 WL 23142254, at *6 (W.D. Wis. July 22, 2003). In other words, the failure to provide counsel does not create a cause of action under Section 1983 unless the plaintiff demonstrates that the statements he made to defendants without an attorney being present were used against him in a criminal case. *See Sornberger*, 434 F.3d at 1023-24.

---

[1] 451 U.S. 477 (1981).

Plaintiff already has a Fifth Amendment claim based on the allegedly compelled statements being used against in the criminal proceeding. *See* Count I. The failure to provide an attorney to prevent the compelling of the statements is not an independent cause of action because the right to counsel is a prophylactic rule designed to safe-guard the right against self-incrimination. *Sornberger*, 434 F.3d at 1023-24. Thus, Plaintiff cannot maintain a Fifth Amendment right to counsel claim.

But a more direct issue with Plaintiff's Fifth Amendment claim is that he never alleged that he invoked his right to counsel. In the seminal *Miranda v. Arizona*, the Supreme Court held that an interrogation must cease when the accused demands an attorney. 384 U.S. 436, 474 (1966); *see also Edwards*, 451 U.S. at 484-85. However, for this right to be asserted, the accused must have actually invoked his right to counsel. *E.g. McNeil v. Wisconsin*, 501 U.S. 171, 178 (1991); *also Davis v. United States*, 512 U.S. 452, 459 (1994) ("the suspect must unambiguously request counsel."). Plaintiff's Complaint is devoid of any allegation – and he fails to point to any factual support – to show that he unambiguously invoked his right to counsel and was then subsequently questioned by the police. Given the complete absence of any facts to establish such a violation of this constitutional protection, Plaintiff's right to counsel claim should be dismissed with prejudice.

**VI. Plaintiff's "Denial of Access to the Courts" claim (Count IX) should be dismissed.**

Defendants Moser moved to dismiss Plaintiff's "denial of access to the courts" claim as insufficiently plead. *Docket No. 49* at 12. In his Response, Plaintiff relies heavily on *Bell v. City of Milwaukee* in arguing he has stated a viable denial of access to the courts claim. 746 F.3d 1205 (7th Cir. 1984). To the extent *Bell* remains good law - *see Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005) (overruling *Bell* in part) – it is easily distinguishable from the instant case.

In *Bell*, a police officer shot an unarmed African-American man in 1958 and then planted a knife on him to substantiate the officer's claim of self-defense. 746 F.2d at 1215-16. Other police officers then falsified evidence to prevent the plaintiff – who was not present during the shooting – from learning of the misconduct. *Id.* at 1222-23. In other words, the plaintiff's right to seek legal redress was rendered hollow.

By contrast, Plaintiff here suffered no such complete prohibition of his right to seek legal redress. Plaintiff knew of the alleged misconduct because he claims that he was tortured. It is illogical for Plaintiff to argue that he did not know the facts of his own alleged physical abuse. Likewise, unlike the plaintiff in *Bell* who had no such knowledge, Plaintiff here *knew* that the testimony of Janice Johnson, Carla Smith, and Fernando Webb allegedly was false because Plaintiff claims that (1) he never had any conversations with Johnson or Smith about bullets, a firearm, or a robbery and (2) that he did not commit the Benjamin/Wash homicide so Webb could not have seen him shoot the victims. In other words, Plaintiff had sufficient information to pursue a claim. *See Rossi v. City of Chicago*, 790 F.3d 729, 736 (7th Cir. 2015) (officer cannot be liable under a right to judicial access claim for concealing facts already known to the plaintiff).

### VII. The Court should dismiss Plaintiff's failure to intervene claim against Defendant Moser.

In order to be liable under a failure to intervene theory, a defendant must have had knowledge of the misconduct of another officer and have had a realistic opportunity to prevent the constitutional harm. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Defendant Moser moved to dismiss on the basis that he was not alleged to have been present during the alleged torture of Plaintiff and that Plaintiff cannot bring a failure to intervene claim against Defendant Moser based on Moser's own alleged conduct. *Docket No.* 49 at 12-13.

Plaintiff's response to this argument is so woefully underdeveloped that it should be deemed a waiver of any opposition. *See, e.g. Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (arguments that are "undeveloped, conclusory, or unsupported by law" are waived). Indeed, the response is limited to (1) Plaintiff's rights were violated and (2) the other officers present had a duty to intervene. *Docket No. 64* at 15. Or, in other words, Plaintiff failed to argue why Defendant Moser should not have this claim dismissed when he was not present during some of the misconduct and did not have a realistic opportunity to intervene. Nor does Plaintiff contest the fact that Defendant Moser cannot be liable under a failure to intervene theory if Moser himself is alleged to have committed the misconduct. Given his lack of a responsive argument, the Court should grant Defendant Moser's motion and dismiss this claim.

### VIII. Plaintiff's "Intentional Infliction of Emotional Distress" (IIED) claim (Count XIII) should be dismissed with prejudice.

An intentional infliction of emotional distress claim must be brought against a public employee – such as a police officer – within one year of the date the cause of action accrues. 745 ILCS 10/8-101(a). An IIED claim based on a false arrest accrues on the date of the arrest. *Bridewell v. Eberle*, 730 F.3d 672, 678 (7th Cir. 2013); *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006).

