**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES GIBSON, | ) | |
| | ) | Case No. 19 CV 4152 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Ellis |
| v. | ) | |
| | ) | Magistrate Judge Weisman |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS MASLANKA, PALADINO, BYRNE, AND**
**CITY OF CHICAGO'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants, Anthony Maslanka, John Paladino, John Byrne and City of Chicago respectfully submit this reply memorandum in support of their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and state:

## INTRODUCTION

Defendant Maslanka, Paladino, and Byrne ("Defendants") moved to dismiss all claims brought against them by Plaintiff James Gibson. *Docket No. 42*. The City joined their motion to the extent any of Plaintiff's *Monell* allegations were premised on alleged constitutional violations that the Court dismissed. *Id.* at 15. In his Response, Plaintiff fails to address the majority of Defendants' arguments and, to the extent his arguments are responsive, he relies on easily distinguishable caselaw and overruled precedent. *Docket No. 64*. In short, the Court should not be persuaded by anything in Plaintiff's Response and should grant Defendant Maslanka, Paladino, and Byrne's motion to dismiss with prejudice.

# ARGUMENT[1]

## I. Plaintiff's "coerced confession" claim (Count I) should be dismissed with prejudice as to Defendants Maslanka, Paladino, and Byrne.

Defendants moved to dismiss Plaintiff's "coerced confession" claim on multiple grounds. First, Plaintiff's allusions to the First, Fourth, Sixth, and Eight Amendments is a nullity as none of those amendments establish a right to be free from a compelled statement. *Chavez v. Martinez*, 538 U.S. 760, 765, 773 (2003) (plurality opinion) (Fifth and Fourteenth Amendments prohibit compelled statements from being used against the individual in a criminal proceeding). Second, Defendants moved to dismiss any theory of liability based on the alleged physical force used against Plaintiff in December 1989 on the basis that it was time-barred. *Wrice v. Burge*, 187 F.Supp.3d 939, 953 (N.D.Ill. 2015) (claim of "torture and physical abuse" under Forth Amendment subject to dismissal when filed outside of the two-year statute of limitations); *also Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) (Fourth Amendment claim on an unreasonable use of force accrues the moment the physical force is used).

### A. Plaintiff cannot pursue a "compelled confession" claim on any amendment other than the Fifth or Fourteenth.

Defendants were clear that they were moving to dismiss any of Plaintiff's "coerced confession" claims based on the Fifth, Fourth, Sixth, and Eighth Amendments; not that the entirety of the claim should be dismissed merely for including those amendments. *Docket No. 42* at 2. Plaintiff does not respond to this argument and, instead, claims that Count I should not be dismissed in its entirety simply for referencing the other amendments. *Docket No. 64* at 6. Plaintiff's argument is wholly misplaced as Defendants did not seek relief on that basis.

---

[1] The Court should be aware that the arguments presented herein, to the extent applicable to Defendants Maslanka, Paladino and Byrne, are taken directly and with limited exception, verbatim from Defendant Rusnak and Breska's Reply to the extend they relate to Maslanka, Paladino and Byrne.

In addition, Plaintiff's failure to respond to Defendants' argument that Count I cannot be premised on the First, Fourth, Sixth, or Eighth Amendments constitutes a waiver of his opposition to the motion. . *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 n.1, 721 (7th Cir. 2011) (forfeiture occurs where the "litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss"); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010); *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2006) (failure to offer any opposition to argument constituted a waiver); *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action."). Simply put, by not responding to Defendants' argument, Plaintiff concedes the point and the Court should dismiss Count I to the extent it relies on the First, Fourth, Sixth, or Eighth Amendment.

