UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-cv-04152 |
| | ) | |
| v. | ) | Hon. Sara L. Ellis |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Mag. J. M. David Weisman |
| | ) | |
| Defendants. | ) | |

### JOEL A. BRODSKY'S MOTION FOR LEAVE TO INTERVENE

Joel A. Brodsky, through his attorneys, moves this Court for leave to intervene under Federal Rule of Civil Procedure 24(a)(2) and (b)(2) to assert his claim for attorney's fees and reimbursement of expenses, and in support of his motion states as follows:

1. Joel Brodsky is the former attorney for the plaintiff in this matter, James Gibson. Gibson agreed to pay Brodsky one-third of any recovery he obtains in the case pending before this Court. Brodsky was later suspended from the practice of law and Gibson terminated the engagement. Brodsky seeks leave to intervene to assert his claim for attorney's fees arising out of any settlement or judgment in this matter.

2. Federal Rule of Civil Procedure 24 provides:

**(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:

**(1)** is given an unconditional right to intervene by a federal statute; or

**(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

**(b) Permissive Intervention.**

> **(1)** *In General.* On timely motion, the court may permit anyone to intervene who:
>
>> **(A)** is given a conditional right to intervene by a federal statute; or
>>
>> **(B)** has a claim or defense that shares with the main action a common question of law or fact.
>
> **(2)** *By a Government Officer or Agency.* On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
>
>> **(A)** a statute or executive order administered by the officer or agency; or
>>
>> **(B)** any regulation, order, requirement, or agreement issued or made under the statute or executive order.
>
> **(3)** *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.
>
> **(c) Notice and Pleading Required.** A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Fed. R. Civ. P. 24.

    3.    Brodsky's proposed Complaint is attached hereto as Exhibit 1.

**Facts**

    4.    On September 3, 2015, Gibson entered into a contingency fee agreement with Brodsky. The agreement was supplemented on March 2, 2017 and April 17, 2019.

    5.    On December 15, 2015, Brodsky served a notice of Attorney's Lien on the City of Chicago and others.

    6.    On April 22, 2019 Brodsky served an updated Notice of Attorney's Lien on the City of Chicago and defendants Maslanka, Moser, Byrne, Cesar, Paldino, Leja, Rusnak, Breska, and others.

    7.    On May 10, 2019, Brodsky, on Gibson's behalf, filed the complaint in this case in this Circuit Court of Cook County. The defendants removed this action on June 20, 2019.

8. On June 19, 2019, the Supreme Court of the State of Illinois entered an Order of Interim Suspension, suspending Brodsky from the practice of law effective June 19, 2019. On November 13, 2020, the Supreme Court issued its final Order of Discipline, suspending Brodsky for two years and until further order of court, retroactive to June 19, 2019. Brodsky has complied with all administrative obligations associated with the discipline.

**Intervention of Right**

9. A party seeking intervention of right under subsection (a)(2) must meet four criteria: "timeliness, an interest relating to the subject matter of the main action, potential impairment of that interest if the action is resolved without the intervenor, and lack of adequate representation by existing parties." *Jones v. R.R. Donnelley & Sons,* No. 96 C 7717, 2005 U.S. Dist. LEXIS 1316, *5 (N.D. Ill. Jan. 4, 2005). An attorney who is discharged as plaintiff's counsel and seeks to intervene in the original matter to assert a claim for attorney's fees "easily meets the second, third, and fourth criteria." *Id.*

10. The request to intervene is timely. The Court ruled on the defendants' Motions to Dismiss on July 29, 2020. [ECF 115-16.] On April 6, 2021, the Court denied the defendants motion to bifurcate and stay discovery on certain claims. [ECF 159.] The next day, April 7, 2021, the Court set a close of fact discovery of March 31, 2022 and referred the matter for settlement conference. [ECF 160.] A settlement conference has not been scheduled but is likely to occur in June 2021. [ECF 164.]

11. As Brodsky has an interest in any settlement, he promptly moved to intervene to assert his rights. No party will be prejudiced by the timing of Brodsky's intervention.

12. Brodsky also has an interest in this action, potential impairment of his interest without intervention, and inadequate representation by existing parties.

13. Illinois has codified the procedure for a disciplined attorney to seek fees arising from pre-discipline representation. *See* S. Ct. R. 764(h). Where a lawsuit was filed before the discipline, as in this case, the rule provides: "The disciplined attorney shall not receive any compensation regarding a matter in which a legal proceeding was instituted at any time prior to the imposition of discipline without first receiving approval of the tribunal." S. Ct. R. 764(h)(1). The "tribunal" that must approve a fee award is not the Supreme Court, but the court where the original suit is pending. *See Delbecarro v. Cirignani,* 261 Ill. App. 3d 644, 650 (1st Dist. 1994).

14. Rule 764 provides that Brodsky not only has an interest in this action, but that he must first receive approval of this Court before he can recover the fees earned during his representation of Gibson. And no other party can adequately represent Brodsky's interest in seeking court approval of fees due to Brodsky. For these reasons, Brodsky is entitled to intervene as of right.

**Permissive Intervention**

15. As an alternative to intervention by right, Brodsky also seeks permissive intervention.

16. Rule 24(b)(2) permits intervention where the intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). "Permissive intervention under Rule 24(b) is wholly discretionary." *Cavelle v. Chi. Transit Auth.,* No. 17-CV-5409, 2020 U.S. Dist. LEXIS 211436, at *14 (N.D. Ill. Nov. 12, 2020) (internal quotations omitted).

17. As discussed above, the request is timely.

18. Brodsky's claim rises and falls with Gibson's claim. The questions of fact and law governing Gibson's claim will guide the Court's approval of Brodsky's fee claim. Supreme Court

Rule 764(h)(1) requires that this Court approve any fees before Brodsky may recover. Moreover, common questions of fact abound. Brodsky performed the work on Gibson's behalf that will result in the evidence presented at trial in this matter. The Court will assess the reasonableness of Brodsky's fees in light of the evidence presented in Gibson's claim. For these reasons, the Court should alternatively permit permissive intervention.

19. Rule 764 provides that Brodsky not only has an interest in this action, but that he must first receive approval of this Court before he can recover the fees earned during his representation of Gibson. And no other party can adequately represent Brodsky's interest in seeking court approval of fees due to Brodsky.

WHEREFORE Joel A. Brodsky respectfully requests that this Court enter an Order granting Brodsky leave to intervene and to file his proposed Complaint and providing any other relief this Court deems just under the circumstances.

Respectfully Submitted,

Joel A. Brodsky

By: _/s/ C. Barry Montgomery_
One of His Attorneys

C. Barry Montgomery (ARDC #1945351)
Jordan D. Shea (ARDC #6293666)
Williams Montgomery & John Ltd.
233 S. Wacker Dr., Suite 6800
Chicago, Illinois 60606
312-443-3200
cbm@willmont.com
jds@willmont.com

5