UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES GIBSON, | ) | |
| Plaintiff, | ) ) ) | |
| | ) | Case No. 19-cv-04152 |
| v. | ) ) | Hon. Sara L. Ellis |
| CITY OF CHICAGO, et al., | ) ) | Mag. J. M. David Weisman |
| Defendants. | ) ) ) | |
| JOEL BRODSKY, | ) ) | |
| Intervenor-Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| JAMES GIBSON, | ) ) | |
| Defendant. | ) | |

**INTERVENING COMPLAINT**

Intervenor-Plaintiff, Joel A. Brodsky, by and through his attorney, complains of the Defendant James Gibson, as follows:

**Nature of the Action**

1. Intervenor Plaintiff Joel A. Brodsky brings this action for attorney's fees against James Gibson earned during his representation of James Gibson from April 28, 2014 through June 19, 2019. James Gibson is the Plaintiff in the original action, *James Gibson v. City of Chicago, et al.* The Court granted Brodsky leave to intervene in the above entitled case on August 3, 2021.

**Jurisdiction**

2. The original action in this matter was removed from Illinois state court under 28 U.S.C. §§ 1441(a) and 1446(a). The Court has jurisdiction under 28 U.S.C. § 1441(a) and § 1331 as the matter arises under the United States Constitution. This Court also has supplemental jurisdiction over claims brought under Illinois law in accordance with 28 U.S.C. § 1331.

3. Where federal jurisdiction exists in the original action, the federal court also has jurisdiction to adjudicate attorney's fee disputes in the case. *See Clarion Corp. v. American Home Products Corp.,* 464 F.2d 444, 445 (7th Cir. 1972).

**James Gibson's Wrongful Conviction**

4. On October 8, 1991, the Circuit Court of Cook County wrongfully convicted Gibson for a double murder and sentenced him to life in prison based on a statement coerced by torture by detectives under the direct supervisions of Detective Jon Burge.

5. Over the next two decades, Gibson exhausted all his appellate, habeas corpus requests, and post-conviction remedies.

6. In 2009, the State of Illinois enacted the Illinois Torture Inquiry and Relief Commission Act ("TIRC Act"), 775 ILCS 40/1 et. seq., providing Gibson with one last chance to overturn his wrongful conviction and life sentence.

7. Gibson filed a claim under the TIRC Act in May 2012, which was delayed until 2014.

**Brodsky's Services on Gibson's Behalf**

8. In early 2014, Gibson contacted Brodsky to provide representation before the TIRC. Gibson and Brodsky began corresponding by letters, and in April 2014, Gibson agreed that

Brodsky would represent Gibson in both overturning the wrongful conviction and prosecuting any future civil rights action.

9. Brodsky counseled Gibson in his TIRC submissions, including his required waiver of rights and providing his sworn statement. Brodsky gathered and provided evidence to the TIRC, attended proceedings before the TIRC, and worked with the TIRC director on Gibson's behalf.

10. The TIRC entered a disposition order on July 22, 2015, finding that Gibson had been tortured into making a statement that was the primary evidence used at trial to convict him, and referring the matter to the Circuit Court of Cook County for further proceedings to determine if Gibson should be granted or denied any relief.

11. On October 9, 2015, Brodsky filed a Petition for Relief in the Circuit Court pursuant to the TIRC Act, requesting that Gibson's conviction be overturned. After nearly a year of litigation and a six-day evidentiary hearing with seventeen witnesses, the Circuit Court issued a written order denying Gibson any relief on July 29, 2016.

12. Brodsky then, on August 15, 2016 filed an appeal of the Circuit Court order denying Gibson relief.

13. Brodsky proceeded with the appeal. During the appeal, on March 2, 2017, Brodsky and Gibson agreed to bring on Ramon Moore as co-counsel. The record was extensive, and they were granted leave to file a one-hundred-page brief. A ninety-eight-page brief was filed, and after oral argument, the Appellate Court issued a published opinion on March 22, 2018, reversing the circuit court's denial of relief and remanded the case to the Circuit Court. *See People v. Gibson,* 2018 IL App (1st) 162177.

14. On remand, on August 27, 2018, the Circuit Court again issued a written Memorandum and Order denying Gibson's Petition for Relief under the TIRC Act for a second

time, leaving him to serve out his life sentence. Brodsky, along with Moore, filed another appeal from this second denial of relief to Gibson on August 29, 2018.

