IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES GIBSON,** | )<br>) |
| Plaintiff, | )<br>) |
| | ) Case No: 19 CV 4152 |
| v. | )<br>) |
| **CITY OF CHICAGO, and former CHICAGO POLICE OFFICERS ANTHONY MASLANKA, WILLIAM MOSER, JOHN E. BYRNE, LOUIS CAESAR, JOHN PALADINO, HENRY J. LEJA, JEROME RUSNAK, VICTOR BRESKA, ESTATE OF JOHN MCCANN, ESTATE OF JOHN M. MCCARTHY, ESTATE OF THOMAS PTAK, ESTATE OF PHILLIP COLLINS, ESTATE OF JOHN OMARA, and ESTATE OF JON BURGE,** | ) Judge Jeffrey I. Cummings<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER**

    Before the Court is plaintiff's (amended) motion for reconsideration of the Court's November 26, 2024 Order, which granted defendant City of Chicago's renewed motion to bifurcate plaintiff's *Monell* claim. (Dckt. #530). For the reasons set forth below, plaintiff's motion and his request for oral argument are denied.

    It is well settled that a "motion to reconsider is not a proper vehicle for 'rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.'" *JTH Tax LLC v. Rocci*, No. 19 C 8123, 2021 WL 4844099, at *1 (N.D.Ill. Oct. 17, 2021), *quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *Goldman v. Gagnard*, No. 11-CV-8843, 2012 WL 2397053, at *3 (N.D.Ill. June 21, 2012) ("Motions for reconsideration do not provide a party with the opportunity to take a second bite at the apple . . . .") (cleaned up). Instead, "motions for reconsideration serve the limited function of correcting 'manifest errors of law or fact' or to present newly discovered evidence." *Stanek v. St. Charles Comm. Unit Sch. Dist. # 303*, No. 13 C 3106, 2020 WL 1689824, at *1 (N.D.Ill. Apr. 7, 2020), *objections overruled sub nom. Stanek v. St. Charles Cmty. Unit Sch. Dist. #303*, No. 13-CV-3106, 2020 WL 9348202 (N.D.Ill. May 26, 2020), *quoting Caisse Nationale*, 90 F.3d at 1269. "A manifest error of law or fact under this standard occurs when a district court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Patrick v. City of Chicago*, 103 F.Supp.3d 907, 912 (N.D.Ill. 2015), *quoting Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). To be sure, a

"party asserting such an error bears a heavy burden," and motions to reconsider, though permitted, are "disfavored." *Patrick*, 103 F.Supp.3d at 911-12.

In his motion, plaintiff seeks reconsideration based on the following assertions:

(1) plaintiff was not asked to state his position on the issues or to otherwise clarify his position for the Court during the November 25, 2024 hearing on defendants' motion for bifurcation, (Dckt #537 at 5);

(2) the Court misapprehended plaintiff's *Monell* claim against the City by failing to appreciate that this claim is based on former Chicago Police Superintendent Leroy Martin's decision to withhold *Brady* material (namely, the Goldson Report and the Fogel memo from the Office of Professional Standards) from him prior to his criminal trial, (*id.* at 10-12);

(3) plaintiff's *Monell* claim is a standalone claim that the Court erroneously found was dependent on the success of his claims against the individual officers, (*id.* at 1, 15);

(4) plaintiff should be allowed to try his *Monell* claim against the City before he litigates his claims against the individual officers because a trial against the City will be shorter and can take place on the scheduled April 28, 2025 trial date whereas that trial date may be "upend[ed]" by interlocutory appeals that could result from the Court's prospective ruling on the individual defendants' summary judgment motion, (*id.* at 10-12);[1] and

(5) without reconsideration, plaintiff's *Monell* claim against the City "is realistically dismissed, violating Rule 42(b) and [his] Seventh Amendment rights," (*id.* at 6).

Plaintiff's arguments are either inaccurate, waived, and/or otherwise unpersuasive. To begin, at the November 25, 2024 hearing, this Court explicitly invited plaintiff's counsel to raise any matter that they thought should be discussed:

> The Court: Okay, So, I don't know if there is anything else we need to take up right at this moment, but I will offer you the opportunity, first, to the plaintiff's counsel.

(Dckt. #534 at 26). Although plaintiff's counsel took the opportunity to discuss the prospective trial date and the status of settlement negotiations, none of the matters raised in plaintiff's motion for reconsideration were mentioned. (*Id.* at 26-27). All of the above assertions raised in plaintiff's motion could have and would have been discussed and resolved during the hearing had plaintiff's counsel raised them when they had the opportunity to do so. By waiting until his motion for reconsideration to raise them, plaintiff has waived these arguments. *See, e.g., Muskegan Hotels, LLC v. Patel*, 986 F.3d 692, 697 (7th Cir. 2021); *Smith v. Lutheran Life Ministries*, No. 21 C 2066, 2023 WL 3602679, at *2 (N.D.Ill. May 23, 2023).

---

[1] Plaintiff appears to no longer argue that only one trial with his claims against all defendants should take place.

Second, even if plaintiff is correct that his *Monell* claim is a standalone claim that is not dependent upon a liability finding against the individual defendant officers—a proposition that defendants vehemently dispute, (Dckt. #547 at 9-14)—plaintiff's assertion that a trial against the City would proceed without a hitch on April 28 is wrong. Defense counsel for the City is unavailable for trial on that date. The Court is not going to force the City to find alternative counsel to try this complex case under the circumstances here. Consequently, the April 28 trial date would be "upended" if the Court adopted plaintiff's proposal.

Moreover, allowing plaintiff to try his claim against the City first would unnecessarily tax the limited resources of the Court. The City's motion for summary judgment on the *Monell* claim—which this Court denied without prejudice to its reassertion should plaintiff proceed with his *Monell* claim after his claims against the individual defendants are resolved, (Dckt. #534 at 19-20)—would have to be refiled and it is likely that the City would redraft its motion to address plaintiff's theory regarding the withholding of the Goldson Report and the Fogle memo. After that motion is refiled, it would have to be fully briefed with a response by plaintiff and a reply by the City. This would result in a delay (likely of weeks) that would unduly compress the time for the Court to make a decision prior to trial. On top of that, other *Daubert* motions and motions *in limine* pertaining to the *Monell* claim would have to be decided as well. By contrast, although there is a summary judgment and at least one *Daubert* motion pertaining to plaintiff's claims against the individual defendants that must be decided before trial, these motions are fully briefed and ready for disposition.

Finally, plaintiff's assertion that the Court's decision to allow him to try his claims against the defendant officers first would "realistically dismiss[]" his *Monell* claim and violate Rule 42(b) and the Seventh Amendment is also wrong. The Court made it clear that it was neither dismissing nor prejudging plaintiff's *Monell* claim when it bifurcated the trial, and that its decision was fully in accord with the Seventh Amendment. (Dckt. #534 at 16, 18-19). Even plaintiff, at another point in his supporting memorandum, recognizes that the Court intended to preserve his right to bring his *Monell* claim after the trial against the individual defendants, and he admits that questions in a single suit can be tried by different juries where they are distinct and separate from the others – as he alleges here – such that a trial of them alone may be had without injustice. (Dckt. #537 at 4-5). Thus, there will be no violation of Rule 42(b) and the Seventh Amendment if plaintiff's claims against the individual defendants are tried first.

In sum, for all of these reasons, plaintiff's motion for reconsideration (Dckt. #539), is denied. The trial against the individual defendants will proceed on April 28, 2025.

**Date: January 31, 2024**

Jeffrey I. Cummings
United States District Judge