IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES GIBSON,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, et al.,<br><br>  Defendants. | No.: 1:19-cv-04152<br><br>Hon. Jeffrey I. Cummings<br><br>Hon. Magistrate David Weisman |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 9 TO BAR
<u>REFERENCES TO A WITNESS'S DREAMS OR PREMONITIONS</u>**

Plaintiff, James Gibson ("Mr. Gibson"), by and through undersigned counsel, hereby respectfully requests an Order *in limine*[1] barring any reference to witness Sarmarra Renee Burks's ("Ms. Burks") dreams or premonitions in connection with Mr. Gibson or the book titled "Get Up Time to Ride."

During discovery in this case, Mr. Gibson produced copies of a writing work titled "Get Up Time to Ride" which names Mr. Gibson as its author and was written in collaboration with publishers and editors of Kandi Kane Entertainment during his incarceration. *See* Exhibit 1, Excerpts of the Deposition of James Gibson ("Gibson Tr."), 693:1-694:1. While Mr. Gibson is the purported author, Mr. Gibson testified during his deposition that he never printed the work or had the ability to do so; but instead, he only wrote "a bunch of notes" and spoke on the phone with these publishers and editors. *Id.* at 694:1-5. Though the work includes a preface written by Ms. Burks, Mr. Gibson did not ask her to write it. *See* Exhibit 2, Excerpts of the Deposition of Sarmarra Renee Burks ("Burks Tr."), 147:23-148:5. Ms. Burks testified that she understood the writing is

---

[1] Plaintiff has conferred with Defendants about this motion, and they oppose it.

not a biography of Mr. Gibson and that it was not "a hundred percent" about Mr. Gibson's life personally. *Id.* at 149:7-14.

In the preface, Ms. Burks discusses a dream she had in which she had a conversation with God after Mr. Gibson was found guilty of double murder and sentenced to life in jail. *Id.* at 155-5-9. During her deposition, Ms. Burks explained this was just a dream she had *before* the murders of Lloyd Benjamin and Hunter Wash. *Id.* at 154:22-156:20. Though Ms. Burks's dreams lack any evidentiary value, Defendants' counsel engaged in inquiries and a line of questioning about this dream, even referring to it as some "sort of premonition." *Id.* at 156:5-7.

As such, in light of Defendants' line of questioning, any references to dreams, premonitions, conversations with deities, or other religious or philosophical expressions should be barred, as violative of Federal Rules of Evidence 602 and 701. Rule 602 requires a witness to have personal knowledge of the matter they are testifying about. Testimony based on dreams or premonitions would not meet the requirement of personal knowledge, as these are not based on actual observation or perception. Similarly, Rule 701 limits lay witness testimony to that which is rationally based on the witness's perception and helpful in resolving issues. Dreams or premonitions are not based on the witness's direct perception of events and therefore are unhelpful in determining a fact in issue. Testimony about dreams and premonitions should also be excluded under Rule 403 because they are irrelevant and create substantial risk of undue prejudice and juror confusion. Defendants will have ample opportunity to question the witnesses about the non-fiction events at issue in this trial. They need not question witnesses about fictional accounts, purported dreams or purported premonitions.

WHEREFORE, Plaintiff James Gibson respectfully asks this Court to enter an Order granting his motion *in limine* to bar any reference to witness Ms. Burks's dreams or premonitions in connection with Mr. Gibson or the writing titled "Get Up Time to Ride."

Date: March 5, 2025

Respectfully Submitted,

/s/ *Andrew M. Stroth*
Andrew M. Stroth
Action Injury Law Group, LLC
1 South Dearborn, Suite 1400
Chicago, Illinois 60603 (844) 878-4529
astroth@actioninjurylawgroup.com

Alexander T. Brown
William G. Beck
Michael J. Abrams
Alana M. McMullin
Jackson R. Hobbs
Lathrop GPM LLP
2345 Grand Blvd., Suite 2200
Kansas City, MO, 64108
(816) 292-2000
alexander.brown@lathropgpm.com
william.beck@lathropgpm.com
michael.abrams@lathropgpm.com
alana.mcmullin@lathropgpm.com
jackson.hobbs@lathropgpm.com

Chaka M. Patterson
Alston & Bird LLP
55 Second St, Suite 2100
San Francisco, CA 94105
Ph.: (415) 246-1025
Fax: (415) 243-1001
chaka.patterson@alston.com

Anne J. Martin
Alston & Bird LLP
950 F Street NW
Washington, D.C. 2004
(202) 239-3300
anne.martin@alston.com

        Steven A. Hart
        Hart McLaughlin & Eldridge
        One South Dearborn, Suite 1400
        Chicago, Illinois 60603
        (312) 971-9227
        shart@hmelegal.com
        ***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

    I, Andrew M. Stroth, an attorney, hereby certify that on March 5, 2025, I caused the foregoing to be filed with the Court's CM/ECF system, which simultaneously sent an electronic copy of the same to all counsel of record.

        /s/ *Andrew M. Stroth*
        Andrew M. Stroth