IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| James Gibson, | ) | Case No. 19-cv-04152 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Cummings |
| v. | ) | |
| | ) | Magistrate Judge Weisman |
| City of Chicago, et al., | ) | |
| Defendants. | ) | |

| | |
|---|---|
| Joel Brodsky, | ) |
| | ) |
| Intervenor-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| James Gibson, | ) |
| Defendant. | ) |

| | |
|---|---|
| Ramon Moore, | ) |
| | ) |
| Intervenor-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| James Gibson, | ) |
| Defendant. | ) |

**JAMES GIBSON'S MOTION FOR AND MEMORANDUM IN SUPPORT OF PARTIAL JUDGMENT ON THE PLEADINGS AGAINST JOEL BRODSKY'S AND RAMON MOORE'S INTERVENOR COMPLAINTS PURSUANT TO RULE 12(C) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

1

## MOTION

Now comes Defendant James Gibson, by and through his undersigned attorneys, and moves this Court for Judgement on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). In support thereof, Mr. Gibson submits the following memorandum.

## MEMORANDUM

### INTRODUCTION

Joel Brodsky and Ramon Moore ask this Court to enforce fee arrangements that are not only legally void, but that offend the most basic principles of professional responsibility and public policy. Brodsky and Moore's fee agreements, and their duplicative demands for compensation already awarded by the Court of Claims, demonstrate precisely the type of misconduct that bars recovery under both contract law and *quantum meruit*. What stands before the Court is not a legitimate dispute over compensation, but rather an effort by counsel to profit from illegal fee agreements and duplicative compensation demands. The undisputed facts show that Brodsky's and Moore's claims fail as a matter of law, and judgment on the pleadings is warranted to end their improper fee demands once and for all.

Specifically, through this Motion, Mr. Gibson seeks a ruling as a matter of law that Brodsky and Moore (1) may not recover any amounts under any theory of law for work predating Mr. Gibson's April 26, 2019 exoneration and (2) are limited to recovery of fees—at most—incurred in connection with the instant civil rights dispute, *James Gibson v. City of Chicago et al.,* No. 2019 CV 04152 (N.D. Ill.).

**STANDARD OF REVIEW**

Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *See* Fed.R.Civ.P. 12(c). Courts review Rule 12(c) motions under the same standard as a motion to dismiss under Rule 12(b). *See Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir.1996). Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir.1993). Thus, to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved. Rule 12(c) permits a judgment based on the pleadings alone. *See Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir.1993). The pleadings include the complaint, the answer, and any written instruments attached as exhibits. Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes."). *See Warzon v. Drew*, 60 F.3d 1234, 1237 (7th Cir.1995)(noting that exhibits attached to the complaint are incorporated into the pleading for purposes of Rule 12(c) motions).

**ARGUMENT**

I. **ILLINOIS RULE OF PROFESSIONAL CONDUCT 1.5(d)(2) BARS BRODSKY'S AND MOORE'S FEE CLAIMS FOR ANY WORK PERFORMED PRIOR TO DISMISSAL OF THE UNDERLYING DOUBLE MURDER CHARGES.[1]**

Brodsky and Moore cannot recover fees for work performed prior to the dismissal of the underlying double murder charges because their retainer agreements with Mr. Gibson were void *ab initio*. Each agreement tied criminal representation to an unlawful contingency fee, violating Illinois Rule of Professional Conduct 1.5(d)(2) and public policy.

---

[1] Illinois Rule of Professional Conduct 1.5(d)(2) was the Rule in effect at the time Mr. Gibson signed each Fee Agreement. The Rule has since been amended and is now 1.5(e)(2) (March 1, 2023).

3

1. **Brodsky and Moore entered into fee agreements with Mr. Gibson that violate Illinois public policy and are therefore void *ab initio*.**

### A. September 3, 2015 Fee Agreement

Brodsky entered into a fee agreement with Mr. Gibson dated September 3, 2015. That agreement contains two relevant provisions. First, it contains a provision that Brodsky would represent Mr. Gibson in "any and all" post-conviction proceedings as follows: "The undersigned James Gibson, referred to as Client, employs Attorney Joel A. Brodsky, referred to as Attorneys, to represent client in any and all necessary post-conviction proceedings to gain his freedom and vacate and set aside the wrongful conviction in Cook County case No. 90 CR 3212…" ECF 420, Ex.A. Second, it contains a contingency fee provision as follows: "Client agrees to pay Attorneys a fee of 33.333 percent (1/3) of any recovery, whether the recovery is by way of settlement, lawsuit, claim, or otherwise." *Id.*

