**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES GIBSON, | ) | |
| Plaintiff, | ) | Case No. 19-cv-04152 |
| v. | ) | Hon. Jeffrey I. Cummings |
| CITY OF CHICAGO, et al., | ) | Chief Magistrate Judge |
| Defendants. | ) | M. David Weisman |
| | ) | |
| JOEL BRODSKY, | ) | |
| Intervenor-Plaintiff, | ) | |
| v. | ) | |
| JAMES GIBSON, | ) | |
| Defendant. | ) | |
| | ) | |
| RAMON MOORE, | ) | |
| Intervenor-Plaintiff, | ) | |
| v. | ) | |
| JAMES GIBSON, | ) | |
| Defendant. | ) | |

**DEFENDANT JAMES GIBSON'S OPPOSED MOTION FOR A STATUS HEARING**

Defendant James Gibson, through counsel, respectfully moves for a prompt status hearing before this Court to maintain and clarify the referral to Chief Magistrate Judge Weisman and establish a schedule for resolving the remaining fee matters and appropriately distributing the registry funds by December 31, 2026. Maintaining that referral is essential to the proposed timetable because Judge Weisman's substantial familiarity with this matter from its inception places him in the best position to address the outstanding matters promptly, subject to this Court's review. In support, Mr. Gibson states as follows:

## I. Procedural Status

On November 6, 2026, Mr. Gibson and Intervenor-Plaintiff Joel Brodsky filed separate status reports in advance of the November 17, 2026 status hearing at 9:00 a.m. before Judge Weisman. ECF 779, 780. Since the last joint status report, this Court has ruled on the objections

to Judge Weisman's October 17, 2025 Report and Recommendation and the related motion for judgment on the pleadings. ECF 774.

Mr. Gibson's request to continue the referral and Brodsky's competing request to withdraw it are fully briefed and await this Court's disposition. ECF 775–778. The remaining matters requiring resolution are:

a. Mr. Gibson's motion under Federal Rule of Civil Procedure 12(b)(1) to dismiss Intervenor-Plaintiff Ramon Moore's complaint for lack of subject matter jurisdiction. ECF 775.

b. Brodsky's attorney's lien claim and the related quantum meruit issues, which the parties agree can be resolved on the existing written record without an evidentiary hearing. ECF 779 at 2–4; ECF 780 at 3–4.

c. Brodsky's Opposed Motion for Partial Distribution. ECF 751.

d. Brodsky's Motion to Disqualify Gibson's Attorneys and Appoint Amicus Counsel. ECF 747.

More than twenty months have elapsed since the case settled, yet settlement funds remain in the Court's registry, and Mr. Gibson has not been made whole. A definite schedule is needed to resolve the remaining proceedings and permit appropriate distribution before the end of 2026.

## II. Maintaining the Referral Is Essential to the Proposed Schedule

Brodsky maintains that Judge Weisman cannot proceed on the matters identified in Mr. Gibson's status report until this Court acts on the pending motions, and he requests that the November 17 status hearing be continued. ECF 780 at 2, 4. A prompt status hearing before this Court, preferably before November 16 if the Court's calendar permits, would allow the Court to resolve the referral issue and put the proposed schedule into effect.

Judge Weisman has substantial familiarity with this matter from its inception, including the litigation, judicial mediation by Judge Weisman, and settlement that produced the funds now at issue and the fee proceedings that followed. His extensive involvement provides valuable context for assessing the work performed, the claimed time and rates, and the remaining disputes. Maintaining the referral would put that accumulated knowledge to immediate use and avoid unnecessary duplication of judicial effort. The parties' agreement that Brodsky's lien can be decided on the existing record makes Judge Weisman particularly well positioned to complete that review promptly.

The referral should expressly encompass all four matters identified above. Judge Weisman can address the motions in a coordinated manner, enter appropriate orders within his authority, and submit reports and recommendations on dispositive matters, including the Rule 12(b)(1) motion and the disposition of Brodsky's lien. This Court would retain the review and final decision required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72. Mr. Gibson therefore requests that the Court maintain the referral and clarify its scope to the extent necessary.

Brodsky relies on the Court's March 11 and April 16, 2026 orders concerning settlement discussions and consideration of the fee claims. ECF 780 at 3–4. An express order identifying Judge Weisman's responsibilities, authorizing any renewed settlement conference, and preserving this Court's review would resolve the procedural uncertainty reflected in the competing reports. The requested status hearing would provide an opportunity to enter that order and establish a coordinated path to final resolution.

## III. Proposed Schedule for Resolution Before Year End

### A. Settlement conference during the week of November 16

Mr. Gibson requests that this Court authorize a full-day settlement conference before Judge Weisman during the week of November 16, 2026, subject to his availability. The existing November 17 setting or another available day that week could be used. Mr. Gibson requests that Brodsky, Moore, and counsel participate, with settlement authority as the Court directs, to attempt to resolve all remaining fee issues and distribution of the funds. Preparation for a decision should proceed concurrently so that settlement efforts do not delay adjudication.