Instead of responding to the two Seventh Circuit cases establishing this law, Plaintiff points to *Hobley v. Burge*, a 2004 unpublished district court opinion. *Docket No. 64* at 16. The Court should not be persuaded to follow a 2004 unpublished district court opinion and ignore two binding Seventh Circuit opinions that Plaintiff failed to address. On that basis, the Court should dismiss the IIED claim as untimely.

**IX. Plaintiff's "Conspiracy" claims (Counts VII, VIII, and XII) are solely based on conclusory statements that do not rise above the speculative level and each claim should be dismissed.**

Federal Rule of Civil Procedure 8 requires that a plaintiff give "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to meet this standard, the plaintiff must have well-pleaded, nonconclusory factual allegations that "give rise to a plausible suggestion of conspiracy." *Iqbal*, 556 U.S. at 680. However, even before *Twombly* and *Iqbal*, "conspiracy allegations were often held to a higher standard than other allegations; mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her was not enough." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

Defendant Moser moved to dismiss on the basis that Plaintiff's conspiracy claims are nothing more than assertions that everyone adverse to him or involved in the Benjamin/Wash homicide investigation must have conspired against him. In other words, Plaintiff merely relies on a suspicion that everyone adverse to him was part of a wide-ranging conspiracy to frame him – a speculation devoid of realistic support. *Cooney*, 583 F.3d at 971.

In responding, Plaintiff does nothing more than assert he has pled the elements of a conspiracy claim and simply points toward two speculative theories that the Individual Defendants conspired with each other to frame Plaintiff and with members of the Office of Professional Standards to sweep civilian complaints under the rug. *Docket No. 64* at 16-17. Other than these conclusory statements, which are entirely lacking any factual support, Plaintiff provides nothing of substance in response to Defendant Moser's arguments. Given the lack of factual support for his conspiracy claims, the Court should dismiss the claim.

13

### X. Plaintiff cannot bring a § 1983 claim based on a failure to investigate theory of liability.

Plaintiff does not contest the fact that he cannot maintain a § 1983 action premised on an alleged faulty, incomplete, or inadequate criminal investigation. As such, the Court should gran Defendant Moser's motion to dismiss and/or bar Plaintiff from pursuing a civil claim on this legal theory.

### XI. Defendant Moser has absolute immunity for any court testimony.

Plaintiff does not contest the fact that Defendant Moser has absolute immunity for in-court testimony. As such, the Court should gran Defendant Moser's motion to dismiss and/or bar Plaintiff from pursuing a civil claim on this legal theory.

### XII. The Court should dismiss any *Monell* or other derivative claims against the City to the extent based upon claims against Defendant Moser that are subject to dismissal.

The City moved to dismiss any *Monell* claim to the extent based on a claimed constitutional violation committed by Defendant Moser that was subject to dismissal. *Docket No. 47* at 15-17; *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Durkin v. City of Chicago*, 341 F.3d 606, 615 (7th Cir. 2003) (if a plaintiff cannot establish a constitutional injury, he cannot pursue a *Monell* claim). Plaintiff misconstrued the City's argument to be seeking dismissal of the *Monell* claim in its entirety. The City made no such argument, so Plaintiff's response should be disregarded. Should the Court dismiss any § 1983 claim against Defendant Moser, the Court should likewise dismiss any *Monell* claim based upon the alleged conduct underlying the dismissed claims.

Similarly, any state law claim against Defendant Moser that is dismissed would warrant dismissal of Plaintiff's *respondeat superior* and indemnity claims to the extent based on that alleged misconduct. 745 ILCS 10/2-109; *Docket No. 47*, at 15-17.

## CONCLUSION

For the reasons discussed above and those put forth in *Defendant Moser's and City of Chicago's Motion to Dismiss* (*Docket No. 47*), the Court should dismiss Counts IV, V, VI, VII, VIII, IX, and XIII in their entirety and dismiss Counts I, II, III, and XI in part as to Defendant Moser. In addition, to the extent any Federal or State law claims are dismissed, the Court should dismiss any *Monell* claim based on the dismissed constitutional claim and the *respondeat superior* and indemnity claims based on the dismissed state law claims.

Respectfully submitted,

For Defendant Moser:
*/s/ Shawn W. Barnett*
Attorney No. 6312312

For Defendant City of Chicago:
*/s/Paul A. Michalik*
Attorney No. 6198674

HALE & MONICO LLC
Andrew Hale
Barrett Boudreaux
Shawn W. Barnett
53 West Jackson, Suite 337
Chicago, IL 60604
(312) 870-6905

REITER BURNS LLP
Daniel Noland
Paul Michalik
Elizabeth Ekl
Katherine Morrison
Daniel Burns
311 South Wacker, Suite 5200
Chicago, IL 60606
(312) 982-0090

**Certificate of Service**

I, the undersigned attorney, certify that I caused this motion to be filed with the Clerk of the Northern District of Illinois using the Court's electronic filing system. As a result, copies of the filed document were electronically served upon all counsel of record. A paper courtesy copy of the filed motion may have been provided to the Court depending upon the Court's standing order.

*/s/ Shawn W. Barnett*