B.  <u>The use of physical force cannot form the basis of a Section 1983 claim.</u>

A claim of an excessive use of physical force by a police officer is governed by the "reasonableness standard" of the Fourth Amendment and a legal claim accrues upon the use of force against a civilian. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Evans*, 603 F.3d at 363. In Illinois, all § 1983 claims are subject to a two-year statute of limitations and claims first initiated outside of that period are untimely. *Wallace v. Kato*, 549 U.S. 384 (2007); *Wrice*, 187 F.Supp.3d at 953 (claim of physical torture and abuse subject to two-year statute of limitations). Here, Plaintiff pleads that the physical force was used against him in December 1989. *Complaint* at ¶¶ 30, 33, 34. Any claim premised on that use of force accrued immediately and, under the law, Plaintiff had until December 1991 to initiate any lawsuit premised on the use of force. Since he did not bring this lawsuit until 2019, Plaintiff's claim is untimely and subject to dismissal.

In his Response, Plaintiff conflates his *Fifth* Amendment claim based on the use of his "compelled" statement against him at trial with a *Fourth* Amendment claim premised on the use of physical force. The two theories are very different. *Chavez*, 538 U.S. at 773 ("police torture or other abuse" does not run afoul of the Fifth Amendment and such claims must be analyzed under the Fourth or Fourteenth Amendments); *Wrice*, 187 F.Supp.3d at 953. Defendants did not argue that Plaintiff cannot maintain a Fifth Amendment claim on the statement itself but, rather, that Plaintiff cannot include a claim based on the physical force used against him in December 1989. *Docket No. 42* at 2-5. Given that Plaintiff did not respond directly to this argument, he has waived any opposition. *Bonte*, 624 F.3d at 466. To the extent his argument is responsive, it is not persuasive as it is firmly established that Fourth Amendment claims must be filed within two years of the use of force. *Wrice*, 187 F.Supp.3d at 953. For that reason, the Court should grant Defendants' motion to dismiss Count I to the extent it is premised on the use of force in December 1989.

## II.     Defendants Maslanka, Paladino, and Byrne are entitled to dismissal of Plaintiff's "Due Process" claim (Count III).

Defendants Maslanka, Paladino, and Byrne moved to dismiss Plaintiff's Due Process claim (Count III) as they were not alleged to have been personally involved in any fabrication or withholding of evidence. *Docket No. 42* at 4-8. In his Response, Plaintiff assets that his "Due Process" claim is only based on three things: (1) the alleged line-ups in which Plaintiff was a participant; (2) the "threats and coercion" used to get the statements of Janice Johnson, Carla Smith, and Fernando Webb, and (3) not disclosing a "pattern and practice of police abuse" by officers in Areas 2 and 3 that Plaintiff could have used to impeach the credibility of Janice Johnson, Carla Smith, and Fernando Webb. *Docket No. 64* at 8-9.

As an initial matter, Plaintiff's failure to address Defendants' motion to dismiss on any issue save for the three theories outlined above constitutes an abandoning of the claims on any other legal theory. *Alioto*, 651 F.3d at 721 ("Long-standing under our case law is the rule that a person waives an argument by failing to make it before the district court."). As such, Plaintiff has waived any argument that his "Due Process" claim is premised on either (1) Plaintiff's own "torture" or (2) any of the misconduct allegedly committed against Eric Johnson/Eric Smith AKA "KD". *Docket No. 42* at 6-7.

Turning to the claims Plaintiff now asserts, Plaintiff's allegations that Defendants Maslanka, Paladino, and Byrne failed to disclose the threats to Janice, Carla, and Fernando or the "pattern and practice" of police abuse fail and should be dismissed with prejudice. Plaintiff did not allege that Maslanka, Paladino, and Byrne had any interaction with Janice, Carla, or Fernando or that any of these officers was involved in the fabrication of their statements. *Complaint* at ¶¶ 59-62. As such, they lack the requisite personal involvement to be held liable for the fabrication of those statements. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (Section 1983 requires an officer to have personally caused or participated in the constitutional violation).

Similarly, Plaintiff's theory that Defendants Maslanka, Paladino, and Byrne failed to disclose a pattern and practice of abuse does not state a viable claim. As neither officer is accused of being involved in the "threats and coercion," they cannot be said to have withheld evidence that could have arguably been used to bolster an argument that the statements were made due to "threats and coercion." And Plaintiff fails to establish that Defendant Maslanka, Paladino, and Byrne *personally* failed to produce information relating to conduct of which they had no knowledge. For those reasons, Plaintiff has failed to state a viable Due Process claim against Defendants Maslanka, Paladino, and Byrne and it should be dismissed with prejudice.