15. In this second appeal, Brodsky and Moore filed a brief and reply brief on Gibson's behalf, as well as substantive motions which resulted in the appeal being heard on an expedited basis. The Appellate Court issued its unpublished Opinion on March 13, 2019, again reversing the circuit court, vacating Gibson's conviction and life sentence, and ordering a new trial, excluding from evidence the statement coerced by torture. The Appellate Court also ordered that Gibson's case be transferred to a new judge. *See People v. Gibson* 2019 IL App (1st) 182040-U, at ¶ 3.

16. On remand Gibson's conviction and life sentence was vacated, a new trial was ordered, and a new trial judge assigned.

17. In the new trial proceedings in the Circuit Court, Brodsky and Moore appeared and made a speedy trial demand and the matter was set for trial. On April 18, 2019, Brodsky and Moore moved for Gibson's release on bail, and on April 18, 2019, after 29 years in prison, Gibson was released.

18. Brodsky and Moore tracked down and interviewed three witnesses who had never been interviewed before, one of whom had moved out of state. Brodsky took the witnesses' statements, which further showed Gibson's innocence and proved his wrongful conviction was manufactured by Jon Burge's "Midnight Crew" detectives.

19. On April 26, 2019, the State dismissed all charges against Gibson.

20. Plaintiff Brodsky prepared, and on May 10, 2019 filed, a 210-paragraph Complaint for wrongful conviction and civil right violations against twelve former detectives and the City of Chicago. The Complaint is practically identical to the Amended Complaint that Moore filed on July 15, 2020.

21. On June 20, 2019, defendants removed the action to this Court. The case is pending and unresolved.

22. Brodsky also prepared the Petition for Certificate of Innocence. The Petition was based on the evidence Brodsky collected to vacate Gibson's conviction. The Petition for Certificate of Innocence was filed on May 29, 2019, and was subsequently granted.

23. During the representation, Brodsky also advanced the sum of $9,177.25 for costs on Gibson's behalf.

**Operative Agreement and Liens**

24. On September 3, 2015, Brodsky and Gibson entered into a more formal attorney-client agreement for representation which stated in relevant parts:

> The undersigned James Gibson, referred to as "Client," employs Attorney Joel A. Brodsky, referred to as "Attorneys," to represent client in any and all necessary post-conviction proceedings to gain his freedom and vacate and set aside the wrongful conviction in Cook County case No. 90 CR 3212, **and in enforcing a cause of action against any person or entity liable arising out of the torture, wrongful conviction, and wrongful imprisonment** of James Gibson……. (emphasis added)
> \* \* \* \* \*
> Client agrees to pay Attorneys a fee of 33.333 percent (1/3) of any recovery, whether the recovery is by way of settlement, lawsuit, claim, or otherwise.

(Ex. A, 9/3/15 Retainer Agmt.)

25. On December 15, 2015, Brodsky served a notice of Attorney's Lien on the City of Chicago and others.

26. On March 2, 2017, Mr. Gibson signed a co-counsel agreement regarding Ramon Moore which stated in relevant part:

> In the above referenced fee agreement, (Exhibit "A"), Client authorized Attorney to retain other attorneys at his discretion to assist him in the prosecution of the above referenced matters, so long as the Client is not obligated to pay any fee in addition to the fee agreed to and stated above in his Fee Agreement with Attorney.

5

> Attorneys Joel A. Brodsky has so employed Attorney Ramon Moore as his co-counsel in the above referenced matter, and has agreed to pay him eleven and 111/100 percent (11.111%) of any sum recovered on behalf of the Client whether the recovery is by way of settlement, lawsuit, claim, or otherwise.

(Ex. B, 3/2/17 Co-Counsel Agmt.)