### B. March 2, 2017 Fee Agreement

Brodsky and Moore entered into a fee agreement with Mr. Gibson dated March 2, 2017. That Retainer Agreement has two relevant provisions. First, a provision to represent Mr. Gibson in "any and all" proceedings as follows: "represent[] client James Gibson, referred to as Client, in any and all necessary post-conviction proceedings to gain his freedom and vacate and set aside the wrongful conviction in Cook County case No. 90 CR 3212…" ECF 420, Ex.B. Second, a contingency fee as follows: "Client agrees to pay Attorneys a fee of 33.333 percent (1/3) of any recovery, whether the recovery is by way of settlement, lawsuit, claim, or otherwise." *Id.*

### C. April 17, 2019 Fee Agreement

Nearly two years later, Brodsky and Moore entered into a Supplemental and Renewed Retainer Agreement with Mr. Gibson dated April 17, 2019. That Agreement has three relevant

4

provisions. First, an agreement to represent Mr. Gibson in criminal proceedings as follows: "The undersigned James Gibson, referred to as Client, has employed Attorney Joel A. Brodsky as his attorney by an agreement entered on September 3, 2015, and has employed attorney Ramon A. Moore as his attorney as co-counsel with Attorney Joel A. Brodsky, by an agreement entered on March 2, 2017, both of whom shall hereinafter be referred to as Attorneys, to represent Client in any and all necessary post-conviction proceedings, including appeals, to gain his freedom and vacate and set aside the wrongful conviction in Cook County case No. 90 CR 3212, *in any re-trial of the case of People v. James Gibson, 90 CR 3212 in the Circuit Court of Cook County*…" ECF 420, Ex. C (emphasis added). Second, a provision that incorporates the scope of representation by reference into the prior agreements as follows: "The Attorneys and the Client re-affirm and renew the Retainer Agreement of September 3, 2015 and the Co-Counsel Agreement of March 2,2017, and affirm that these agreements are and remain in full force and effect, and that this Supplemental and Renewed Retainer Agreement does not supersede or supplant these agreements in any way. The Attorneys and the Client hereby state that it is their intention that this Supplemental and Renewed Retainer Agreement is a continuation of these aforesaid agreements and in no way terminates or alters the rights and obligations of the parties to those agreements." *Id.* Third, a contingency fee as follows: "Client agrees to pay Attorneys a fee of 33.333 percent (1/3) of any recovery, whether the recovery is by way of settlement, lawsuit, claim, or otherwise as follows: Joel A. Brodsky is to receive 22.222% (Twenty-Two and 222/1000 percent) and Ramon A. Moore is to receive 11.111 % (Eleven and 111/1000 percent) of any recovery, whether the recovery is by way of settlement, lawsuit, claim, or otherwise." *Id.*

**D. All three (3) fee agreements violate Illinois Rule of Professional Conduct 1.5(d)(2)**

Brodsky and Moore entered into fee agreements that plainly and unequivocally demonstrate their intent to represent Mr. Gibson in criminal proceedings on a contingency fee basis, in direct violation of Illinois Rule of Professional Conduct 1.5(d)(2), which prohibits such fee arrangements in criminal matters. Specifically, the April 17, 2019 letter explicitly identifies the criminal retrial and incorporates it by reference into the March 2, 2017 and the September 3, 2015 Retainer Agreements, and all three agreements contain a contingency fee provision. These agreements leave no doubt that Brodsky and Moore intended to, and did, enter into an arrangement for criminal representation of Mr. Gibson on a contingency fee basis, in clear violation of Rule 1.5(d)(2).

Rule 1.5(d)(2) states that "[a] lawyer shall not enter into an arrangement for, charge, or collect: a contingent fee for representing a defendant in a criminal case." Ill. R. Prof'l Conduct R. 1.5(d)(2)(2010). The Illinois Supreme Court has made clear that contracts whose subject matter is prohibited by law are void *ab initio*. In *Levenfeld v. O'Brien*, 2024 IL 129599, 129599 (Ill. Sep 19, 2024), the Illinois Supreme Court explained that there are two kinds of violations of the Illinois Rules of Professional Conduct: "When determining whether an attorney is entitled to recover for its services in *quantum meruit*, Illinois courts recognize a distinction between an attorney-client agreement that is unenforceable because it contains an illegal term or fails to include a legally required term, on the one hand, and one that is void as against public policy because the subject of the agreement is prohibited by law, on the other. In the case of the latter, where the contract itself is considered illegal, the courts will aid neither party but will leave them where they have placed themselves so that neither party can recover anything under the contract, nor in *quantum meruit*." *Id.* at ¶65 (*citing Licciardi v. Collins*, 180 Ill.App.3d 1051, 1061-63

(1989) (attorney-client agreement violated public policy because contingency fee was prohibited in domestic relations cases and thus attorney could not recover in law or equity from client where attorney-client relationship was based on the agreement)).