### B. Focused submissions and a decision on the existing record

Focused submissions identifying the claimed fees and disputed time entries would inform the conference and leave Brodsky's lien ready for prompt consideration if settlement is unsuccessful. Judge Weisman could use the review procedure familiar from fee petitions under 42 U.S.C. § 1988: annotate or redline Brodsky's timesheets to identify hours allowed, reduced, or disallowed; explain the determinations; and recommend the value of the lien to this Court. The analogy concerns the method of review. Entitlement to and valuation of the lien remain governed by applicable law and the Court's prior rulings.

Mr. Gibson proposes the following schedule, subject to the Courts' availability and prompt entry of an order authorizing the November 16 submission:

**November 16:** Brodsky identifies the operative time records already filed, the amount sought, and the supporting calculation, with a short explanation of the claimed hours and rates.

**November 18:** Mr. Gibson submits specific challenges to the claimed entries, rates, and calculations.

**November 20:** Brodsky responds to Mr. Gibson's submission.

**November 23:** If settlement is unsuccessful, oral argument on the existing record, if useful to Judge Weisman; otherwise, submission on the papers.

**December 1:** Requested issuance of a Report and Recommendation on Brodsky's lien, if practicable.

All submissions would address the existing record and the Court's prior rulings. No additional discovery or evidentiary hearing is necessary to resolve Brodsky's lien. The focused submissions would identify the disputed entries and calculations for efficient review.

The status hearing should also establish an expedited briefing schedule on the motion to dismiss Moore and a schedule for Judge Weisman's consideration of the partial-distribution and disqualification motions. Moore has not yet responded, and no briefing schedule has been entered; his counsel requested until November 30, 2026 to respond. ECF 779 at 1 n.1, 2. The Court can address that request at the status hearing and set deadlines that allow the motion to be resolved, together with the other pending matters, in time for final consideration before year end. The December 1 target above concerns Brodsky's lien; the remaining matters should be scheduled to support the same December 31 objective.

**C. Expedited District Court review**

To preserve sufficient time for final district-court consideration, Mr. Gibson proposes that all parties entitled to object stipulate, subject to this Court's approval, to serve and file any objections within seven days after service of a Report and Recommendation and any responses within seven days after service of the objections. Assuming electronic service of the lien Report and Recommendation on December 1, that agreed schedule would require objections by December 8 and responses to objections served on December 8 by December 15. It would leave meaningful time for final consideration before year end.

The proposed seven-day periods depend on the affected parties' agreement and this Court's approval. The status hearing should address whether the parties will stipulate and any scheduling adjustments needed to preserve the required review while pursuing final resolution and appropriate distribution by December 31, 2026.

Counsel for Mr. Gibson conferred with counsel for Brodsky and Moore. Brodsky's counsel opposes the motion. Counsel for Moore did not respond.

WHEREFORE, Defendant James Gibson respectfully requests that the Court set a prompt status hearing, preferably before November 16, 2026 if practicable, and, at that hearing:

1. Resolve the pending referral requests by maintaining the referral to Chief Magistrate Judge Weisman and denying Brodsky's request to withdraw it;
2. Expressly include within the referral the motion to dismiss Moore under Rule 12(b)(1), Brodsky's attorney's lien claim and related quantum meruit issues, the motion for partial distribution, and the motion to disqualify Gibson's counsel and appoint amicus counsel, for appropriate orders or reports and recommendations;
3. Authorize a settlement conference before Judge Weisman and establish the proposed schedule, or another expedited schedule consistent with the Courts' availability, with the objective of final resolution and appropriate distribution of the registry funds by December 31, 2026; and
4. Grant such other relief as the Court deems appropriate.

Dated: November 9, 2026

Respectfully submitted,
JAMES GIBSON

By: /s/ Andrew M. Stroth

Andrew M. Stroth
Action Injury Law Group, LLC
1 South Dearborn Street, Suite 1400
Chicago, IL 60603
(844) 878-4529
astroth@actioninjurylawgroup.com

Chaka M. Patterson
The Chaka Patterson Law Firm, LLC
220 N. Green Street, Suite 225
Chicago, IL 60607
(773) 575-4704
chaka@chakapattersonlaw.com

Alexander T. Brown
William G. Beck
Michael J. Abrams
Jackson R. Hobbs
Alana McMullin
Lathrop GPM LLP
2323 Grand Blvd., Suite 800
Kansas City, MO 64108
(816) 292-2000
alexander.brown@lathropgpm.com
william.beck@lathropgpm.com
michael.abrams@lathropgpm.com
jackson.hobbs@lathropgpm.com
alana.mcmullin@lathropgpm.com

Steven A. Hart
Hart McLaughlin & Eldridge
1 South Dearborn Street
Chicago, IL 60603
(312) 955-9545
shart@hmelegal.com

Attorneys for Defendant James Gibson

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2026, I caused the foregoing Defendant James Gibson's Motion for a Status Hearing to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

/s/ Andrew M. Stroth