5

### III.     Count IV (False Imprisonment) is time-barred and should be dismissed.

It is settled law that a Fourth Amendment unreasonable pre-trial detention claim accrues when the individual is released from pre-trial custody, either due to having the charges dismissed or being convicted. *Know v. Curtis*, 771 Fed.Appx. 656, 658 (7th Cir. 2019). That is because "a Fourth Amendment claim for unlawful pretrial detention accrues when the detention ends, not when the prosecution ends." *Mitchell v. City of Elgin*, 912 F.3d 1012, 1015 (7th Cir. 2019) (describing the holding of *Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018) ("*Manuel II*")).

The Honorable Chief Judge Pallmeyer was recently confronted with a nearly identical situation to the one at bar in *Brown v. City of Chicago*, No. 18 CV 7064, 2019 WL 4958214 (N.D.Ill. Oct. 8, 2019) (Pallmeyer, CJ). In *Brown*, the plaintiff was convicted in 1990 for arson, convicted against in 2008 following a new trial being granted, and then finally having the charges dropped in 2017 after the 2008 conviction was vacated. *Id.* at *1. In 2018, the plaintiff then brought a *Manuel* pre-trial detention claim based on the time he spent in custody prior to his convictions, *id.*, and the defendants moved to dismiss on statute of limitations grounds. The court agreed with the defendants and reasoned that "[w]hile the Seventh Circuit in *Manuel II* held that a claim for pretrial detention without probable cause begins to accrue when the pretrial detention ends, *Knox* clarified that pretrial detention can be considered as ending upon conviction." *Id.* (citations omitted). Accordingly, the court dismissed the claim the plaintiff had titled "federal malicious prosecution." *Id.* at *3. More importantly, the court held that "any unlawful pretrial detention claim that Plaintiff might have asserted would be time-barred under Seventh Circuit precedent holding that such a claim is not subject to the delayed accrual rule from *Heck*." *Id.* (citing *Knox*, 771 Fed. Appx. 658-59). The court further rejected the notion that *McDonough v. Smith*, 139 S.Ct. 2149 (2019), rescued the claim as *McDonough* was grounded in concern for "avoiding collateral attacks

on criminal judgments through civil litigation" while a Fourth Amendment claim is no such attack. *Id.*

In his Response, Plaintiff's woefully insufficient argument relies solely on *Manuel II* in arguing that his false imprisonment claim accrued when he was released from custody after having his conviction vacated. *Docket No. 64* at 11-12. This argument ignores the district court decision this month in *Brown*, as well as *Michell* and *Knox*, both of which are Seventh Circuit cases in which the Appellate Court defined *Manuel II* and its holding to be that an unreasonable pretrial detention claim accrues when the person is convicted. In other words, Plaintiff's argument on the accrual of his claim have already been heard and rejected by other courts.

The Court should be persuaded by *Michell*, *Knox*, and *Brown* that Plaintiff's Fourth Amendment unreasonable pretrial detention claim is time-barred and grant Defendants' motion to dismiss with prejudice.

## IV. Plaintiff's Equal Protection claim (Count V) should be dismissed with prejudice.

Plaintiff's Equal Protection claim is nothing more than "[t]hreadbare recitals of the elements of a cause of action [and] supported by mere conclusory statements[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). As such, his allegations are insufficient to state a claim. *Id.*

Plaintiff's Response should do nothing to persuade the Court that he had stated a sufficiently pled claim. He merely points to the use of one racial slur by Defendant Paladino and his conclusory statement that all of the defendants tortured other minority suspects. *Docket No. 64* at 12-13 (referencing *Complaint* ¶¶ 30, 147). One fact that a defendant used a racial slur and a conclusory statement is not sufficient to plead a claim against Defendants. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (plaintiff must show he was a member of a protected class and treated differently from unprotected class); *Chavez v. Ill. State Police*, 251 F.3d 612, 635-36 (7th Cir.