27. On April 17, 2019, Gibson, Moore, and Brodsky entered into a Supplemental Fee Agreement. This supplemental agreement states in relevant part:

> The undersigned James Gibson, referred to as "Client," has employed Attorney Joel A. Brodsky as his attorney by an agreement entered on September 3, 2015, and has employed Attorney Ramon A. Moore as his attorney as co-counsel with Attorney Joel A. Brodsky, by an agreement entered on March 2, 2017, both of whom shall hereinafter be referred to as "Attorneys," to represent Client in any and all necessary post-conviction proceedings, including appeals, to gain his freedom and vacate and set aside the wrongful conviction in Cook County case No. 90 CR 3212, in any re-trial of the case of People v. James Gibson, 90 CR 3212 in the Circuit Court of Cook County, and in enforcing a cause of action against any person or entity liable arising out of the torture, wrongful conviction, and wrongful imprisonment, and wrongful prosecution of James Gibson…..
> \* \* \* \*
> The Attorneys and the Client re-affirm and renew the Retainer Agreement of September 3, 2015 and the Co-Counsel Agreement of March 2,2017, ……
> \* \* \* \*
> Client agrees to pay Attorneys a fee of 33.333 percent (1/3) of any recovery, whether the recovery is by way of settlement, lawsuit, claim, or otherwise as follows: Joel A. Brodsky is to receive 22.222% (Twenty-Two and 22/100 percent) and Ramon A. Moore is to receive 11.111 % (Eleven and 11/100 percent) of any recovery, whether the recovery is by way of settlement, lawsuit, claim, or otherwise.

(Ex. C, 4/17/19 Supplemental and Renewed Retainer Agmt.)

28. On April 22, 2019 Brodsky served an updated Notice of Attorney's Lien on the City of Chicago and defendants Maslanka, Moser, Byrne, Cesar, Paldino, Leja, Rusnak, Breska, and others.

**Brodsky's Suspension and Discharge**

29. On June 19, 2019, for matters unrelated to Gibson's case, the Illinois Supreme Court entered an interim suspension of Brodsky's license to practice law. On November 13, 2020,

the Supreme Court of the State of Illinois entered an Order of Discipline against Affiant suspending him from the practice of law for two years, retroactive to June 19, 2019, and until further order of court.

30. Gibson formally terminated Brodsky's representation on June 29, 2020.

31. Plaintiff Brodsky has fully complied with the requirements of Illinois Supreme Court Rule 764 regarding disciplined attorneys, and has timely filed his affidavit with the Supreme Court pursuant to Supreme Court Rule 764(g).

### COUNT I – *Quantum Meruit*

32. Brodsky realleges and incorporates the allegations of his Paragraphs 1 through 31.

33. Under Illinois law, a disciplined attorney may "receive compensation on a quantum meruit basis for legal services rendered prior to the effective date of the order of discipline." S. Ct. R. 764(h).

34. Brodsky and Gibson formed an attorney-client relationship.

35. Brodsky performed services to benefit Gibson.

36. Brodsky did not perform these services gratuitously.

37. Gibson accepted the benefits Brodsky performed.

38. The contingency agreements between Brodsky and Gibson are no longer valid.

39. Brodsky is entitled to recover the reasonable value of the services he provided to Gibson from April 28, 2014 through June 19, 2019 and to recover the costs advanced on Gibson's behalf.

WHEREFORE, the Plaintiff Joel A. Brodsky prays that this Court (1) enter Judgment in his favor and against James Gibson in an amount to be proven at hearing for the reasonable value of the services Brodsky provided to Gibson and the costs advanced on Gibson's behalf, (2) approve

the compensation for the legal services Brodsky provided to Gibson, and (3) provide for such other relief as the Court deems just under the circumstances.

                                Respectfully Submitted,

                                Joel A. Brodsky


                                By:    s/ C. Barry Montgomery
                                          One of His Attorneys

C. Barry Montgomery (ARDC #1945351)
Esbrook
321 N. Clark Street, Suite 1930 Chicago,
Illinois 60654
(312) 588-3365
barry.montgomery@esbrook.com
michael.baier@esbook.com

# EXHIBIT A

## JOEL A. BRODSKY
*Attorney At Law*
8 South Michigan Ave.
32nd Floor
Chicago IL 60603
(312) 541-7000
FAX: (312) 541-7311
jbrodsky@joelbrodskylaw.com

## Retainer Agreement

The undersigned **James Gibson**, referred to as "Client," employs Attorney **Joel A. Brodsky**, referred to as "Attorneys," to represent client **in any and all necessary post-conviction proceedings to gain his freedom and vacate and set aside the wrongful conviction in Cook County case No. 90 CR 3212, <u>and</u> in enforcing a cause of action against any person or entity liable arising out of the torture, wrongful conviction, and wrongful imprisonment of James Gibson** as outlined in the Torture Inquiry And Relief Commission Case Disposition in TIRC Claim of James Gibson, Claim No. 2013.139-G, which occurred beginning on or about December 27, 1989 and continuing thereafter, and which is currently still ongoing.