As in *Licciardi,* here, Brodsky's and Moore's attorney-client agreement with Mr. Gibson violated the law and public policy because contingency fee agreements are prohibited in criminal cases and thus, they cannot recover in law or equity from Mr. Gibson where the attorney-client relationship is based on the agreement. Accordingly, this Court should enter judgment on the pleadings in favor of Mr. Gibson on any fee claim arising from legal work performed under these three agreements.

**E. The agreements also violate Rule 1.8(i)**

These agreements also attempted to secure a proprietary interest in any future recovery Mr. Gibson might obtain for his wrongful conviction. Illinois law forbids attorneys from acquiring such interests. Rule 1.8(i) provides that "[a] lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client" except for (1) liens to secure fees or (2) contingency fees in the civil case. A contingency fee based on a potential, future cause of action — such as a wrongful imprisonment suit that may arise only after exoneration — falls outside the exceptions. It amounts to an impermissible proprietary interest in a speculative claim that does not yet exist. In fact, the United States Supreme Court prohibits civil rights actions of the type Brodsky and Moore took an impermissible propriety interest in until the conviction is reversed or invalidated. *See Heck v. Humphrey*, 512 U.S. 477 (1994) (An individual bringing a claim under 42 U.S.C. 1983 must base the pursuit of damages for an unconstitutional conviction on the reversal or invalidation of the conviction.). Mr. Gibson's conviction was not invalidated until the prosecution dismissed the

7

double homicide charges with prejudice on April 26, 2019. As such, Brodsky and Moore clearly and unabashedly violated Rule 1.8(i)(2) and that violation precludes recovery of any fees prior to April 26, 2019.

## II. ILLINOIS LAW ALSO BARS BRODSKY'S FEE CLAIM TIED TO THE TORTURE INQUIRY AND RELIEF COMMISSION PROCEEDINGS.

Brodsky cannot recover fees for the Torture Inquiry and Relief Commission proceedings because Mr. Gibson did not retain Brodsky until September 3, 2015. Any suggestion of earlier representation was either gratuitous or in violation of Illinois law and thus cannot support a fee claim.

### 1. Brodsky did not Represent Gibson until September 3, 2015

In his Intervenor complaint, Brodsky asserts that he represented Mr. Gibson before the Torture Inquiry and Relief Commission. See ECF 420, ¶¶8-10. Not so. The TIRC entered a disposition order on July 22, 2015, finding that Gibson had been tortured into making a statement that was the primary evidence used at trial to convict him, and referring the matter to the Circuit Court of Cook County for further proceedings to determine if Gibson should be granted or denied any relief. ECF 420 at ¶10. Not until two months after the Commission found in favor of Mr. Gibson's torture claim, did Brodsky seek to represent Mr. Gibson. In a cover letter dated September 3, 2015, from Brodsky to Mr. Gibson, which enclosed the Retainer Agreement of the same date, Brodsky writes that "[w]e are at the point now where your claim for damages against the Chicago Police Department, Cook County, and others is a real possibility. Therefore, it is time to formalize our agreement regarding my representation in the proceedings to vacate your conviction and the subsequent lawsuit for damages." Ex.A.[2] This cover letter

---

[2] While Brodsky attached the Retainer Agreement to his complaint, he failed to include the cover letter. However, this Court may still consider the cover letter. Motions under 12(c) and 12(b) are governed by the same standard. *See Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir.1996)(Courts review Rule 12(c) motions under the same standard as a

combined with the Retainer Agreement both dated September 3, 2015 conclusively demonstrate that Brodsky did not represent Mr. Gibson in connection with the Torture Inquiry and Relief Commission proceedings. Accordingly, this Court should enter judgment on the pleadings in favor of Mr. Gibson as to Brodsky's *quantum meruit* claim for fees tied to allegedly representing Mr. Gibson in the Torture Inquiry and Relief Commission Proceedings.