2001) (plaintiff must allege defendant "motivated by a discriminatory purpose."). For that reason, the Court should dismiss this claim with prejudice.

## V. The "Right to Counsel" claim should be dismissed with prejudice.

Defendants moved to dismiss Plaintiff's "Right to Counsel" claim on the basis that no such right was violated. *Docket No. 42* at 10. In his Response, Plaintiff abandons any Sixth Amendment counsel claim – which was the basis of Defendants' motion – and clarifies his claim that Count VI is actually a Fifth Amendment right to counsel claim, although he fails to explain whether his claim is based on a failure to receive *Miranda* warnings or not having an attorney present during questioning. *Docket No. 64* at 13. Plaintiff's claim should still be dismissed with prejudice.

To proceed on a constitutional claim pursuant to § 1983, a plaintiff must allege that he was deprived of a constitutional right. *Miranda* warnings arise out of the Fifth Amendment protection from self-incrimination. *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1024 (7th Cir. 2006). A failure to issue *Miranda* warnings implicates only the right against self-incrimination and does not create a constitutional right to receive the warnings themselves. *Id*. Likewise, the right to counsel created by *Edwards v. Arizona*[2] is not the source of a stand-alone constitutional claim, because the right to counsel is "derived from the holding of *Miranda*." *Uhde v. Adams Cnty., Wisc. Sheriff's Off.*, 2003 WL 231254, at *6 (W.D. Wis. July 22, 2003). In other words, the failure to provide counsel does not create a cause of action under Section 1983 unless the plaintiff demonstrates that the statements, he made to defendants without an attorney being present, were used against him in a criminal case. *See Sornberger*, 434 F.3d at 1023-24.

Plaintiff already has a Fifth Amendment claim based on the allegedly compelled statements being used against in the criminal proceeding. *See* Count I. The failure to provide an attorney to

---

[2] 451 U.S. 477 (1981).

prevent the compelling of the statements is not an independent cause of action because the right to counsel is a prophylactic rule designed to safe-guard the right against self-incrimination. *Sornberger*, 434 F.3d at 1023-24. Thus, Plaintiff cannot maintain a Fifth Amendment right to counsel claim.

But the more problematic issue with Plaintiff's Fifth Amendment claim is that he never alleged that he invoked his right to counsel. In the seminal *Miranda v. Arizona*, the Supreme Court held that an interrogation must cease when the accused demands an attorney. 384 U.S. 436, 474 (1966); *see also Edwards*, 451 U.S. at 484-85. However, for this right to be asserted, the accused must have actually invoked his right to counsel. *E.g. McNeil v. Wisconsin*, 501 U.S. 171, 178 (1991); *also Davis v. United States*, 512 U.S. 452, 459 (1994) ("the suspect must unambiguously request counsel."). Plaintiff's Complaint is devoid of any allegation – and he fails to point to any factual support – to show that he unambiguously invoked his right to counsel and was then subsequently questioned by the police. Given the complete absence of any facts to establish such a violation of this constitutional protection, Plaintiff's right to counsel claim should be dismissed with prejudice.

## VI. The "Denial of Access to the Courts" claim should be dismissed with prejudice.

Defendants moved to dismiss Plaintiff's "denial of access to the courts" claim as insufficiently plead. *Docket No. 42* at 11. In his Response, Plaintiff relies heavily on *Bell v. City of Milwaukee* in arguing he has stated a viable denial of access to the courts claim. 746 F.3d 1205 (7th Cir. 1984). To the extent *Bell* remains good law - *see Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005) (overruling *Bell* in part) – it is easily distinguishable from the instant case.

In *Bell*, a police officer shot an unarmed African-American man in 1958 and then planted a knife on him to substantiate the officer's claim of self-defense. 746 F.2d at 1215-16. Other police

9

officers then falsified evidence to prevent the plaintiff – who was not present during the shooting – from learning of the misconduct. *Id.* at 1222-23. In other words, the plaintiff's right to seek legal redress was rendered hollow.