Attorneys accept this employment and agree to take such steps as are in their judgment reasonably advisable to enforce Client's rights. Attorneys are authorized to appear in any case or proceeding for the Client, and file suit on Client's behalf, at the attorney's direction.

Client acknowledges that he has been advised by Attorneys that any contingency fee is negotiable and is not set by law.

**Client agrees to pay Attorneys a fee of 33.333 percent (1/3) of any recovery, whether the recovery is by way of settlement, lawsuit, claim, or otherwise.** In the event of an appeal of any money judgment against those liable the Client agrees that the he will pay the Attorneys a fee of 40 percent (40%) of any amount they may obtain. If there is no recovery then the Client is <u>**not**</u> obligated to pay any fees to Attorneys.

The attorneys will advance all costs, however, in the event of a recovery, the Client shall pay all court costs, subpoena costs, witness fees, photos, deposition costs, investigation, travel and lodging charges, and any other expenses incurred in the investigation or litigation of Clients claim at the time of settlement or judgment. These costs and expenses will be deducted from the amount remaining after attorneys' fees are computed and paid. The remainder will be remitted to Client. In the event there is no recovery Client is <u>**not**</u> obligated to pay these costs, which will be advanced by the Attorneys.

No dismissal or settlement shall be made without the consent of Client. No substitution of attorneys shall be made without Attorneys' consent, except for their misconduct or incapacity.

Attorneys are given a lien for their fees and advances on any settlement or judgment made or secured in this action, and are authorized to deduct their fees and advances from this amount and to pay the balance to client.

Client authorizes Attorneys to retain other attorneys at his discretion to assist them in the prosecution of the case. Client understands that in no event shall he be obligated to pay any fee in addition to the fee stated above. In the event the Attorneys determine that the retention of another attorney to assist them in representing Client is necessary, the fee for the other attorneys retention shall be paid by **Joel A. Brodsky**, and Client personally shall not be obligated to pay any fee to such other attorney so retained.

Client acknowledges receipt of a copy of this agreement.

Dated: 9/3/2015

JB-3508

James Gibson

By: _____
Attorney Joel A. Brodsky

# EXHIBIT B

# JOEL A. BRODSKY
*Attorney At Law*

8 South Michigan Ave.
32nd Floor
Chicago IL 60603
(312) 541-7000
FAX: (312) 541-7311
jbrodsky@joelbrodskylaw.com

## Co-Counsel Agreement

Attorney **Joel A. Brodsky**, referred to as "Attorney," represents client James Gibson, referred to as "Client", in any and all necessary post-conviction proceedings to gain his freedom and vacate and set aside the wrongful conviction in Cook County case No. 90 CR 3212, <u>and</u> in enforcing a cause of action against any person or entity liable arising out of the torture, wrongful conviction, and wrongful imprisonment of James Gibson as outlined in the Torture Inquiry And Relief Commission Case Disposition in TIRC Claim of James Gibson, Claim No. 2013.139-G, which occurred beginning on or about December 27, 1989 and continuing thereafter, and which is currently still ongoing.

Client has agreed, in a written fee agreement, to pay Attorney a fee of 33.333 percent (1/3) of any recovery, whether the recovery is by way of settlement, lawsuit, claim, or otherwise. In the event of an appeal of any money judgment against those liable the Client agrees that the he will pay the Attorneys a fee of 40 percent (40%) of any amount they may obtain. If there is no recovery then the Client is <u>not</u> obligated to pay any fees to Attorneys. (A copy of that Agreement is attached hereto as Exhibit "A")

In the above referenced fee agreement, (Exhibit "A"), Client authorized Attorney to retain other attorneys at his discretion to assist him in the prosecution of the above referenced matters, so long as the Client is not obligated to pay any fee in addition to the fee agreed to and stated above in his Fee Agreement with Attorney, (Exhibit "A"). In the above referenced fee agreement, (Exhibit "A"), in the event the Attorney determine that the retention of another attorney to assist

-1-

him in representing Client is necessary, the Attorney and Client agreed that the fee for the other attorneys retention shall be paid by Joel A. Brodsky from any fees received from the client pursuant to the above referenced fee agreement (Exhibit "A"), and Client personally shall not be obligated to pay any fee to such other attorney so retained.