2.	**Any Earlier Informal Representation was pro bono and/or violated Illinois Law**

To the extent Brodsky now claims he represented Mr. Gibson informally prior to September 3, 2015, that assertion falters on two independent grounds. First, during the pendency of the Torture Inquiry and Relief Commission proceedings, Mr. Gibson was incarcerated in a maximum-security prison and serving a life sentence. Under those circumstances, Brodsky could have had no reasonable expectation of payment, which defeats his *quantum meruit* claim. *See*, e.g., *Paradise v. Augustana Hosp. & Health Care Ctr.*, 584 N.E.2d 326, 329 (Ill. App. Ct. 1st Dist. 1991) (*quantum meruit* recovery unavailable where there was no expectation of payment); *In re Estate of Walsh*, 972 N.E.2d 248, 264 (Ill. App. Ct. 2d Dist. 2012) (*quantum meruit* fails if services were provided gratuitously).

Second, any suggestion of a contingency agreement runs afoul of the Illinois Rules of Professional Conduct. Rule 1.5(c)(2010) requires such agreements to be in writing and signed by the client. *See In re Spak*, 188 Ill. 2d 53,67 (1999) (failure to reduce a contingent fee agreement

---

motion to dismiss under Rule 12(b)). The incorporation-by-reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment. The doctrine prevents a plaintiff from "evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim has no merit." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir.2002).

to writing constitutes misconduct). Brodsky, in his September 3, 2015 cover letter, enclosing the September 15, 2015 Retainer Agreement, admits no such writing exists.

For these reasons, this Court should enter judgment on the pleadings in Mr. Gibson's favor on Brodsky's fee claims related to the Torture Inquiry and Relief Commission proceedings.

### III. ILLINOIS LAW BARS BRODSKY AND MOORE FROM DOUBLE RECOVERY FOR THE CERTIFICATE OF INNOCENCE PROCEEDINGS.

Brodsky and Moore each claim to have represented Mr. Gibson in the proceedings to gain a Certificate of Innocence on his behalf and to get Mr. Gibson the maximum award of $236,095. See Brodsky Intervenor-Compl. ECF 420 at 22; See Moore Intervenor-Compl. 208 at 34 and 35. This Court should enter judgment on the pleadings in favor of Mr. Gibson on this claim for fees for three independent reasons.

#### 1. The Fee Agreement is Void *Ab Initio.*

As discussed above, the Certificate of Innocence proceedings were handled pursuant to the April 17, 2019 fee agreement, which is void *ab initio*.

#### 2. Brodsky and Moore Received Compensation from the Court of Claims.

For their work on Mr. Gibson's Certificate of Innocence, the Court of Claims awarded Brodsky and Moore the maximum amount of attorneys' fees of $59,023.75 and explicitly divided the fee award evenly with $29,511.88 each going to Brodsky and Moore. See Ex.B.[3] Despite having been paid by the Court of Claims, Brodsky and Moore nevertheless ask this Court to pay them even more money in their respective *quantum meruit* claims. *Quantum meruit* means "as

---

[3] On a motion for judgment on the pleadings, federal courts may take judicial notice of "proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue," *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983), or are matters of public record. *See, e.g., Milwaukee Police Assoc. v. Flynn*, 863 F. 3d 636, 640 (7th Cir. 2017) (in a Rule 12(c) analysis, the court may take judicial notice of matters of public record); *Pickett v. Sheridan Health Ctr.,* 664 F.3d 632, 648 (7th Cir. 2011).

10

much as he deserves." *See Dobbs v. Depuy Ortho, Inc.*, 842 F.3d 1045 (7th Cir. 2016). In this instance, the Court of Claims awarded Brodsky and Moore the maximum fee such that they did not just get all that they deserve but rather they got all there was to get. *Hegel v. Brunswick Corp.*, 2011 U.S. Dist. LEXIS 30514, at *27 (E.D. Wis. Mar. 22, 2011)("there can be no recovery in *quantum meruit* when a claimant has in fact already been compensated."). Accordingly, this Court should enter judgment on the pleadings in favor of Mr. Gibson on Brodsky's and Moore's claims for fees in connection with the Certificate of Innocence work.