By contrast, Plaintiff here suffered no such complete prohibition of his right to seek legal redress. Plaintiff knew of the alleged misconduct because he claims that he was tortured. It is incredulous for Plaintiff to argue that he did not know the facts of his own alleged physical abuse. Likewise, unlike the plaintiff in *Bell* who had no such knowledge, Plaintiff here *knew* that the testimony of Janice Johnson, Carla Smith, and Fernando Webb was false because Plaintiff claims that (1) never had any conversations with Johnson or Smith about bullets, a firearm, or a robbery and (2) that he did not commit the Benjamin/Wash homicide so Webb could not have seen him shoot the victims. In other words, Plaintiff had sufficient information to pursue a claim. *See Rossi v. City of Chicago*, 790 F.3d 729, 736 (7th Cir. 2015) (officer cannot be liable under a right to judicial access claim for concealing facts already known to the plaintiff).

Moreover, Plaintiff does not allege how Defendants Maslanka, Paladino, and Byrne did anything to conceal facts from him, other than the conclusory statement that all officers did so. *See Complaint* at ¶ 178. Absent actual facts, Plaintiff has not sufficiently pled the requisite personal involvement to hold these officers liable. To that end, the Court should grant Defendant Maslanka, Paladino, and Byrne's motion to dismiss.

**VII.    Plaintiff's "Failure to Intervene" claim should be dismissed with prejudice.**

Plaintiff's response to this argument is so woefully underdeveloped that is should be deemed a waiver of any opposition. *See, e.g. Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (arguments that are "undeveloped, conclusory, or unsupported by law" are waived). Indeed, the response is limited to (1) Plaintiff's rights were violated and (2) the other officers

present had a duty to intervene. *Docket No. 64* at 15. Or, in other words, Plaintiff failed to argue why Defendants should not have this claim dismissed when they did not have a realistic opportunity to intervene. Given his lack of a responsive argument, the Court should grant Defendants' motion and dismiss this claim. Furthermore, Plaintiff cannot bring a failure to intervene claim if the underlying constitutional violation is not viable. *See Fillmore v. Page*, 358 F.3d 496, 505-06 (7th Cir. 2004); *Harper v. Albert*, 400 F.3d 1052, 1066 n.18 (7th Cir. 2005). Accordingly, should the Court dismiss any of Plaintiff's § 1983 claims, any corresponding failure to intervene claim so likewise be dismissed.

### VIII. Plaintiff's malicious prosecution claim against Defendants Maslanka, Paladino, and Byrne should be dismissed.

Illinois now requires that a plaintiff show a defendant "played a significant role in the plaintiff's prosecution" to establish a malicious prosecution claim. *See Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 46. Plaintiff's Complaint does not include any allegation that Defendants Maslanka, Paladino, and Byrne played <u>any</u> role in the criminal prosecution, let alone a "significant" one.

Plaintiff fails to adequately address this argument. Rather, Plaintiff merely asserts that he was arrested without probable cause, beaten, had fabricated evidence used against him, and convicted. *Docket No. 64* at 15-16. Even taking Plaintiff's allegations as true, he has still not shown how Defendants can face civil liability for a prosecution in which they played no part or supporting role. For that reason, the Court should dismiss this claim with prejudice.

### IX. Plaintiff's intentional infliction of emotional distress claim is time-barred.

An intentional infliction of emotional distress claim must be brought against a public employee – such as a police officer – within one year of the date the cause of action accrues. 745 ILCS 10/8-101(a). An IIED claim based on a false arrest accrues on the date of the arrest. *Bridewell*

*v. Eberle*, 730 F.3d 672, 678 (7th Cir. 2013); *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006).

Instead of responding to the two Seventh Circuit cases establishing this law, Plaintiff points to *Hobley v. Burge*, a 2004 unpublished district court opinion. *Docket No. 64* at 16. The Court should not be persuaded to follow a 2004 unpublished district court opinion and ignore two binding Seventh Circuit opinions that Plaintiff failed to address. On that basis, the Court should dismiss the IIED claim as untimely.