Attorneys Joel A. Brodsky has so employed Attorney Ramon Moore as his co-counsel in the above referenced matter, and has agreed to pay him eleven and 111/100 percent (11.111%) of any sum recovered on behalf of the Client whether the recovery is by way of settlement, lawsuit, claim, or otherwise, (which amounts to one-third (33.333%) of the fee the Attorney is entitled to out of any recovery made on behalf of Client pursuant to the written fee agreement between the Attorney and Client). Attorney Ramon Moore agrees to accept this contingent fee arrangement and understands that he will receive no fees if there is no recovery from the above referenced case.

Dated: 3/2/2017

By: _____
Attorney Joel A. Brodsky

_____
Attorney Ramon Moore

Approved:

James Gibson #6-35018
James Gibson

# JOEL A. BRODSKY
*Attorney At Law*
8 South Michigan Ave.
32nd Floor
Chicago IL 60603
(312) 541-7000
FAX: (312) 541-7311
jbrodsky@joelbrodskylaw.com

## Retainer Agreement

The undersigned **James Gibson**, referred to as "Client," employs Attorney **Joel A. Brodsky**, referred to as "Attorneys," **to represent client in any and all necessary post-conviction proceedings to gain his freedom and vacate and set aside the wrongful conviction in Cook County case No. 90 CR 3212, and in enforcing a cause of action against any person or entity liable arising out of the torture, wrongful conviction, and wrongful imprisonment of James Gibson** as outlined in the Torture Inquiry And Relief Commission Case Disposition in TIRC Claim of James Gibson, Claim No. 2013.139-G, which occurred beginning on or about December 27, 1989 and continuing thereafter, and which is currently still ongoing.

Attorneys accept this employment and agree to take such steps as are in their judgment reasonably advisable to enforce Client's rights. Attorneys are authorized to appear in any case or proceeding for the Client, and file suit on Client's behalf, at the attorney's direction.

Client acknowledges that he has been advised by Attorneys that any contingency fee is negotiable and is not set by law.

**Client agrees to pay Attorneys a fee of 33.333 percent (1/3) of any recovery, whether the recovery is by way of settlement, lawsuit, claim, or otherwise.** In the event of an appeal of any money judgment against those liable the Client agrees that the he will pay the Attorneys a fee of 40 percent (40%) of any amount they may obtain. If there is no recovery then the Client is **not** obligated to pay any fees to Attorneys.

The attorneys will advance all costs, however, in the event of a recovery, the Client shall pay all court costs, subpoena costs, witness fees, photos, deposition costs, investigation, travel and lodging charges, and any other expenses incurred in the investigation or litigation of Clients claim at the time of settlement or judgment. These costs and expenses will be deducted from the amount remaining after attorneys' fees are computed and paid. The remainder will be remitted to Client. In the event there is no recovery Client is **not** obligated to pay these costs, which will be advanced by the Attorneys.

-1-



No dismissal or settlement shall be made without the consent of Client. No substitution of attorneys shall be made without Attorneys' consent, except for their misconduct or incapacity.

Attorneys are given a lien for their fees and advances on any settlement or judgment made or secured in this action, and are authorized to deduct their fees and advances from this amount and to pay the balance to client.

Client authorizes Attorneys to retain other attorneys at his discretion to assist them in the prosecution of the case. Client understands that in no event shall he be obligated to pay any fee in addition to the fee stated above. In the event the Attorneys determine that the retention of another attorney to assist them in representing Client is necessary, the fee for the other attorneys retention shall be paid by **Joel A. Brodsky**, and Client personally shall not be obligated to pay any fee to such other attorney so retained.

Client acknowledges receipt of a copy of this agreement.