### 3. Brodsky was suspended during the pendency of this work.

The Illinois Supreme Court suspended Brodsky from the practice of law effective June 19, 2019. Ex.C.[4] Brodsky alleges he prepared and filed the Petition for Certificate of Innocence on May 29, 2019. See ECF 420, at ¶22. Yet, three weeks later, the Illinois Supreme Court suspended Brodsky from practicing law in Illinois. Accordingly, because Brodsky was not licensed to represent Mr. Gibson, he cannot recover fees for later work. See 705 ILCS 205/1 ("No person shall receive any compensation directly or indirectly for any legal services other than a regularly licensed attorney…"). This is not the first time Brodsky has tried to be paid despite both law and fact foreclosing his entitlement. In *Brodsky v. Gamon Plus, Inc.*, 2025 IL App (1st) 240839-U, ¶ 34 (Feb. 5, 2025), the Illinois Appellate Court rejected his *quantum meruit* claim with the caustic observation that "there is an impressive dissonance between the frivolity of plaintiff's factual assertions and legal argument and his unflinching confidence in his own righteousness." Ex.D.[5]

---

[4] *Id.*
[5] *Id.*

11

The same is true here. Brodsky's intervenor complaint rests on the same baseless premise, and this Court should likewise reject it. Judgment on the pleadings should be entered in Mr. Gibson's favor on Brodsky's claim for fees related to the Certificate of Innocence work.

## SUMMARY OF RELIEF SOUGHT

**Brodsky**: Enter Judgement on the Pleadings with respect to all time incurred prior to dismissal of the double homicide charges pending against Mr. Gibson on April 26, 2019. If this Court grants that relief, then the remaining claim for Brodsky is the time he incurred in the *Gibson v. City of Chicago, et. al*. 19cv04152 case from April 27, 2019 to June 19, 2019 when the Illinois Supreme Court suspended him from the practice of law in Illinois.

**Moore**: Enter Judgement on the Pleadings with respect to all time incurred prior to dismissal of the double homicide charges pending against Mr. Gibson on April 26, 2019. If this Court grants that relief, then the remaining claim for Moore is the time he incurred in the *Gibson v. City of Chicago, et. al.* 19cv04152 case from April 27, 2019 to August 20, 2020 when Mr. Gibson terminated him.

## CONCLUSION

For nearly three decades, James Gibson stood wrongfully convicted, imprisoned for a crime he did not commit. When freedom and justice finally drew near, he deserved unflinching loyalty, uncompromised integrity, and counsel who placed his interests above their own. Instead, Joel Brodsky and Ramon Moore executed fee arrangements that violated the most basic rules of professional conduct and pursued claims to fees already awarded or work never performed. The law is clear: contracts that offend public policy or exploit the powerless, are void *ab initio*.

Courts will not aid such parties, whether by enforcing the written agreements or by invoking equitable doctrines like *quantum meruit*. To do so here would not only contravene Illinois law but also compound the injustice Mr. Gibson has already endured. This Court should not permit Brodsky and Moore to profit from agreements prohibited by law or from duplicative and unfounded claims. Judgment on the pleadings should enter in Mr. Gibson's favor, barring each and every fee claim sought by Brodsky and Moore prior to dismissal of the underlying double murder charge on April 26, 2019, as well as those tied to the Torture Inquiry and Relief Commission and the Certificate of Innocence proceedings.

Date: August 27, 2025

Respectfully submitted,

/s/ *Andrew M. Stroth*

Andrew M. Stroth
Action Injury Law Group, LLC
1 South Dearborn Street, Suite 1400
Chicago, IL 60603
(844) 878-4529
astroth@actioninjurylawgroup.com

Alexander T. Brown
William G. Beck
Michael J. Abrams
Jackson R. Hobbs
Lathrop GPM LLP
2345 Grand Blvd.
Suite 2200
Kansas City, MO, 64108
(816) 292-2000
alexander.brown@lathropgpm.com
william.beck@lathropgpm.com
michael.abrams@lathropgpm.com
jackson.hobbs@lathropgpm.com

Chaka M. Patterson
Alston & Bird LLP
560 Mission Street, Suite 2100
San Francisco, CA 94105
Ph.: (415) 246-1025
Fax: (415) 243-1001
chaka.patterson@alston.com

> Anne J. Martin
> Alston & Bird LLP
> 950 F Street NW
> Washington, D.C. 2004
> (202) 239-3300
> anne.martin@alston.com
>
> Steven A. Hart
> Hart McLaughlin & Eldridge
> 1 South Dearborn Street
> Chicago, IL 60603
> (312) 955 9545
> shart@hmelegal.com
> ***Attorneys for Defendant James Gibson***

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2025, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

/s/ <u>Andrew M. Stroth</u>