**X.      Plaintiff failed to adequately plead a conspiracy claim, so all three conspiracy claims should be dismissed with prejudice.**

Federal Rule of Civil Procedure 8 requires that a plaintiff give "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to meet this standard, the plaintiff must have well-pleaded, nonconclusory factual allegations that "give rise to a plausible suggestion of conspiracy." *Iqbal*, 556 U.S. at 680. However, even before *Twombly* and *Iqbal*, "conspiracy allegations were often held to a higher standard than other allegations; mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her was not enough." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

Defendants moved to dismiss on the basis that Plaintiff's conspiracy claims are nothing more than assertions that everyone adverse to him or involved in the Benjamin/Wash homicide investigation must have conspired against him. In other words, Plaintiff merely relies on a suspicion that everyone adverse to him was part of a wide-ranging conspiracy to frame him – a speculation devoid of realistic support. *Cooney*, 583 F.3d at 971.

In responding, Plaintiff does nothing more than assert he has pled the elements of a conspiracy claim and simply points toward two speculative theories that the Individual Defendants conspired with each other to frame Plaintiff and with members of the Office of Professional Standards to sweep civilian complaints under the rug. *Docket No. 64* at 16-17. Other than these conclusory statements, which are entirely lacking any factual support, Plaintiff provides nothing of substance in response to Defendants Maslanka, Paladino, and Byrne's arguments. Given the lack of factual support for his conspiracy claims, the Court should dismiss the claim as to these defendants.

**XI. Should the Court dismiss any § 1983 claim against Defendants Maslanka, Paladino, and Byrne the Court should then dismiss any *Monell* claim in which that conduct formed the underlying constitutional violation.**

Defendant City of Chicago moved to dismiss any *Monell* claim against it that was based on a claimed constitutional violation committed by Defendants Maslanka, Paladino, and Byrne. *Docket No. 42* at 16-18; *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Durkin v. City of Chicago*, 341 F.3d 606, 615 (7th Cir. 2003) (if a plaintiff cannot establish a constitutional injury, he cannot pursue a *Monell* claim). Plaintiff misconstrued Defendant City's argument to be seeking dismissal of the *Monell* claim in its entirety. Defendant City made no such argument, so Plaintiff's response should be disregarded and, should the Court dismiss any § 1983 claim against Defendant Maslanka, Paladino, and Byrne, the Court should similar dismiss any *Monell* claim in which that alleged conduct was the constitutional violation underlying the *Monell* claim.

Similarly, any state law claim against Defendants that is dismissed would warranted dismissal of Plaintiff's *respondeat superior* and indemnity claims based on that misconduct. 745 ILCS 10/2-109.

13

## **CONCLUSION**

For the reasons discussed above and those put forth in *Defendant Maslanka, Paladino, Byrne and City of Chicago's Motion to Dismiss* (*Docket No. 42*), the Court should dismiss all claims against Defendants Maslanka, Paladino, and Byrne. In addition, to the extent any Federal or State law claims are dismissed, the Court should dismiss any *Monell* claim based on the dismissed constitutional claim and the *respondeat superior* and indemnity claims based on the dismissed state law claims.

Dated: October 31, 2019                     Respectfully submitted,

                                            /s/ Thomas L. Leinenweber
                                            THOMAS M. LEINENWEBER
                                            *One of the Attorneys for Defendant*
                                            *Maslanka, Paladino, and Byrne*

                                            /s/ Paul Michalik
                                            Paul Michalik
                                            *One of the Attorneys for Defendant*
                                            *City of Chicago*

Thomas M. Leinenweber
James V. Daffada
Kevin E. Zibolski
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 663-3003
thomas@ilesq.com
jim@ilesq.com
kevin@ilesq.com

REITER BURNS LLP
Daniel Noland
Paul Michalik
Elizabeth Ekl
Katherine Morrison
Daniel Burns
311 South Wacker, Suite 5200
Chicago, IL 60606
(312) 982-0090

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 31, 2019, I electronically filed the foregoing **Defendant Maslanka, Paladino, Byrne and City of Chicago's Reply in Support of Their Motion to Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ Thomas M. Leinenweber
Thomas M. Leinenweber
*One of the Attorneys for Defendant* Maslanka, Paladino, and Byrne.