Dated: 9/3/2015

#B-35018

_____
James Gibson

By: _____
Attorney Joel A. Brodsky

# EXHIBIT C

**JOEL A. BRODSKY**
*Attorney At Law*
8 South Michigan Ave.
32nd Floor
Chicago IL 60603
(312) 541-7000
FAX: (312) 541-7311
jbrodsky@joelbrodskylaw.com

## Supplemental and Renewed Retainer Agreement

The undersigned **James Gibson**, referred to as "Client," has employed Attorney **Joel A. Brodsky** as his attorney by an agreement entered on September 3, 2015, and has employed Attorney **Ramon A. Moore** as his attorney as co-counsel with Attorney Joel A. Brodsky, by an agreement entered on March 2, 2017, both of whom shall hereinafter be referred to as "**Attorneys**," to represent Client **in any and all necessary post-conviction proceedings, including appeals, to gain his freedom and vacate and set aside the wrongful conviction in Cook County case No. 90 CR 3212, in any re-trial of the case of** People v. James Gibson, **90 CR 3212 in the Circuit Court of Cook County, and in enforcing a cause of action against any person or entity liable arising out of the torture, wrongful conviction, and wrongful imprisonment, and wrongful prosecution of James Gibson** as outlined in the Torture Inquiry And Relief Commission Case Disposition in TIRC Claim of James Gibson, Claim No. 2013.139-G, and the Appellate Court Opinions of People v. James Gibson, 2018 IL App (1st) 162177 and People v. James Gibson, 2019 IL App (1st) 182040-U, which occurred beginning on or about December 27, 1989 and continuing thereafter, and which is currently still ongoing.

The Attorneys and the Client re-affirm and renew the Retainer Agreement of September 3, 2015 and the Co-Counsel Agreement of March 2, 2017, and affirm that these agreements are and remain in full force and effect, and that this Supplemental and Renewed Retainer Agreement does not supercede or supplant these agreements in any way. The Attorneys and the Client hereby state that it is their intention that this Supplemental and Renewed Retainer Agreement is a continuation of these aforesaid agreements and in no way terminates or alters the rights and obligations of the parties to those agreements.

Attorneys have accepted their employment, and will continue their employment, and have agreed to, and do and agree to, take such steps as are in their judgment reasonably advisable to defend the Client and enforce the Client's rights. Attorneys are authorized to appear in any case or proceeding for the Client, and file suit on Client's behalf, at the attorney's direction.

Client acknowledges that he has been advised by Attorneys that any contingency fee is negotiable and is not set by law.

**Client agrees to pay Attorneys a fee of 33.333 percent (1/3) of any recovery, whether the recovery is by way of settlement, lawsuit, claim, or otherwise as follows: Joel A. Brodsky is to receive 22.222% (Twenty-Two and 222/100 percent) and Ramon A. Moore is to receive 11.111% (Eleven and 111/100 percent) of any recovery, whether the recovery is by way of settlement, lawsuit, claim, or otherwise.** In the event of an appeal of any money judgment against those liable the Client agrees that the he will pay the Attorneys a fee of 40 percent (40%) of any amount they may obtain as follows: **Joel A. Brodsky is to receive 26.667% (Twenty-Six and 667/100 percent) and Ramon A. Moore is to receive 13.333% (Thirteen and 333/100 percent) of any recovery from an appeal of any money judgment.** If there is no recovery then the Client is **not** obligated to pay any fees to Attorneys.

The attorneys will advance all costs, however, in the event of a recovery, the Client shall pay all court costs, subpoena costs, witness fees, photos, deposition costs, investigation, travel and lodging charges, and any other expenses incurred in the investigation or litigation of Clients claim at the time of settlement or judgment. These costs and expenses will be deducted from the amount remaining after attorneys' fees are computed and paid. The remainder will be remitted to Client. In the event there is no recovery Client is **not** obligated to pay these costs, which will be advanced by the Attorneys.

No dismissal or settlement shall be made without the consent of Client. No substitution of attorneys shall be made without Attorneys' consent, except for their misconduct or incapacity.

Attorneys are given a lien for their fees and advances on any settlement or judgment made or secured in this action, and are authorized to deduct their fees and advances from this amount and to pay the balance to client.

Client authorizes Attorneys to retain other attorneys at his discretion to assist them in the prosecution of the case. Client understands that in no event shall he be obligated to pay any fee in addition to the fee stated above. In the event the Attorneys determine that the retention of another attorney to assist them in representing Client is necessary, the fee for the other attorneys retention shall be paid by **Joel A. Brodsky and Ramon A. Moore**, and Client personally shall not be obligated to pay any fee to such other attorney so retained.

Client acknowledges receipt of a copy of this agreement.

Dated: 4-17-2019

By: _____
Attorney Joel A. Brodsky

By: _____
Attorney Ramon A. Moore

_____
James Gibson